STUART RABNER
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 114
Trenton, New Jersey  08625
Attorney for Defendant
State of New Jersey

By:  Albert D. Barnes
     Deputy Attorney General
     (609) 984-6455

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PHILLIP ALLEN DYE, REBECCA JANE DYE, PHILLIPPO ALI DEY, JOSEPH FRANCES PEET, GALEN RENEE BEACH and VICKIE LYNN BEACH, Private Natural Men and women, PEMBINA NATION LITTLE SHELL BAND OF NORTH AMERICA LINEAL DESCENDANT MEMBERS and MEMBERS OF MOORISH AMERICAN NATION, <br><br>                                Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, STATE OF DELAWARE, STATE OF NEW JERSEY, STATE OF KANSAS and STATE OF NORTH CAROLINA, <br><br>                                Defendants. | HONORABLE PAUL L. FRIEDMAN <br><br> Civil Case No. 06-01372 (PLF) <br><br><br><br> MOTION TO DISMISS COMPLAINT AS TO THE STATE OF NEW JERSEY PURSUANT TO F. R. Civ. P. 12(b)(3) and 12(b)(6) |

TO:   ALL PARTIES AND COUNSEL INDICATED ON THE ANNEXED CERTIFICATION
      OF SERVICE

PLEASE TAKE NOTICE that the State of New Jersey, by and through Stuart Rabner, Attorney General of New Jersey, Albert D.

Barnes, Deputy Attorney General Appearing, now moves to dismiss the Complaint as to the State of New Jersey pursuant to F. R. Civ. P. 12(b)(3) and 12(b)(6).

    PLEASE TAKE FURTHER NOTICE that in support of the Motion, the State of New Jersey shall rely upon the Brief filed and served herewith together with a proposed form of Order.

                  STUART RABNER
                  ATTORNEY GENERAL OF NEW JERSEY
                  Attorney for the State of New Jersey

            By: /s/ Albert D. Barnes
                  Albert D. Barnes
                  Deputy Attorney General

Dated: October 6, 2006

CERTIFICATION OF SERVICE

The undersigned certifies that on October 6, 2006, he caused to be filed and served through electronic filing with the Clerk of the United States District Court for the District of Columbia, the Motion to Dismiss Complaint as to the State of New Jersey Pursuant to <u>F.R. Civ. P.</u> 12(b)(3) and 12(b)(6), Brief in Support of Motion and Proposed form of Order (the "Moving Papers").

The undersigned further certifies that on October 6, 2006, he served true and complete copies of the Moving Papers upon the <u>pro se</u> Plaintiffs by both certified mail, return receipt requested and by regular first class mail addressed as follows:

| | |
|---|---|
| Phillip Allen Dye<br>403 Union Church Road<br>Townsend, Delaware 19734 | Rebecca Jane Dye<br>403 Union Church Road<br>Townsend, Delaware 19734 |
| Phillippo Ali Dey<br>403 Union Church Road<br>Townsend, Delaware 19734 | Joseph Frances Peet<br>c/o Phillip Allen Dye<br>403 Union Church Road<br>Townsend, Delaware 19734 |
| Joseph Frances Peet<br>58 2nd Avenue<br>South Toms River, New Jersey 08757 | Joseph Frances Peet<br>11 Walton Street<br>Toms River, New Jersey 08753 |
| Galen Renee Beach<br>c/o Phillip Allen Dye<br>403 Union Church Road<br>Townsend, Delaware 19734 | Galen Renee Beach<br>3228 Northwood Court<br>Newton, Kansas 67114 |
| Vickie Lynn Beach<br>c/o Phillip Allen Dye<br>403 Union Church Road<br>Townsend, Delaware 19734 | Vickie Lynn Beach<br>3228 Northwood Court<br>Newton, Kansas 67114 |

| | |
|---|---|
| Pembina Nation Little Shell Band of North America Lineal Descendant Members<br>c/o Phillip Allen Dye<br>403 Union Church Road<br>Townsend, Delaware 19734 | Members of Moorish American Nation<br>c/o Phillip Allen Dye<br>403 Union Church Road<br>Townsend, Delaware 19734 |

The undersigned further certifies that on October 6, 2006, he served true and complete copies of the these papers upon counsel to the co-defendants by regular first class mail addressed as follows:

| | |
|---|---|
| Jeffrey A. Taylor<br>United States Attorney for the District of Columbia<br>555 4th Street N.W.<br>Washington, D.C. 20530 | Carl C. Danberg<br>Attorney General for the State of Delaware<br>Carvel State Office Building<br>820 N. French Street<br>Wilmington, Delaware 19801 |
| Stephen O. Phillips<br>Assistant Attorney General<br>Office of Kansas Attorney General<br>120 Southwest 10th Avenue<br>2nd Floor<br>Topeka, Kansas 66612 | Roy Cooper<br>Attorney General for the State of North Carolina<br>North Carolina Attorney General's Office<br>9001 Mail Service Center<br>Raleigh, North Carolina 27699-9001 |

                                        STUART RABNER
                                      ATTORNEY GENERAL OF NEW JERSEY
                                      Attorney for the State of New Jersey

                                  By: <u>/s/ Albert D. Barnes</u>
                                        Albert D. Barnes
                                        Deputy Attorney General

Dated: October 6, 2006

STUART RABNER
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 114
Trenton, New Jersey  08625
Attorney for Defendant
State of New Jersey

By:   Albert D. Barnes
      Deputy Attorney General
      (609) 984-6455

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILLIP ALLEN DYE, REBECCA JANE DYE, PHILLIPPO ALI DEY, JOSEPH FRANCES PEET, GALEN RENEE BEACH and VICKIE LYNN BEACH, Private Natural Men and women, PEMBINA NATION LITTLE SHELL BAND OF NORTH AMERICA LINEAL DESCENDANT MEMBERS and MEMBERS OF MOORISH AMERICAN NATION, | HONORABLE PAUL L. FRIEDMAN<br><br>Civil Case No. 06-01372 (PLF) |
| Plaintiffs, | |
| v. | |
| UNITED STATES OF AMERICA, STATE OF DELAWARE, STATE OF NEW JERSEY, STATE OF KANSAS and STATE OF NORTH CAROLINA, | |
| Defendants. | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT
AS TO THE STATE OF NEW JERSEY
PURSUANT TO F. R. Civ. P. 12(b)(3) and 12(b)(6)**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . i

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS AND PROCEDURE . . . . . . . . . . . . . . . . . . . 1

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    POINT I

        ALL CLAIMS AGAINST THE STATE OF NEW JERSEY
        SHOULD BE DISMISSED FOR IMPROPER VENUE
        PURSUANT TO F. R. Civ. P. 12(b)(3) . . . . . . . . . . 4

    POINT II

        ALL CLAIMS AGAINST THE STATE OF NEW JERSEY ARE
        BARRED UNDER THE ELEVENTH AMENDMENT TO THE
        UNITED STATES CONSTITUTION AND SHOULD BE
        DISMISSED . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**TABLE OF AUTHORITIES**

**CASES**

Brereton Communications Satellite Corp.,
    116 F.R.D. 162 (D.D.C. 1987) . . . . . . . . . . . . . . . . 4

Edelman v. Jordan, 415 U.S. 651 (1974) . . . . . . . . . . . . . 6

* Ex parte Young, 209 U.S. 123 (1908) . . . . . . . . . . . . .  7

In re Sacred Heart Hospital of Norristown v.
    Commonwealth of Pennsylvania, 133 F.3d 237 (3d Cir. 1998)  6

Lucas v. Barreto, 2005 LEXIS 4248 (D.D.C. 2005) . . . . . . . . 4

Quern v. Jordan, 440 U.S. 332 (1979) . . . . . . . . . . . . . . 6

* Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996)  . . 5

* Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989)  6,7

**CONSTITUTIONS**

U.S. Const. amend. V . . . . . . . . . . . . . . . . . . . . . 1

* U.S. Const. amend. XI . . . . . . . . . . . . . . 1, 4, 5, 6

U.S. Const. amend. XIV . . . . . . . . . . . . . . . . . . . . 1

**STATUTES**

18 U.S.C. § 152(3) . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 1341 . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 1342 . . . . . . . . . . . . . . . . . . . . . . . 2

* 28 U.S.C. § 1391 . . . . . . . . . . . . . . . . . . . . . . 5

* 28 U.S.C. § 1406(a) . . . . . . . . . . . . . . . . 1, 3, 5, 7

42 U.S.C. § 408(a)(7)(B) . . . . . . . . . . . . . . . . . . . 2

* 42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . 1, 6

**RULES**

* F. R. Civ P. 12(b)(3) . . . . . . . . . . . . . . . 1, 3, 4, 5, 7

\* F. R. Civ P. 12(b)(6) . . . . . . . . . . . . . . . . . . 1, 4, 7

F. R. Civ. P. 20(a) . . . . . . . . . . . . . . . . . . . . . 4

F. R. Civ. P. 21 . . . . . . . . . . . . . . . . . . . . . . 4

**PRELIMINARY STATEMENT**

In the "Sixth Declaration" of the Complaint, pro se Plaintiff Joseph Frances Peet ("Peet") seeks to recover damages from and declaratory and injunctive relief against the Defendant, State of New Jersey, arising from the enforcement of its motor vehicle laws. Peet asserts a right to such relief under the Fifth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and a host of other authorities.

The State of New Jersey now moves to dismiss the Complaint (1) for improper venue pursuant to F. R. Civ P. 12(b)(3) and 28 U.S.C. § 1406(a) and (2) for failure to state a claim upon which relief may be granted pursuant to F. R. Civ. P. 12(b)(6) since the Plaintiff's claims are absolutely barred by the immunity afforded the State of New Jersey under the Eleventh Amendment of the United States Constitution.

**STATEMENT OF FACTS AND PROCEDURE**

Plaintiff Peet is among eight pro se Plaintiffs who have brought an eleven-count Complaint against the United States of America and the States of New Jersey, Delaware, Kansas and North Carolina. The eleven "Declarations" of the Complaint may be summarized as follows:

First Declaration:   By Plaintiffs Phillip Allen Dye and Rebecca Jane Dye (collectively "the Dyes") against the United States of America alleging improper collection of federal taxes.

- 1 -

<u>Second Declaration</u>: By Plaintiffs the Dyes against the State of Delaware alleging improper enforcement of its tax laws.

<u>Third Declaration</u>: By Plaintiffs the Dyes against the United States of America and the State of Delaware alleging improper seizure of property under state foreclosure and federal bankruptcy laws.

<u>Fourth Declaration</u>: By Plaintiff Phillip Allen Dye against the State of Delaware challenging enforcement of its motor vehicle statutes.

<u>Fifth Declaration</u>: By Plaintiffs Phillippo Ali Dey ("Dey"), Galen Renee Beach and Vickie Lynn Beach (collectively "the Beaches") and Peet against the United States of America arising from denials by United States District Courts in New Jersey and Kansas of Plaintiff Dey's request to provide legal counsel by "special appearance" to the Beaches and Peet.

<u>Sixth Declaration</u>: By Plaintiff Peet against the State of New Jersey alleging improper enforcement of its motor vehicle laws.

<u>Seventh Allegation</u>: By Plaintiffs the Beaches against the United States of America and the State of Kansas alleging improper seizure of property under state foreclosure and federal bankruptcy laws.

<u>Eighth Declaration</u>: By Plaintiffs the Beaches against the United States of America arising from the Beaches' indictments in the United States District Court for the District of Kansas under 18 <u>U.S.C.</u> §§ 1341, 1342 and 152(3) and 42 <u>U.S.C.</u> § 408(a)(7)(B).

<u>Ninth Declaration</u>: By Plaintiffs the Beaches against the United States of America alleging improper collection of federal taxes.

<u>Tenth Declaration</u>: By Plaintiffs the Beaches against the State of Kansas alleging improper enforcement of its tax laws.

<u>Eleventh Declaration</u>: By "Injured Third Party" Daniel Alden Dye against the State of North Carolina arising

>                          from his arrest and payment of fine for
>                          contempt of court.

The only allegations against the State of New Jersey are those made by Plaintiff Peet in the Sixth Declaration of the Complaint in which Peet challenges the enforcement of New Jersey motor vehicle laws. [Complaint at ¶¶ 70 through 72]. The Complaint attaches several Notices from the Municipal Court in Dover Township, New Jersey (1) advising of the suspension of Peet's New Jersey Driver License for Peet's failure to have his motor vehicle inspected; (2) the issuance of a Warrant for Peet's arrest for failure to answer a Summons issued for Peet's failure to have his motor vehicle inspected; and (3) the issuance of a Warrant for Peet's arrest for failure to answer a Summons issued for Peet's driving after his New Jersey Driver License was suspended. [Complaint at ¶ 71 and Exhibit G]. Peet's allegations reference actions taken by eight individuals, including various police officers, municipal court officials, two municipal judges and one federal district court judge, all resident in New Jersey. [Complaint at ¶ 72].

Plaintiff Peet seeks an award of damages from the State of New Jersey of between $750,000 and $3,000,000, together with injunctive relief. [Complaint at ¶¶ 98, 101f and 102].

The State of New Jersey now brings this motion to dismiss Peet's Complaint. It urges the Court to find that the Complaint is properly dismissed pursuant to F. R. Civ P. 12(b)(3) and 28 U.S.C. § 1406(a) because venue is improper. It also argues that Peet's allegations against the State of New Jersey are barred under the

Eleventh Amendment of the United States Constitution, U.S. Const. amend. XI, and should be dismissed under to F. R. Civ. P. 12(b)(6).

### LEGAL ARGUMENT

#### POINT I

ALL CLAIMS AGAINST THE STATE OF NEW JERSEY SHOULD BE DISMISSED FOR IMPROPER VENUE PURSUANT TO F. R. Civ. P. 12(b)(3).

Plaintiff Peet's allegations against the State of New Jersey as set forth in the Sixth Declaration of the Complaint are those of an individual who resides in New Jersey, regarding the enforcement of New Jersey laws. They involve the issuance of Notices from a New Jersey Municipal Court arising from the suspension of Peet's New Jersey Driver License, Peet's failure to comply with New Jersey's motor vehicle inspection requirements and Peet's driving after his New Jersey Driver License was suspended. They purportedly relate to the actions of eight other persons, all residing in New Jersey.

Peet's allegations in the Sixth Declaration of the Complaint are entirely distinct from the various and sundry allegations set forth in and by other parties Plaintiff in the other "Declarations" of the Complaint. As such, the joinder of Peet with the other parties Plaintiff runs afoul of F. R. Civ. P. 20(a) and his claims against the State of New Jersey are subject to severance in accordance with F. R. Civ. P. 21. Lucas v. Barreto, 2005 LEXIS 4248, 4-6 (D.D.C. 2005)(citing Brereton Communications Satellite Corp., 116 F.R.D. 162 (D.D.C. 1987).

Viewed in this context, Peet's action against the State of New Jersey is improperly venued in the District of Columbia District Court. 28 U.S.C. § 1391. The action against the State of New Jersey has not been brought in a judicial district in which the Defendant resides or "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated". 28 U.S.C. § 1391. In short, Peet's action has not been brought in the only venue that makes any sense -- the District of New Jersey.

Where venue is laid in the wrong district, the District Court for the district in which the case has been filed "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a)(emphasis added). Under the facts and circumstances of this case, the interest of justice would not be served by a transfer of the case. Accordingly, this action is properly dismissed against the State of New Jersey, with prejudice, pursuant to F. R. Civ. P. 12(b)(3).

## POINT II

ALL CLAIMS AGAINST THE STATE OF NEW JERSEY ARE BARRED UNDER THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SHOULD BE DISMISSED.

It is well-established that states enjoy broad immunity under the Eleventh Amendment from suits brought in federal court. Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996). The constitutional bar of the Eleventh Amendment may only be removed

where the State consents to the suit or where Congress abrogates the immunity. In re Sacred Heart Hospital of Norristown v. Commonwealth of Pennsylvania, 133 F.3d 237, 242 (3d Cir. 1998). Although sovereign immunity may be waived, the Supreme Court has consistently held that such a waiver must be unequivocally expressed. Edelman v. Jordan, 415 U.S. 651, 673 (1974). Similarly, there must be an unequivocal expression of Congressional intent in order to set aside this constitutionally guaranteed immunity of the states. Quern v. Jordan, 440 U.S. 332, 343 (1979).

Here, there has been no waiver of immunity by the State of New Jersey. There are no allegations in the Complaint that the State of New Jersey has consented to federal court jurisdiction. And certainly, there has been no consent by way of constitution, statute or otherwise.

It is equally clear that Congress has not abrogated the Eleventh Amendment immunity of the State Of New Jersey with respect to the claims brought in this matter. While the Plaintiffs have included a laundry list of statutes in the Complaint, Peet's allegations against the State of New Jersey appear essentially to be those of a Section 1983 action. 42 U.S.C. § 1983. As held in Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989):

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity.

Will, 491 U.S. at 66.

Just as the damages claims against the State of New Jersey are barred, so too the Plaintiffs' Complaint cannot support a claim for declaratory or injunctive relief against the State of New Jersey. Ex parte Young, 209 U.S. 123 (1908). Since the Complaint fails to state a claim against the State of New Jersey upon which relief may be granted, the Complaint against the State of New Jersey should be dismissed pursuant to F. R. Civ. P. 12(b)(6).

## CONCLUSION

The Complaint against the State of New Jersey is improperly venued in the District of Columbia District Court and should be dismissed pursuant to F. R. Civ P. 12(b)(3) and 28 U.S.C. § 1406(a). The Complaint fails to state a claim upon which relief can be granted since its claims for damages and declaratory and injunctive relief are absolutely barred under the Eleventh Amendment to the United States Constitution. Accordingly, the Complaint against the State of New Jersey is appropriately dismissed pursuant to F. R. Civ. P. 12(b)(6).

                                      Respectfully submitted,

                                      STUART RABNER
                                      ATTORNEY GENERAL OF NEW JERSEY
                                      Attorney for the State of New Jersey

                              By: /s/ Albert D. Barnes
                                      Albert D. Barnes
                                      Deputy Attorney General

Dated: October 6, 2006