Steve Phillips, Kansas Bar No. 14130
Assistant Attorney General–Kansas
Office of the Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
(785) 296-2215

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PHILLIP ALLEN DYE**, *et al.*, )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>)<br>**UNITED STATES OF AMERICA**, *et al.*, )<br>)<br>**Defendants.** )<br>_____ ) | Case No. 06CV1372--PLF |

### DEFENDANT STATE OF KANSAS' MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b) (1) and (3) Defendant The State of Kansas, by and through counsel, Steve Phillips, Assistant Attorney General for the State of Kansas, moves to dismiss this action for lack of subject matter jurisdiction due to Eleventh Amendment immunity and improper venue.

A Memorandum of Points and Authorities in support of this Motion is submitted herewith.

1

Respectfully submitted,

s/ Steve Phillips
Steve Phillips, Kansas Bar # 14130
Assistant Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612-1597
785-296-2215
fax 785-296-6296
phillips@ksag.org
Attorney for Defendant The State of Kansas

Steve Phillips, Kansas Bar No. 14130
Assistant Attorney General–Kansas
Office of the Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
(785) 296-2215

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PHILLIP ALLEN DYE**, *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 06CV1372--PLF |
| ) | |
| ) | |
| **UNITED STATES OF AMERICA**, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STATE OF KANSAS' MOTION TO DISMISS

Defendant The State of Kansas submits this Memorandum of Points and Authorities supporting its Motion to Dismiss for lack of subject matter jurisdiction due to Eleventh Amendment immunity and improper venue.

### STATEMENT OF FACTS

Pursuant to 42 U.S.C. § 1983, Plaintiffs seek damages and injunctive relief against the United States and a number of states, including the State of Kansas, essentially for those jurisdictions application of their laws to Plaintiffs.

1

Plaintiffs make two claims against the State of Kansas. In the "Seventh Allegation," they complain of the State's "enforcement of State of Kansas Administrative Property Foreclosure Statutes."[1] In support of this allegation, they attach as an exhibit a Notice of Sheriff's Sale in Harvey County, Kansas, case no. 03CV131.[2]

In Plaintiff's "Tenth Declaration" they complain of Kansas' "enforcement of the State of Kansas Administrative Tax Revenue Code."[3] In support of this, they attach as an exhibit a letter sent by the Kansas Department of Revenue entitled "Notice of Intent to Collect on Tax Warrant."[4]

## ARGUMENTS AND AUTHORITIES

**1.     Eleventh Amendment Immunity Bars Suit against the State of Kansas.**

It is well-established that states enjoy broad immunity under the Eleventh Amendment from suits brought in federal court.[5] The constitutional bar of the Eleventh Amendment may only be removed where the State consents to the suit or where Congress abrogates the immunity.[6] Although sovereign immunity may be waived, the Supreme Court has consistently held that such

---

[1] Complaint p. 23.

[2] Complaint Exhibit H.

[3] Complaint p. 26.

[4] Complaint Exhibit K.

[5] *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996).

[6] *In re Sacred Heart Hospital of Norristown v. Commonwealth of Pennsylvania*, 133 F.3d 237, 242 (3d Cir. 1998).

a waiver must be unequivocally expressed.[7]  Similarly, there must be an unequivocal expression of Congressional intent in order to set aside this constitutionally guaranteed immunity of the states.[8]

Here, there has been no waiver of immunity by the State of Kansas. There are no allegations in the Complaint that the State of Kansas has consented to federal court jurisdiction. There has been no consent by way of Kansas constitution, statute or otherwise.

It is equally clear that Congress has not abrogated the Eleventh Amendment immunity of the State of Kansas with respect to the claims brought in this matter. While the Plaintiffs have included a laundry list of statutes in the Complaint, their allegations against the State of Kansas are those of a Section 1983 action.  Concerning the Eleventh Amendment and 42 U.S.C. § 1983, the United States Supreme Court has held:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity . . ..[9]

Just as the damages claims against the State of Kansas are barred, declaratory or injunctive relief against the State of Kansas is also barred by the Eleventh Amendment.[10]

---

[7] *Edelman v. Jordan,* 415 U.S. 651, 673 (1974).

[8] *Quern v. Jordan*, 440 U.S. 332, 343 (1979).

[9] *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989):

[10] *Ex parte Young*, 209 U.S. 123 (1908).

Since the relief requested by Plaintiffs against the State of Kansas is barred by the Eleventh Amendment, the Complaint against the State of Kansas should be dismissed pursuant to F. R. Civ. P. 12(b)(1).

### 2. Plaintiff's action should be dismissed for lack of proper venue.

Plaintiff's Complaint reveals not a single act of Defendant the State of Kansas that is alleged to have been committed in the District of Columbia. Each of the acts–enforcement of, or the threat to enforce, Kansas laws occurred in Kansas.

Under Fed. R. Civ. P. 12(b)(3), this Court must dismiss or transfer a case if venue is improper or inconvenient in Zhu's chosen forum. "In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, the court draws all reasonable inference from those allegations in the plaintiff's favor, and the court resolves any factual conflicts in the plaintiff's favor."[11]

The Court, however, need not accept the plaintiff's legal conclusions as true.[12] Instead, a "commonsense appraisal" of events having "operative significance" governs the assessment of venue.[13] Furthermore, "it is well established that in a case involving multiple defendants and multiple claims, the plaintiff bears the burden of showing that venue is appropriate as to each claim as to each defendant."[14]

---

[11] *James v. Booz-Allen & Hamilton,* 227 F. Supp. 2d 16, 20 (D.D.C. 2002).

[12] *Id.*

[13] *Id.*

[14] *Hickey v. St. Martin's Press, Inc.,* 978 F. Supp. 230, 240 (D.Md. 1997).

Under 28 U.S.C. § 1391(b), the statute governing venue in federal cases, venue is only proper in a judicial district where (1) any defendant resides, if all defendants reside in the same state; or (2) the judicial district in which a substantial part of the vents or omissions giving rise to the claim occurred; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

Venue against the State of Kansas is only proper within Kansas.

## **CONCLUSION**

For the reasons stated, Plaintiff's Complaint against the State of Kansas should be dismissed due to lack of subject matter jurisdiction due to Eleventh Amendment immunity and improper venue.

        Respectfully submitted,

        <u>s/ Steve Phillips</u>
        Steve Phillips, Kansas Bar No. 14130
        Assistant Attorney General
        120 S.W. 10th Avenue, 2nd fl
        Topeka, KS 66612-1597
        785-296-2215
        fax 785-296-6296
        phillips@ksag.org
        Attorney for Defendants The State of Kansas

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 12, 2006, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which will send electronic notices to the following, Albert D. Barnes, Attorney General for the State of New Jersey, 25 Market Street, PO Box 114, Trenton, NJ 08625, and a copy of the above and foregoing was served by U.S. mail addressed to the following non-CM/ECF recipient:

Jeffrey A. Taylor
United States Attorney for the District of Columbia
Washington, DC 20530

Carl C. Danberg
Attorney General for the State of Delaware
Carvel State Office Building
820 N French Street
Wilmington, Delaware 19801

Phillippo Ali Dey
403 Union Church Road
Townsend, Delaware 19734

Galen Renee Beach
c/o Phillip Allen Dye
403 Union Church Road
Townsend, Deleware 19734

Galen Renee Beach
3228 Northwood Court
Newton, Kansas 67114

Vickie Lynn Beach
c/o Phillip Allen Dye
403 Union Church Road
Townsend, Delaware 19734

Grady L. Balentine, Jr.
North Carolina Department of
  Justice
9001 Mail Center
Raleigh, NC 27699-9001

Phillip Allen Dye
403 Union Church Road
Townsend, Delaware 19734

Joseph Frances Peet
58 2nd Avenue
South Toms River, New Jersey 08757

Joseph Frances Peet
11 Walton Street
Toms River, New Jersey 08753

Vickie Lynn Beach
3228 Northwood Court
Newton, Kansas 67114

Pembina Nation Little Shell Band of North
  America
Descendant Members
c/o Philip Allen Dye
403 Union Church Road
Townsend, Delaware 19734

Members of Moorish American Lineal Nation
c/o Phillip Allen Dye
403 Union Church Road
Townsend, Delaware 19734

 

                s/ Steve Phillips
                Steve Phillips