Grady L. Balentine, Jr.
Special Deputy Attorney General
North Carolina Department of Justice
9001 Mail Service Center
Raleigh, NC 27699-9001
(919) 716-6867
Attorney for Defendant
State of North Carolina

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILLIP ALLEN DYE, PHILLIPPO ALI   ) <br> DAY, REBECCA JANE DYE AND JOSEPH   ) <br> FRANCES PEET, GALEN RENEE BEACH,   ) <br> VICKI LYNN BEACH, PRIVATE NATURAL   ) <br> MEN AND WOMAN, PEMBINA NATION   ) <br> LITTLE SHELL BAND OF NORTH   ) <br> AMERICA LINEAL DESCENDANT   ) <br> MEMBERS AND MEMBERS OF MOORISH   ) <br> AMERICAN NATION,   ) <br>           **Plaintiffs,**   ) <br>    ) <br>   v.    ) <br>    ) <br> UNITED STATES, STATE OF DELAWARE,   ) <br> STATE OF NEW JERSEY, STATE OF   ) <br> KANSAS AND STATE OF   ) <br> NORTH CAROLINA,   ) <br>           **Defendants.**   ) | Case No. 1:06CV01372 - PLF |

### MOTION TO DISMISS ON BEHALF OF DEFENDANT
### STATE OF NORTH CAROLINA PURSUANT TO F. R. CIV. P. 12(b)(1) and (3)

NOW COMES Defendant State of North Carolina, by and through Roy Cooper, Attorney General, and Grady L. Balentine, Jr., Special Deputy Attorney General, pursuant to Rules 12(b)(1) and (3) of the Federal Rules of Civil Procedure, to move for dismissal of the claims against it for lack of subject matter jurisdiction and lack of standing as set forth in the attached memorandum of points and authorities.

Respectfully submitted this 20th day of October, 2006.

        ROY COOPER
        Attorney General

        /s/ Grady L. Balentine, Jr.
        Special Deputy Attorney General
        N.C. State Bar No. 19541
        North Carolina Department of Justice
        9001 Mail Service Center
        Raleigh, NC 27699-9001
        Telephone: (919) 716-6800
        Facsimile: (919) 716-6755
        Email: gbalentine@ncdoj.gov

        Attorney for Defendant State of
        North Carolina

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PHILLIP ALLEN DYE,** *et al.,* ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 06CV1372–PLF |
| ) | |
| **UNITED STATES,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT STATE OF NORTH CAROLINA'S MOTION TO DISMISS**

STATEMENT OF FACTS

The only allegations as to the defendant State of North Carolina are in the "Eleventh Allegation" of plaintiffs' complaint. (Comp. pp. 27-29) None of the named plaintiffs allege residence in North Carolina, nor do they allege any interactions with the State of North Carolina. Rather, the complaint alleges that the issuance of a commitment order for civil contempt by the District Court Division of the General Court of Justice for Iredell County, North Carolina, to a third person, non-party supports claims for monetary damages by some of the named plaintiffs. (Comp. p. 27 and Ex. L) The civil contempt order attached to the complaint was issued to a Daniel Dye upon his willful failure and refusal to comply with a prior child support order. Daniel Dye is not a party to the present litigation. Named plaintiffs Phillip Allen Dye and Rebecca Jane Dye are asserting rights attributed to this third person, non-party, and claiming monetary damages on his behalf, by asserting that Daniel Dye is their biological son and, therefore, their private property. (Comp. ¶¶ 88-89) Out of this "single action of the State of North Carolina" (Comp. p. 28), the plaintiffs seek monetary damages on behalf of Daniel Alden

3

Dye against the State of North Carolina in the amount of $500,000.00 for ten unspecified violations. (Comp. p. 34) While the plaintiffs state that they also seek declaratory relief, they are, in fact, asking for injunctive relief that would, among other things, reverse the contempt order issued by the North Carolina District Court and prevent the State of North Carolina from enforcing its laws. (Comp. p. 31)

## ARGUMENT

I. THE STATE OF NORTH CAROLINA ENJOYS IMMUNITY UNDER THE ELEVENTH AMENDMENT.

The Supreme Court has interpreted the Eleventh Amendment to mean that states, as sovereigns, are immune from suit in federal court absent state consent or abrogation of the states' immunity by Congress. See Seminole Tribe v. Florida, 517 U.S. 44 (1996). Congressional abrogations must be unequivocal and pursuant to a constitutional provision granting Congress the power to abrogate. Id. at 55 and 59. There has been no waiver of Eleventh Amendment immunity by the State of North Carolina.

The allegations as to the State of North Carolina arises out of the issuance of a civil contempt order in a child support case. The Supreme Court has long held that federal courts do not have jurisdiction to hear domestic relations matters. *Barber v. Barber*, 62 U.S. 582, 16 L.Ed. 226 (1859). In 1890, the Court again noted "the whole subject of the domestic relation of a husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500 (1890). *See also*, *Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979). There can be no argument that North Carolina has consented to federal court jurisdiction in child support matters or that Congress has abrogated North Carolina's Eleventh Amendment immunity in such cases. Accordingly, this Court lacks jurisdiction over the subject matter of plaintiffs' complaint, and the

complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Even if North Carolina did not enjoy Eleventh Amendment immunity, these plaintiffs lack standing to assert the rights of third persons not parties to this litigation.

II.     PLAINTIFFS LACK STANDING TO RAISE CLAIMS OF A THIRD PERSON, NON-PARTY.

The issue of standing raises two questions: (1) whether plaintiffs have alleged injury in fact, and (2) whether they are the proper proponents of the particular legal rights on which they base their suit. See Singleton v. Wulff, 428 U.S. 106 (1976). In Singleton, the Supreme Court stated that "[F]ederal courts must hesitate before resolving a controversy, even one within their constitutional power to resolve, on the basis of the rights of third persons not parties to the litigation." Id. at 113. This maxim is based on the principles that third parties themselves are usually the best proponents of their own rights, and the courts should not unnecessarily adjudicate such rights when it may be that the third persons do not wish to assert them or may be able to enjoy them regardless of the outcome of the litigation. In resolving this issue courts look to the relationship of the litigants to the person whose rights they seek to assert, and the ability of the third party to assert their own rights. Id.

Only two of the named plaintiffs, Phillip Allen Dye and Rebecca Jane Dye, assert a claim against the State of North Carolina. Yet, they do not allege injury to themselves. Rather, they are attempting to litigate the rights of an individual not a party to this litigation; namely, Daniel Dye. The relationship on which these plaintiffs base their standing is that Daniel Dye is their biological son, which, they assert, makes him their private property. They claim, without any legal authority, that this fact gives them standing to litigate Daniel Dye's rights. Should Daniel Dye even enjoy the rights asserted in this complaint, there is no evidence that he wishes to assert them, or if he did, that he could not assert them himself. The proceeding in which Daniel Dye

5

was held in civil contempt would have provided him with an adequate forum to assert his own rights. Further, even if, for the sake of argument, there has been injury to Daniel Dye, there has been no injury to plaintiffs who are attempting to assert rights on his behalf. As such, these plaintiffs lack standing to raise these claims against the State of North Carolina, and their complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Even if plaintiffs could overcome the barriers presented by lack of standing and lack of subject matter jurisdiction, the District of Columbia is not the proper venue for their claims against the State of North Carolina.

III.   THE DISTRICT OF COLUMBIA IS NOT THE PROPER VENUE FOR PLAINTIFFS' CLAIMS AGAINST THE STATE OF NORTH CAROLINA.

The claim against the State of North Carolina is brought by only two of the named plaintiffs who appear to reside in the State of Delaware, and it only involves the issuance of a civil contempt order to a third person, non-party North Carolina resident by a North Carolina district court in a North Carolina child support case. As such, it is entirely separate and distinct from all other allegations in the complaint. There are no common facts, transactions or occurrences. Joinder of the claim against North Carolina with the other claims in the complaint is not, therefore, in compliance with Rule 20 of the Federal Rules of Civil Procedure, and is subject to severance pursuant to Rule 21.

Looking at the claim against the State of North Carolina, it is clear the District Court for the District of Columbia is not the proper venue. 28 U.S.C. § 1391. This is not the district in which the defendant or any of the plaintiffs reside, nor is it the district "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated". Id. When venue is improper, the court in which the case was filed shall dismiss. Alternatively, if it be in the interest of justice, the case may be

transferred to any district in which it could have been brought. 28 U.S.C. § 1406(a). Given the lack of standing and subject matter jurisdiction, it would not be in the interest of justice to transfer this case. It should, therefore, be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons stated herein, the complaint against the State of North Carolina should be dismissed due to a lack of subject matter jurisdiction, lack standing, and improper venue.

Respectfully submitted this 20th day of October, 2006.

> ROY COOPER
> Attorney General
>
> /s/ Grady L. Balentine, Jr.
> Special Deputy Attorney General
> N.C. State Bar No. 19541
> North Carolina Department of Justice
> 9001 Mail Service Center
> Raleigh, NC 27699-9001
> Telephone: (919) 716-6800
> Facsimile: (919) 716-6755
> Email: gbalentine@ncdoj.gov
>
> Attorney for Defendant State of
> North Carolina

## CERTIFICATE OF FILING AND SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing MOTION TO DISMISS AND ATTACHED MEMORANDUM OF POINTS AND AUTHORITIES ON BEHALF OF DEFENDANT STATE OF NORTH CAROLINA with the Clerk of Court using the CM/ECF system and served copies of the foregoing on the following non CM/ECF participants, by depositing copies of same with the United States Postal Service, first-class postage prepaid, and addressed as follows:

>   Phillip Allen Dye, Rebecca Jane Dye, Phillippo Ali Dey,
>   Joseph Frances Peet, Galen Renee Beach, Vickie Lynn Beach,
>   Pembina Nation Little Shell Band of North American Lineal
>   Descendant Members, Members of Moorish American Nation
>   c/o   Phillipo Ali Dey
>         Innovative Consultants
>         403 Union Church Road
>         Townsend, Delaware 19734

| | |
|---|---|
| The Honorable Jeffrey A. Taylor | Marc Niedzielski |
| United States Attorney for the | Deputy Attorney General |
| District of Columbia | Department of Justice |
| 555 4th Street N.W. | 820 N. French St. |
| Washington, D.C. 20530 | Wilmington, DE 19801 |
| Attorney for Defendant | Attorney for Defendant |
| United States | State of Delaware |

This the 20th day of October, 2006.

_____   /s/ Grady L. Balentine, Jr.
                                          Special Deputy Attorney General