UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PHILLIP ALLEN DYE, et. al., | ) | |
| | ) | Case No. 1:06-cv-1372 |
| Plaintiffs, | ) | |
| | ) | Hon. Paul L. Friedman |
| v. | ) | |
| | ) | |
| UNITED STATES, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' MOTION TO DISMISS

Under Fed. R. Civ. P. 12(b)(1), (2), and (6), the United States respectfully requests that the Court dismiss this action. As grounds for this motion, the United States asserts that this Court lacks subject-matter jurisdiction over plaintiffs' unauthorized collection claims, constitutional claims, civil rights claims, and other statutory claims, and the Anti-Injunction Act bars the injunctive relief plaintiffs seek.

Specifically, plaintiffs have failed to state a claim for damages. Plaintiffs have not alleged sufficient facts to demonstrate that they are entitled to any relief. Moreover, they have failed to demonstrate that they filed an administrative claim for damages, which is required before the United States' sovereign immunity is waived. See 26 U.S.C. § 7433(a); McGuril v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004). In addition it appears that plaintiffs seek to enjoin the Internal Revenue Service from engaging in any further collection activity (Compl. ¶ 53). Under 26 U.S.C. § 7421(a), no suit may be maintained restraining the assessment and collection of taxes. Thus, the Court may not grant injunctive relief. Plaintiffs' remaining claims alleging various

1

1971522.2

constitutional, civil rights, and statutory claims cannot be maintained because the

United States has not waived its sovereign immunity.

A supporting memorandum of law and proposed order are filed with this

motion.[1]

DATED:  October 20, 2006

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney


/s/ Thomas J. Jaworski
THOMAS J. JAWORSKI
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 227
Washington, D.C. 20044
Telephone: (202) 307-0854

---

[1] The allegations in plaintiffs' complaint are substantially similar to more than
100 complaints filed recently in this district by other plaintiffs, and are similar to a
complaint filed by plaintiff Phillip A. Dye in the another Federal District Court. Dye, et.
al. v. Internal Revenue Service, et. al., No. 99-139 (D. Del. Apr. 3, 2000) (the court
dismissed this complaint and advised plaintiff that he was not immune from federal
taxation). In addition, co-plaintiffs in this matter, Galen Beach and Vickie Beach, filed a
complaint in this District Court, No: 1:06-cv-01062-PLF, which was assigned to this
Court; this complaint raised similar issues to those in the within complaint. On October
12, 2006, this court dismissed the Beaches complaint because the Beaches failed to file a
response to the United States' motion to dismiss.

1971522.2

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS,

which will be filed electronically and available for viewing and downloading from the

court's ECF system, was caused to be served upon plaintiff on the 20th day of October,

2006, by depositing copies thereof in the United States mail, postage prepaid, addressed

as follows:

Phillip Allen Dye
403 Union Church Road
Townsend, DE 19734

Stephen O. Phillips
Office of Kansas Attorney General
120 Southwest 10th Avenue
Topeka, KS 66612

Albert D. Barnes
Attorney General for the
 State of New Jersey
25 Market Street
P.O. Box 114
Trenton, NJ 08625

Grady L. Balentine, Jr.
North Carolina Department of
 Justice
9001 Mail Service Center
Raleigh, NC 27699

 /s/ Thomas J. Jaworski
THOMAS J. JAWORSKI

1978128.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHILLIP ALLEN DYE, et. al.,                    )
                                               )        Case No. 1:06-cv-1372
                    Plaintiffs,                )
                                               )
                                               )        Hon. Paul L. Friedman
         v.                                    )
                                               )
UNITED STATES, et. al.,                        )
                                               )
                    Defendants.                )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF UNITED STATES' MOTION TO DISMISS**

The relief plaintiffs request in their complaint is an order for unspecified damages for alleged violations of 26 U.S.C. § 7433 (Compl. ¶¶ 13, 98) and apparently an order enjoining the Internal Revenue Service from engaging in further collection activity (Compl. ¶98). The Court cannot grant the requested relief.

I.

This Court Lacks Subject-Matter Jurisdiction over the Damages Claim

Plaintiffs purport to state a claim for damages under 26 U.S.C. § 7433, and seek unspecified damages from the United States (Compl. ¶¶ 99-106C). This Court lacks subject matter jurisdiction over the plaintiffs' section 7433 claim because plaintiffs have failed to demonstrate that they filed an administrative claim for damages with the Internal Revenue Service. The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004) (citing McNutt v. General Motors Acceptance Corp., 298

1                                            1971925.1

U.S. 178, 182-83 (1936); West v. F.A.A., 830 F.2d 1044, 1046 (9th Cir. 1987)). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides for the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over plaintiffs' claims because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust his administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of Treasury has promulgated regulations governing the administrative claim for damages under section 7433. See 26 C.F.R. § 301.7433-1(e). The regulations provide that

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.*

26 C.F.R. § 301-7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including

2

any damages not yet incurred but that are reasonably foreseeable; and (4) the signature

of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this

regulation deprives a court of jurisdiction. See McGuirl v. United States, 360 F. Supp.2d

125, 128 (D.D.C. 2004); Venen v. United States, 38 F.3d 100, 103 (3d. Cir. 1994); Conforte

v. United States, 979 F.2d 1375 (9th Cir. 1992); Glass v. United States, 424 F.Supp.2d 224,

229 (D.D.C. 2006).[1]

---

[1] The United States is aware that the court in Turner v. United States, 429
F. Supp.2d 149 (D.D.C. 2006) dismissed a similar complaint for failure to state a claim.
For the reasons stated above, the United States continues to assert that the exhaustion of
administrative remedies is jurisdictional. Specifically, the decision in Turner relied
upon Arbaugh v. Y&H Corp., 126 S. Ct. 1235 (2006), in which the Supreme Court
addressed exhaustion of administrative remedies in the context of two private litigants
in a Title VII suit. Neither of the private litigants had any attributes of sovereign
immunity. Thus, neither litigant in Arbaugh could claim the benefit of the sovereign's
long-recognized general principal that "the United States, as sovereign, 'is immune
from suit save as it consents to be sued *** and that the terms of its consent to be sued in
any court define that court's jurisdiction to entertain the suit.'" Lehman v. Nakshian, 453
U.S. 156, 160 (1981) (emphasis added). Thus, when the United States has consented to
suit, as it had in 26 U.S.C. § 7433, the terms of that consent define the court's
jurisdiction.

One of the terms of the consent under section 7433 is that the taxpayer must have
exhausted his administrative remedies. And as a term of consent to the waiver of
sovereign immunity, the requirement of administrative exhaustion is by definition a
part of the "court's jurisdiction to entertain the suit." Simply put, Arbaugh did not deal
with the special situation of sovereign immunity because neither party to the lawsuit
was a sovereign. Arbaugh did not overrule Nakshian, because the two cases deal with
entirely different statutory schemes of relief. Therefore, this Court should follow Glass,
McGuirl, and the several appellate decisions from other circuits that have properly
concluded that section 7433's exhaustion requirement is an element of the United States'
waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction. In
sum, the Turner decision, while it reached the correct result, failed to preserve the
difference between administrative schemes involving private parties, and those that
involve suits against the United States. Accordingly, the United States asks for
dismissal on jurisdictional grounds.

1971925.1

Here, plaintiffs have not alleged that they filed a written claim with the area director which complies with the requirements of the regulations. Because plaintiffs have not met their burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over their section 7433 claim, and the Court should dismiss the complaint.

II.

### The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Constitutional Civil Rights, and Statutory Claims

Plaintiffs allege the defendants violated their Fifth and Fourteenth Amendment rights under the U.S. Constitution (Compl. ¶ 13). Plaintiffs also allege the defendants "are in violation of..." 42 U.S.C. §§ 1983 and 1985. (*Id.*) These allegations are insufficient to establish subject matter jurisdiction.

To the extent that plaintiffs allege violations of their constitutional rights, the United States enjoys sovereign immunity. United States v. Sherwood, 312 U.S. 584, 586 (1941) ("[t]he United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of the consent to be sued in any court define that court's jurisdiction to entertain the suit."). In the absence of a waiver of this sovereign immunity, plaintiffs' constitutional claims must be dismissed. Here, the United States has not consented to suit for alleged violations of constitutional rights. See Jaffe v. United States, 592 F.2d 712, 717-18 (3d Cir. 1979). Accordingly, the United States

4

requests that the Court dismiss plaintiffs' constitutional claims.[2]

Further, a section 1983 civil rights violation will not lie against the United States because "the United States neither acts under color of state law, nor can it be considered a 'person' for purposes of section 1983." Gonzales v. Department of the Army, 718 F.2d 926, 931 n.6 (9th Cir. 1983); Stonecipher v. Bray, 653 F.2d 398, 401 (9th Cir. 1981).[3] Invocation of 28 U.S.C. § 1343, the jurisdictional counterpart to Section 1983, is equally unavailing. Luttrell v. United States, 644 F.2d 1274, 1275-76 (9th Cir. 1980). Here, because this Court does lacks jurisdiction over plaintiffs' section 1983 and 1985 claims, the Court should dismiss these claims.

III.

Plaintiffs Have Failed to State a Damages Claim

Plaintiffs' complaint is legally insufficient and should be dismissed under Fed. R. Civ. P. 12(b)(6). Plaintiffs purport to state a claim for damages under 26 U.S.C. § 7433,

_____

[2] Plaintiffs' additional claims of statutory violations are also barred by sovereign immunity and thus subject to dismissal. 28 U.S.C. § 2072 permits the Supreme Court to establish rules of evidence and procedures for federal courts. Nothing in this section permits individuals to sue the United States. It is clear that plaintiffs cannot state a claim against the United States based on section 2072. Further, plaintiffs' claims alleging violations of 18 U.S.C. §§ 152, 242, and 1001 should be dismissed. These claims are subject to dismissal because the United States enjoys sovereign immunity for these claims.

[3] The same analysis should be applied to claims brought under 42 U.S.C. § 1985, which is a statute permitting suits against person in conspiracy for violations of rights created elsewhere.

5

1971925.1

and seek unspecified damages from the United States[4] (Compl. ¶¶ 99-106C). Plaintiffs'

complaint is legally insufficient , and should be dismissed under Fed. R. Civ. P. 12(b)(6).

Section 7433 permits a taxpayer to bring a civil action for damages against the

government "[i]f, in connection with the collection of federal tax with respect to a

taxpayer, any officer or employee of the Internal Revenue Service recklessly or

intentionally disregards any provision of the [Internal Revenue Code] or any regulation

promulgated" thereunder.  26 U.S.C. § 7433.  Under Rule 8(a), a complaint need only

contain a "short and plain statement of the claim showing that the pleader is entitled to

relief."  Fed. R. Civ. P. 8(a).  But, here, there are no facts in the plaintiffs' complaint to

support a claim for damages, and thus, this Court should conclude that they have not in

fact stated such a claim.  For example, plaintiffs do not describe the injuries they

allegedly incurred.  Moreover, no facts are alleged which establish that "any officer or

employee of the [IRS] recklessly or intentionally disregard[ed] any provision of the

[Code]."  26 U.S.C. § 7433.  Because plaintiffs have failed to state a claim upon which

relief can be granted, this Court should dismiss this case.

IV.

<u>Plaintiffs' Request for Injunctive Relief Is Barred by the Anti-Injunction Act</u>

It appears that plaintiffs seek an order enjoining the Internal Revenue Service

---

[4] While plaintiffs' seek specific amounts of damages for each plaintiff, it is
impossible to calculate the total amount of damages claimed because plaintiff Phillip
Dye, albeit improperly, is attempting to represent a class of plaintiffs whose total
membership is unknown.

6

from engaging in any further collection activities  (Compl. ¶ 98).  Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421).  The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent purpose of plaintiffs' claim.  See 26 U.S.C. § 7421(a).  Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes.  See Foodservice & Lodging Institute, Inc. v. Reagan, 809 F.2d 842, 844-45 (D.C. Cir. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to section 7421, the exception is inapplicable to the present case.  In Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstance could the government prevail, and (2) equity jurisdiction otherwise existed.  See Flynn v. United States, 786 F.2d 586, 589 (3d Cir. 1986).  The burden is on the plaintiffs to demonstrate that their suit falls within the purview of the judicially-created exception to the Anti-Injunction Act.  Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiffs cannot demonstrate that under the circumstances of this case, the government could never prevail.  Plaintiffs fail to identify the dates of any alleged "wrongful" collection, any specifics as to any alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing and their entitlement to relief.  Primarily they merely express their dissatisfaction that the Internal Revenue

7

Service is attempting to collect their unpaid taxes.

As for the second prong, plaintiffs have failed to demonstrate the existence of equitable jurisdiction. Plaintiffs must show that there is irreparable injury and inadequacy of legal remedies. See Foodservice & Lodging Institute, 809 F.2d at 844-45; Flynn, 766 F.2d at 598. In certain situations, plaintiffs can temporarily forestall collection - which is the ultimate relief they request - by requesting a "collection due proceeding hearing" with the Internal Revenue Service. See 26 U.S.C. § 6330. Moreover, they can fully pay the taxes and then file a claim for refund. Because the Internal Revenue Code provides administrative procedures by which they can obtain relief, there is no equitable jurisdiction. Accordingly, the second prong of the Enochs test fails.

In sum, this Court lacks jurisdiction over plaintiffs' request for injunctive relief because such relief is barred by the Anti-Injunction Act. Plaintiffs have not established the extraordinary circumstances that may justify issuing an injunction under the judicial exception. Thus, this Court should dismiss the case.

## CONCLUSION

This Court does not have subject matter jurisdiction over plaintiffs' claim for damages because plaintiffs have failed to prove they filed an administrative claim for damages. The Court does not have subject matter jurisdiction over plaintiffs' constitutional, civil rights, and statutory claims. Plaintiffs have failed to state a claim for damages. The Anti-Injunction Act prohibits an injunction against the further

8

1971925.1

collection of plaintiffs' taxes.  For all these reasons, the Court should dismiss this action.

DATED:  October 20, 2006

> JEFFREY A. TAYLOR
> United States Attorney
>
>
> /s/ Thomas J. Jaworski
> THOMAS J. JAWORSKI
> Trial Attorney, Tax Division
> U. S. Department of Justice
> Post Office Box 227
> Washington, DC  20044
> Telephone:    (202) 307-0854

9

1971925.1

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing MEMORANDUM OF POINTS AND

AUTHORITIES IN SUPPORT OF UNITED STATES' MOTION TO DISMISS, which will

be filed electronically and available for viewing and downloading from the court's ECF

system, was caused to be served upon plaintiff on the 20th day of October, 2006, by

depositing copies thereof in the United States mail, postage prepaid, addressed as

follows:

Phillip Allen Dye
403 Union Church Road
Townsend, DE 19734

Stephen O. Phillips
Office of Kansas Attorney General
120 Southwest 10th Avenue
Topeka, KS 66612

Albert D. Barnes
Attorney General for the
 State of New Jersey
25 Market Street
P.O. Box 114
Trenton, NJ 08625

Grady L. Balentine, Jr.
North Carolina Department of
 Justice
9001 Mail Service Center
Raleigh, NC 27699

_/s/ Thomas J. Jaworski_____
THOMAS J. JAWORSKI

1978123.1