UNITED STATES DISTRICT COURT
For The District of Columbia

RECEIVED
NOV 0 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| phillip allen dye, rebecca jane dye, phillippo ali dey, joseph frances peet, galen renee beach and vickie lynn beach Private Natural men and woman, Pembina Nation Little Shell Band of North America Lineal Descendant Members and Members of Moorish American Nation<br><br>Plaintiffs<br><br>V.<br><br>UNITED STATES, STATE OF DELAWARE, STATE OF NEW JERSEY, STATE OF KANSAS AND STATE OF NORTH CAROLINA<br><br>Defendants | Case No: 1:06-CV-1372<br><br>Judge: Paul L. Friedman<br><br>Suite in Equity Article III §-2 United States Constitution<br><br>Declaratory Injunctive Relief<br><br>Declaratory Compensation and Damages |

### Counsel's Responses Are Inadmissible and Defendants Are In Default
### Plaintiffs Directs The Court To Docket A Default Judgment Against Each Defendant For the Relief Demanded in the Complaint

Comes Now I the Plaintiff-Affiant, in my private natural capacity bring this action on my own behalf and on the behalf of the Indigenous North American Peoples and all other members of the private citizenry of America and the Several States, state as follows:

1. On August 1, 2006 the Plaintiffs filed a Claim against Defendants for Declaratory Injunctive Relief to enjoin enforcement of their administrative statutes against the plaintiffs.

### Counsel Responds To Complaint

2. October 6, 2006 Counsel for the State of New Jersey Attorney General Stuart Rabner, Esquire through Albert D. Barnes, Esquire Deputy Attorney General did file a document titled Motion To Dismiss As To The State of New Jersey and served by First Class Mail October 07, 2006. The document appeared to be an answer to the Complaint captioned above in the form of a motion with what appeared to be a brief in support. The documents appeared to argue points to dismiss the complaint captioned above.

3. However, the responses failed to comply with Federal Rules of Civil Procedure Rule 8(b), failing to; "state in short and plain terms the party's defenses to each claim asserted" thus failing to challenge, deny or argument any defense point by point against each declared fact in the complaint.

4. On October 12, 2006 Counsel for the State of Kansas Attorney General Phil Kline, Esquire through Assistant Attorney General Steve Phillips, Esquire did file a document titled Defendant State of Kansas' Motion To Dismiss and served by First Class Mail October 13, 2006. The document appeared to be an answer to the Complaint captioned above in the form of a motion with no brief in support of the motion. The document appeared to argue points to dismiss the complaint captioned above.

5. However, the response failed to comply with Federal Rules of Civil Procedure Rule 8(b), failing to; "state in short and plain terms the party's defenses to each claim asserted" thus failing to challenge, deny or argument any defense point by point against each declared fact in the complaint.

6. On October 20, 2006 Counsel for the United States Thomas J. Jaworski, Esquire did file a document titled United States' Motion To Dismiss was filed and mailed by First Class Mail October 20, 2006. The document appeared to be an answer to the Complaint captioned above in the form of a motion with no brief in support. The document appeared to argue points to dismiss the complaint captioned above.

7. However, the response failed to comply with Federal Rules of Civil Procedure Rule 8(b), failing to; "state in short and plain terms the party's defenses to each claim asserted" thus failing to challenge, deny or argument any defense point by point against each declared fact in the complaint.

8. On October 20, 2006 Counsel for the State of North Carolina Roy Cooper, Esquire and Special Deputy Attorney General Grady L. Balentine Jr, Esquire did file a document titled Motion To Dismiss On Behalf of Defendant State of North Carolina was filed and mailed by First Class Mail October 20, 2006. The document appeared to be an answer to the Complaint captioned above in the form of a motion to dismiss without a brief in support. The document appeared to argue points to dismiss the complaint captioned above.

9. However the response failed to comply with Federal Rules of Civil Procedure Rule 8(b), failing to; "state in short and plain terms the party's defenses to each claim asserted" thus failing to challenge, deny or argument any defense point by point against each declared fact in the complaint.

10. On October 25, 2006 the Civil Docket for Case 1:06-CV-1372-PLF is absent of any response from the Defendant the State of Delaware or any counsel from or for the State of Delaware. Failure to respond results in an instant Default Judgment against the Defendant the State of Delaware.

**Responses From Counsel Are Not Admissible**

11. The responses from Counsel cited above are not admissible in this civil action. Following are specific evidences affirming that each counsel's response to this verified complaint, as statements, motions, arguments or rulings on motions are not admissible.

   A. Statements of counsel made during the court process serve as second hand un-sworn statements, which therefore could not be regarded as evidence in fact and cannot be considered by the court. "Manifestly" [such statements] cannot be properly considered by us in the disposition of [a] case," UNITED STATES v. LOVASCO (06/09/77) 431 U.S. '83,9' S. Ct. 2044, 52 L. "Ed. 2d 752.

   B. Unsupported contentions of material fact are not sufficient on motion to dismiss or motion for summary judgment, but rather, material facts must be supported by affidavits and other

testimony and documents by the parties that would be admissible in evidence. *Cinco Enterprises, Ins. v. Benso, Okla.,* 890 P.2d 866 (1994).

C. Any ruling on motion for summary adjudication or any adjudication must be made on record by testimony the parties have actually made and not upon one that is theoretically possible or by statements of counsel. State ex *rei. Macy v. Thirty Thousand Seven Hundred Eighty one Dollars & No! 100,* Okia. App. Div. 1, 865 P.2d 1262 (1993).

D. Statements of counsel in their briefs or arguments are not sufficient for purposes of granting a motion to dismiss or for summary judgment, *Trinsey* V. *Pagliaro,* D.C. Pa. 1964, 229 F.Supp. 647.

E. The Civil Docket for Case 1:06-CV-1372-PLF is absent of any filing of application for admittance to practice in this court or any notice of request for admittance for appearance before this court. Therefore any filing from any counsel listed above is not admissible for litigation in this court for failure to make a proper appearance.

**Counsels Responses Constitute A Breach of Contract**

12. The Bill of Rights are a Permanent Injunction enjoining all public servants ie, each counsel who responded to civil case 1:06-CV-1372-PLF and having taken the oath of office to uphold the Constitution for the United States and the Constitution of their State of public servant fiduciary duty from acting in any capacity repugnant to the Constitution. The oath of office is a contract with each American Private Citizen ie, each Plaintiff from each public servant ie, each responding counsel as well as the presiding judicial official Paul L. Friedman for this civil complaint; to protect the plaintiffs in their private capacity, their private property and secure their unalienable and substantive rights from government invasion, seizure and taking or denying of said rights.

13. However Attorney General Stuart Rabner, Esquire through and by Albert D. Barnes, Esquire Deputy Attorney General Counsel for the State of New Jersey, and Attorney General Phil Kline, Esquire through and by Assistant Attorney General Steve Phillips,

Esquire counsel for the State of Kansas, and Trial Attorney United States Department of Justice Thomas J. Jaworski, Esquire Counsel for the United States and Attorney General Roy Cooper, Esquire by and through Grady L. Balentine Jr., Esquire Special Deputy Attorney General Counsel for the State of North Carolina by their responses are acting in a capacity repugnant to the Constitution for the United States and the Constitution of their respective State.

14. Each of these public servants filed motions in this case asking this court to deny the plaintiffs their Bill of Right – First Amendment Right to seek redress for wrongs and injury imposed by the Defendants as corporate government entities against the plaintiffs as articulated in the complaint. Each public servant as counsel citing inferior rules, statutes, case law and other actions repugnant to their oath of office contract as a means to deprive the plaintiffs of the Bill of Rights protections and securities prohibiting such actions.

15. Each of these public servants abandoned their foundational Rules of Procedure Codified at Title 28 the United States Code the Judiciary and Judicial Procedure, Part V, Procedure Chapter III, General provisions, §-1652 Sub-title; State Laws as Rules of Decision; that holds that the rules of decision in…the courts of the United States are regarded as decisions except where the Constitution or Treaties otherwise require or provide. Constitutions and Treaties are supreme in law throughout the United States of America protecting the plaintiffs and their private property from all court decisions repugnant to all State Constitutions and the United States Constitution.

16. Each of these public servants abandoned their foundational Rules of Procedure Codified at Title 28 United States Code Judiciary and Judicial Procedure §-2072 that holds that all rules of evidence, rules of procedure or any, "Such rules shall not abridge, enlarge or modify any

substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

17. Therefore each argument made by Attorney General Stuart Rabner, Esquire through and by Albert D. Barnes, Esquire Deputy Attorney General Counsel for the State of New Jersey, and Attorney General Phil Kline, Esquire through and by Assistant Attorney General Steve Phillips, Esquire counsel for the State of Kansas, and Trial Attorney United States Department of Justice Thomas J. Jaworski, Esquire Counsel for the United States and Attorney General Roy Cooper, Esquire by and through Grady L. Balentine Jr., Esquire Special Deputy Attorney General Counsel for the State of North Carolina are null and void on their face, without any legal and lawful force in this civil case.

18. Attorney General Stuart Rabner, Esquire through and by Albert D. Barnes, Esquire Deputy Attorney General Counsel for the State of New Jersey, and Attorney General Phil Kline, Esquire through and by Assistant Attorney General Steve Phillips, Esquire counsel for the State of Kansas, and Trial Attorney United States Department of Justice Thomas J. Jaworski, Esquire Counsel for the United States and Attorney General Roy Cooper, Esquire by and through Grady L. Balentine Jr., Esquire Special Deputy Attorney General Counsel for the State of North Carolina each chose to Breach their Oath of Office Contract to uphold Treaties and Constitutions as the Supreme Law in the United States of America, and chose to Abandon their Fiduciary Duty to Protect the Private Property and Unalienable Substantive Rights of each Respective Plaintiff, and chose to act in concert with each Respective Defendant to Invade, Seize, Deny, Diminish and Take said Rights and said Private Property, and chose to publicly affirm their actions repugnant to the Bill of Rights, Constitutions, Treaties cited in the complaint, Positive Law Codified in the United States

Code, Federal and States Rules of Evidence and Rules of Procedure in support of the Bill of Rights, Constitutions and Treaties cited the complaint by their signatures on the documents filed in this court.

### Defendants Fail To Answer Constitutes Default

19. The verified complaint civil action case 1:06-CV-1372 captioned above sets before this court a preponderance of non-disputable adjudicative evidentiary facts all of which each defendant has acquiescence to by failure to deny or dispute each point declared therein.

20. Pursuant to Federal Rules of Civil Procedure Rule 8(b) each defendant failed to respond to the complaint, failing to; "state in short and plain terms any response, opposition to or denial of each claim asserted by declaration in the complaint captioned above and therefore is in default. The order of the summons served on each defendant demands that judgment by default is taken against each defendant and the compensation, damages and relief declared and sought in this complaint is granted.

21. Pursuant to Civil Rules of Procedure Rule 55 each Defendant defaulted by non-response, non-rebuttal, non-repudiating and each defendant's failure to challenge or dispute as to either material fact or any inferences to be drawn from undisputed facts of the verified complaint. The docket record for Civil Case 1:06-CV-1372 affirms the default.

22. The Rules of Civil Procedure and the warning declared on each Summons issued by the clerk of this court demands that each defendant answer by responding to the declarations of facts declared in the complaint. Neither of the Defendants listed in the caption above responded nor challenged or denied any part of the complaint.

23. Therefore each defendant, the United States', the State of Delaware's, the State of New Jersey's, the State of State of Kansas' and the State of North Carolina's failure to make any objections has by silent appearance of consent; acceptance, concurrence and assent constitutes an absolute

acquiescence to each of the claims articulated in the Verified Complaint Civil Case 1:06-CV-1372. Also See Paul v. Western Distributing Co., 142 Kan. 816, 52 P.2d 379,387 and Frank v. Wilson & Co. 24 Del. Ch. 237, 9 A.2d 82, 86 and Natural Soda Products Co. v. City of Los Angeles, Cal. App., 132 P.2d 553, 563.

### Permanent Injunction Relief Affirmed

24. The United States' Bill of Rights affirms the Permanent Injunctive Relief for the Plaintiffs, Private Natural Persons, members of the Private Citizenry from each of the respective Defendants' Corporate Administrative Statutory Regulations. Whereas the Federal Bill of Rights – Constitution has full applicability within any and all States within and throughout the United States.

25. The State of Delaware Chapter 104 Regulatory Flexibility Act §-10403(2) identifying natural persons as anyone not affected by the States' Corporate Administrative Regulations; And

26. The State of Delaware Chapter 101 Administrative Procedures §-10102(9) Substantive or Substantive in Nature meaning those regulations allowing, requiring or forbidding conduct in which private persons are free or prohibited to engage affirms the Permanent Injunctive Relief for the Plaintiffs members of the Private Citizenry from each Defendants Corporate Administrative Statutory Regulations. Whereas this State Delaware Regulatory Flexibility Act and Administrative Procedure has full applicability within any and all States within and throughout the United States pursuant to Article IV §-1 of the United States Constitution.

### Expeditious Disposition Defined

27. On October 12, 2006 the Plaintiffs filed a Motion for Summary Judgment, a Motion for Declaratory Judgment, A motion for Permanent Injunction, Motion [plaintiff "demand for writ of summary judgment with declaratory and permanent injunctive relief and compensation and damages"] as cited on Docket Text dated 10/12/2006.

28. The following paragraph is an excellent example and definition of Expeditious Disposition of an action such as this action.

29. Pursuant to the Docket Text the above "transaction was received from MA, entered on 10/12/2006 at 10:12 AM and Filed on 10/12/2006" and the Docket Text affirms the above transactions were each denied and signed by Judge Paul L. Friedman on October 12, 2006.

30. This Court's Civil Rules of Procedure Rule 56 grants the same type of expeditious disposition of this controversy as cited above when there is no dispute as to either material fact or inferences to be drawn from undisputed facts, resulting in a default judgment. Also see American State Bank of Killdeer v. Hewson, N.D., 411 N.W.2d 57,60.

### Judgment by default is taken against each defendant

31. This Court's Civil Rules of Procedure Rule 56 grants expeditious disposition of this controversy when there is no dispute as to either material fact or inferences to be drawn from undisputed facts, resulting in a default judgment. Also see American State Bank of Killdeer v. Hewson, N.D., 411 N.W.2d 57,60.

32. Title 28 United States Code Judiciary and Judicial Procedure §-1657(a) Priority of Civil Actions also provides for instant expeditious disposition when Injunctive Relief, or any other action if good cause therefore is shown. For purposes of this subsection, "good cause" is shown if a right under the Constitution of the United States or a Federal Statute (including rights under section 552 of title 5) would be maintained in a factual context that indicates that a request for expedited consideration has merit. Default judgment merits expeditious disposition of this controversy.

33. Pursuant to Federal Rules of Civil Procedure Rule 54(c) Demand for Judgment and Rule 55 Default Judgments, this demand from each plaintiff for Default-Judgment with Declaratory Permanent Injunctive Relief, Compensation and Damages is in effect by the Default of each defendant, the United States, the State of Delaware, the State of New Jersey, the State of Kansas and the State of North Carolina.

34. Therefore each Defendant failed to meet the stipulation to answer each declared claim point by point by responding with answering by way of rebutting responding and answering each declared claim therein with First Hand Knowledge by Affidavit In Truth Pursuant to Rules of Civil Procedure Rule 12(a)(1)(A) and signed by each defendant under the penalty of perjury pursuant to and in accordance with Title 18 United States Code §-1621 and §-1623, thus creating and affirming their default in fact.

35. Positive Law Codified at Title 28 United States Code §-2201 Creation of Remedy affirms; The declaration of any rights diminished, abrogated, violated, invaded, seized or declaring any arbitrary action against unalienable substantive rights or private property rights secured and protected by the Constitution and by Treaty "shall have the force and effect of a final judgment."

36. Therefore this court is compelled to expeditiously, immediately, instantly enter and docket the Default Judgment, expeditiously, immediately, instantly affirming the claims declared in civil action Civil Case 1:06-CV-1372 PLF.

37. Title 28 United States Code §-2201 declarations of the verified claim suit and the declaration of the default judgment against each Defendant shall have the force and effect of a final judgment.

**Each Plaintiff Instructions To the Court**
**Permanent Injunctive Relief Declared and Sought is Granted**

38. THEREFORE, each Plaintiff standing on inalienable substantive rights that exist by the Law of the Land, long antecedent to the organization of the State reasonably, respectively and honorably demand that this Most Honorable Court:

   A. Issue an immediate Order Affirming the Status of the Bill of Rights as a Permanent Injunction enjoining, prohibiting each Defendant, their successors, their officers, their agents and all private and public persons acting in concert with them from performing any acts or actions repugnant to the Bill of Rights – Constitution and all Treaties which are the Supreme laws

throughout the United States and its Political Sub-divisions thereof and therein from administering and enforcing their administrative statues against each Plaintiff.

B. Issue an immediate Declaratory Judgment Order to compel each Defendant, their successors, their officers, their agents and all private and public persons acting in concert with them to perform his/her duty to Protect and Secure Private-Citizens, each Plaintiff and their Private Property and all Unalienable Substantive Rights pursuant to Title 28 the United States Code at §-361, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

C. Issue an immediate Declaratory Order enjoining prohibiting by Permanent Injunctive Relief; each defendant, their successors, their agents and all persons acting in concert with them from enforcing or threatening to enforce federal and state corporate administrative statues, laws, codes, ordinances, regulations or any arbitrary acts inconsistent, repugnant or contrary to the Bill of Rights – Constitution and Treaties cited in the complaint on the plaintiffs, members of Treaty Nations in North America and the private citizenry therein.

D. To ensure future safety and protection of each plaintiff, that each defendant respectively list each plaintiff in their information data system as Private Citizens with exclusive immunity from their regulations allowing, requiring or forbidding conduct in which private persons are prohibited to engage.

E. Issue a declaratory judgment order ordering each defendant to return all private property taken or seized by extortion wrongfully by undue influence, fraudulent conveyance by way of registration, misrepresenting of facts, non-disclosure of facts or with holding of facts in any agreement or contract administering registrations and applications and recordings of private property and terminating the following contracts as follows:

1. The application and or registration documents for corporate birth certification.

2. The application and or registration documents for corporate marriage certification.

3. The application and or registration documents for social security number.

4. The application and or registration documents for vehicle certificate of title and return original title of ownership to each respective plaintiff including the Manufactures' Statement of Origin.

5. The application and or registration documents for state drivers license.

6. The recording and or registration documents for private real land property including private property deeds that were recorded and or registered.

7. That each defendant terminates all hidden adhesion contracts associated with the names that appear like and sound like the name of the private plaintiffs.

   i. Remove all liens, judgments and encumbrances posted against each plaintiff's private properties.

   ii. Notify all credit reporting agencies of the termination of said liens, judgments and encumbrances against plaintiff's private properties.

   iii. Provide each respective plaintiff with proper notice that all credit-reporting agencies are notices and the liens, all encumbrances and all judgments against plaintiff's private properties are removed from credit reporting records.

**Calculations To Determine Compensation For Property Taken and Damages**

39. Whereas the Declaration of a violation of a substantive right "shall have the force and effect of a final judgment." Pursuant to Title 28 United States Code §-2201, each declaration shall be treated independently per defendant and plaintiff and Defendant and third injured party.

40. Each Plaintiff and Injured Party seek a Just Compensation of $ 25,000.00 for each violation of private property, private property rights and inalienable substantive rights taken and Damages of

$25,000.00 for each violation of law interfering with inalienable substantive secured and protected rights cited herein below as follows;

A. There are ten (10) violations published below.

1. The 1778 Delawares Treaty of Perpetual Peace and Friendship.

2. The 1787 Moorish Treaty of Perpetual Peace and Friendship.

3. The 1863 Pembina Nation Treaty of Perpetual of Peace and Friendship.

4. Title 18 United States Code §-241 Conspiracy against substantive rights.

5. Title 18 United States Code §-242 Depravation of rights under color of law

6. Title 28 United States Code 2072 Abridge, enlarge or modify any substantive rights.

7. Title 42 United States Code §-1983 Deprivation of Rights under colorable law.

8. Title 42 United States Code §-1985 Conspiracy to Interfere with Rights under colorable law and statues.

9. Title 18 United States Code §-1001 Making False Statements shall be fined for damages.

10. Title 18 United States Code §-152 and §-3571 Presenting Fraudulent Claims against each Plaintiff.

B. The Provisions for Compensation and Damages are published below.

1. The United States Constitution 5th and 14th Amendments Just Compensation Clause.

2. Title 26 United States Code §-7433 Damages for certain unauthorized collection actions.

3. Title 28 United States Code §-1343 for damages for deprivation of rights under color of law.

4. Title 28 United States Code §-2201 and §-2202 for declaratory relief and further relief.

5. Title 18 United States Code §-152 and §-3571 for presenting fraudulent claim.

41. Compensation and damages for each declaration actions against plaintiffs in complaint as follows:

a. The First Declaration – United States 10 violations of takings at $25,000.00 each.

i. phillip allen dye - $250,000.00 and rebecca jane dye - $250,000.00.

b. The Second Declaration – United States 10 violations at $25,000.00 each.

   i. phillip allen dye - $250,000.00 and rebecca jane dye - $250,000.00.

c. The Third Declaration – United States and State of Delaware 10 violations at $25,000.00 each

   i. phillip allen dye - $250,000.00/$250,000.00

   ii. rebecca jane dye - $250,000.00/$250.000.00.

d. The Fourth Declaration – State of Delaware 10 violations at $25,000.00 each.

   i. phillip allen dye - $250,000.00.

   ii. phillip allen dye - $750,000.00 for 3 days detainment in state prison.

e. The Fifth Declaration – United States 10 violations at $25,000.00 each.

   i. phillippo ali dey - $250,000.00 and joseph frances peet - $250,000.00 and galen renee beach - $250,000.00 and vickie lynn beach - $250,000.00

f. The Sixth Declaration – State of New Jersey 10 violations at $25,000.00 each.

   i. joseph frances peet - $250,000.00.

   ii. joseph frances peet - $250,000.00 for the second occurrence.

   iii. joseph frances peet - $2,500,000.00 for 10 days detainment in prison.

g. The Seventh Declaration – United States and State of Kansas 10 violations at $25,000.00 each

   i. galen renee beach - $250,000.00/$250,000.00.

   ii. vickie lynn beach - $250,000.00/$250,00.00.

h. The Eighth Declaration – United States 10 violations at $25,000.00 each.

   i. galen renee beach - $250,000.00.

   ii. galen renee beach - $5,500,000.00 for over five months detainment in prison.

   iii. vickie lynn beach - $250,000.00.

   iv. vickie lynn beach - $3,250,000.00 for 93 Days detainment in prison.

i. The Ninth Declaration – United States 10 violations at $25,000.00 each.

   i. galen renee beach - $250,000.00 and vickie lynn beach - $250,000.00.

  j. The Tenth Declaration – State of Kansas 10 violations at $25,000.00 each.

    i. galen renee beach - $250,000.00 and vickie lynn beach - $250,000.00.

  k. The Eleventh Declaration – State of North Carolina 10 violations at $25,000.00 each.

    i. daniel alden dye - $250,000.00.

    ii. daniel alden dye - $250,000.00 for over two hours confinement in local jail.

42. The following Table contains the final amount each Defendant is liable for compensation for the invasion of, seizure of and the taking of private property and private property rights including all unalienable and Substantive rights and damage resulting from violations of Treaty, Constitution Bill of Rights and the Positive laws of the United States America and the State of Delaware, the State of New Jersey, the State of Kansas and the State of North Carolina to each Plaintiff based on the Declaration of claims against each Defendant.

### Total of Compensation and Damages for Each Plaintiff

| Plaintiff | Defendant | Compensation | Damages |
|---|---|---|---|
| phillip allen dye | United States of America | $750,000.00 | $750,000.00 |
| phillip allen dye | State of Delaware | $500,000.00 | $500,000.00 |
| rebecca jane dye | United States of America | $750,000.00 | $750,000.00 |
| rebecca jane dye | State of Delaware | $250,000.00 | $250,000.00 |
| phillippo ali dey | United States of America | $250,000.00 | $250,000.00 |
| joseph frances peet | United States of America | $250,000.00 | $250,000.00 |
| joseph frances peet | State of New Jersey | $750,000.00 | $750,000.00 |
| galen renee beach | United States of America | $6,000,000.00 | $6,000,000.00 |
| galen renee beach | State of Kansas | $500,000.00 | $500,000.00 |
| vickie lynn beach | United States of America | $4,250,000.00 | $4,250,000.00 |
| vickie lynn beach | State of Kansas | $500,000.00 | $500,000.00 |
| Daniel alden dye | State of North Carolina | $500,000.00 | $500,000.00 |

43. The above declaration of just compensation to each Plaintiff from the specific Defendants' actions of taking of private property, private property rights and interference with specific Plaintiff's inalienable and substantive rights; "shall have the force and effect of a final judgment." Pursuant to Title 28 United States Code §-2201.

44. The above declaration for damages resulting from the Defendants taking of private property, private property rights and interference with specific Plaintiff's inalienable and substantive rights; said damages "shall have the force and effect of a final judgment." Pursuant to Title 28 United States Code §-2201.

45. Therefore, Plaintiffs respectively, reasonably and Honorably demand that this Most honorable Court Grant each plaintiff and the injured third party the just compensation and damages as published above.

46. And, that this Most Honorable Court Grant the Plaintiffs such other relief as the Court may deem proper.

## *Autograph Verification and Authentication of Complaint*
### *Private Notary Sui Juris – Jural Summi Imperii*

I phillip allen dye, I rebecca jane dye, I phillippo ali dey, I joseph frances peet, I galen renee beach, I vickie lynn beach herein attest, affirm and declare, VERIFY and AUTHENTICATE that the above statements and declarations of evidentiary facts are true and correct to best of my knowledge under penalty of perjury. In My Private Capacity my Own Right In Propria Persona Sui Jural Summi Imperii, I hereby affirm and execute verify and authenticate this Brief. I therefore place my Autograph and Seal in Witness thereof.

Date: October 31, 2006

Autograph: *phillip allen dye*
Autograph: *rebecca jane dye*
Autograph: *phillippo ali dey*
Autograph: *joseph frances peet*
Autograph: *galen renee beach*
Autograph: *vickie lynn beach*



# Affidavit of Service

I, phillippo ali dey affirm that I served the above Counsel's Responses Are Inadmissible and Defendants Are In Default Plaintiffs Directs The Court To Docket A Default Judgment Against Each Defendant For the Relief Demanded in the Complaint by First Class Mail on October 31, 2006 to the following.

Civil Process Clerk
Alberto Gonzales United States Attorney General
950 Pennsylvania Avenue
Washington, District of Columbia 20530

Civil Process Clerk
Thomas J. Jaworski
United States Department of Justice
P. O. Box 227
Washington, DC 20044

Carl C. Danberg Attorney General
Carvel State Building
820 North King Street
Wilmington, DE 19809

Albert B\D. Barnes
New Jersey Attorney General
25 Market Street P. O. Box 114
Trenton, NJ 08625-0114

Steve Phillips
Assistant Kansas Attorney General
120 SW 10th Avenue 2nd Floor
Topeka, Kansas 66612-1597

Grady L. Balentine, Jr.
Special Deputy Attorney General
NC Department of Justice
9001 Mail Service Center
Raleigh, NC 27699-9001

_____
phillippo ali dey
In care of: 403 Union Church Road
Townsend, Delaware [19734]

# UNITED STATES DISTRICT COURT
## For The District of Columbia

RECEIVED
NOV 0 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| phillip allen dye, rebecca jane dye, phillippo ali dey, joseph frances peet, galen renee beach and vickie lynn beach Private Natural men and woman, Pembina Nation Little Shell Band of North America Lineal Descendant Members and Members of Moorish American Nation<br><br>Plaintiffs<br><br>V.<br><br>UNITED STATES, STATE OF DELAWARE, STATE OF NEW JERSEY, STATE OF KANSAS AND STATE OF NORTH CAROLINA<br><br>Defendants | Case No: 1:06-CV-1372<br><br>Judge: Paul L. Friedman<br><br>Suite in Equity Article III §-2 United States Constitution<br><br>Declaratory Injunctive Relief<br><br>Declaratory Compensation and Damages |

To: Clerk of Court
United States District Court
333 Constitution Avenue NW
Washington, DC 20001

## Præcipe

1. Please stamp, docket, file and enter the Counsel's Responses Are Inadmissible and Defendants Are In Default Plaintiffs Directs The Court To Docket A Default Judgment Against Each Defendant For the Relief Demanded in the Complaint and submit for litigation for default judgment in law and equity.

2. Certify the Default Judgment against defendants and docket, file and enter the certification and send official stamped sealed copy of certification of default judgment to each plaintiff to address below.

3. Stamp the plaintiff copy of the Counsel's Responses Are Inadmissible and Defendants Are In Default Plaintiffs Directs The Court To Docket A Default Judgment Against Each Defendant For the Relief Demanded in the Complaint and return in enclosed envelope.
Thank you.

Date: October 31, 2006

*phillippo ali dey* (signature)
phillippo ali dey
c/o 403 Union Church Road
Townsend, DE 19734