

RECEIVED

FEB 1 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## For The District of Columbia

| | |
|---|---|
| phillip allen dye, rebecca jane dye, phillippo ali dey, joseph frances peet, galen renee beach and vickie lynn beach Private Natural men and woman, Pembina Nation Little Shell Band of North America Lineal Descendant Members and Members of Moorish American Nation ) ) ) ) ) ) | Case No: 1:06-CV-1372 |
| | Judge: Paul L. Friedman |
| Plaintiffs ) ) ) | Suite in Equity Article III §-2 United States Constitution |
| v. ) ) | Declaratory Injunctive Relief |
| UNITED STATES, STATE OF DELAWARE, STATE OF NEW JERSEY, STATE OF KANSAS AND STATE OF NORTH CAROLINA ) ) ) ) | Declaratory Compensation and Damages |
| Defendants ) | |

## Notice of Adjudicative Facts of Void Order Ab Initio
## Petition-Demand To Correct The Wrong

Comes Now I phillip allen dye, I rebecca jane dye, I phillippo ali dey, I joseph frances peet, I galen renee beach, I vickie lynn beach the Affiant-Plaintiff, in my private natural capacity bring this action on my own behalf and on the behalf of the Indigenous Private North American Peoples and all other members of the private citizenry of America and the Several States, declare as follows:

1. Jurisdiction and authority of this Mandatory Judicial Notice is found upon and conferred by:

   a. Article III §-2 of the Constitution for the United States establishing; the judicial Power shall extend to all Cases in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under this their Authority; to Controversies between subjects.

   b. This Court and its Judicial Officers are bound to comply with the Federal Rules of Evidence Rule 201(a)(b)(c)(d)(e). Judicial Notice of Adjudicative Facts.

2. This Court shall take Judicial Notice of the following Adjudicative Facts.

3. Adjudicative Fact of which this court shall take note is found beyond all reasonable doubt, Sundberg v. State, Alaska App., 667 P.2d 1268, 1271 and is not subject to reasonable dispute, are those to which law is applied in process of adjudication, Grason Elec. Co. v. Sacramento Mun. Utility Dist., D.C Cal., 571 F. Supp. 1504, 1521.

4. Adjudicative Non-Disputable Fact: On August 1, 2006 I filed civil action 06-1372 (PLF).

5.  Adjudicative Non-Disputable Fact: Plaintiff's return of Service, filed August 28, 2006, reflects that defendants must file a response and answer by September 11, 2006. Due to an error by the clerk, the court extended the answer deadline to October 23, 2006 from 20 days to 60 days.

6.  Adjudicative Non-Disputable Fact: Neither of the defendants met the required deadline of October 23, 2006 to answer the complaint and therefore entered into default for failure to answer pursuant to this Courts Civil Rule of Procedure Rule 8(b).

7.  Adjudicative Non-Disputable Fact: October 6, 2006 Attorney General for the State of New Jersey, Stuart Rabner, through Albert D. Barnes, Deputy Attorney General did file a document titled Motion To Dismiss As To The State of New Jersey and served by First Class Mail October 07, 2006. The document appeared to argue points to dismiss the complaint captioned above but failed to rebut, neither challenge or argue against nor deny any of the claims declared in the civil complaint against the defendants.

8.  Adjudicative Non-Disputable Fact: On October 12, 2006 Counsel for the State of Kansas Attorney General Phil Kline, through Assistant Attorney General Steve Phillips, did file a document titled Defendant State of Kansas' Motion To Dismiss and served by First Class Mail October 13, 2006. The document appeared to argue points to dismiss the complaint captioned above but failed to rebut, neither challenge or argue against nor deny any of the claims declared in the civil complaint against the defendants.

9.  Adjudicative Non-Disputable Fact: On October 20, 2006 Counsel for the United States Thomas J. Jaworski, Esquire did file a document titled United States' Motion To Dismiss was filed and mailed by First Class Mail October 20, 2006. The document appeared to be an answer to the Complaint captioned above in the form of a motion with no brief in support. The document appeared to argue points to dismiss the complaint captioned above but failed to rebut, neither challenge or argue against nor deny any of the claims declared in the civil complaint against the defendants.

10. Adjudicative Non-Disputable Fact: On October 20, 2006 Counsel for the State of North Carolina Roy Cooper, and Special Deputy Attorney General Grady L. Balentine Jr, did file a document titled Motion To Dismiss On Behalf of Defendant State of North Carolina was filed and mailed by First Class Mail October 20, 2006. The document appeared to be an answer to the Complaint captioned above in the form of a motion to dismiss without a brief in support. The document appeared to argue points to dismiss the complaint captioned above

but failed to rebut, neither challenge or argue against nor deny any of the claims declared in the civil complaint against the defendants.

11. Adjudicative Non-Disputable Fact: Neither the Attorney General for the State of Delaware or the State of Delaware answered or responded before the deadline date of October 22, 2006.

12. Adjudicative Non-Disputable Fact: Although the Attorney Generals listed above filed motions to dismiss this case. Neither Attorney General filed the necessary appearance motion to appear in this court. Therefore neither attorney general has any authority to enter any pleading, motion or other wise in the civil action 06-1372 (PLF). They have no authority to appear in this court on this civil action.

13. Adjudicative Non-Disputable Fact: On November 01, 2006 Plaintiffs filed the demand for default judgment: Counsel's Responses Are Inadmissible and Defendants Are In Default Plaintiffs Directs The Court To Docket A Default Judgment Against Each Defendant For the Relief Demanded in the Complaint. The filing documented and validated the non-response of each defendant and that the motions filed by attorneys in this civil action are inadmissible.

14. Adjudicative Non-Disputable Fact: Each motion filed by the attorney generals cited above is not admissible in the court as established in the November 01 2006 filing by the plaintiffs.

15. Adjudicative Non-Disputable Fact: As of the date of this Notice, the docket record is absent of an answer from any of the defendants and therefore is in DEFAULT.

16. Adjudicative Non-Disputable Fact: On January 31, 2007 Paul L. Friedman issued an order denying the a motion from the attorney general from the State of Delaware who filed nearly three months late an inadmissible motion to dismiss this civil action. HOWEVER,

17. Adjudicative Non-Disputable Fact: On February 2, 2007 Paul L. Friedman issued an order denying the plaintiffs demand for a default judgment against defendants the United States, the State of New Jersey, the State of Kansas and the State of North Carolina and offered the defendant the State of Delaware the opportunity to show cause why default judgment should not be granted to the plaintiffs.

18. Adjudicative Non-Disputable Fact: The Order issued by Paul L. Friedman in this Court on February 2, 2007 is Null and Void on its fact having no force in law and equity: This fact is not subject to dispute and is beyond reasonable doubt, is found upon the laws in support of the Constitutions for the United States in truth, in law

and equity as published herein above and below.

## Law and Equity In Support of Adjudicative Fact of Void Order

19. Adjudicative Non-Disputable Fact: The United States Supreme Court at Title 28 United State Code at §-2072(a)(b) Judiciary and Judicial Procedure Part V Procedure Chapter 131 Rules of Procedure and Evidence, declares "Such rules, orders, decisions or otherwise that abridge, enlarge or modify any substantive right shall be of no further force or effect after such have taken place."

   A. As such the Paul L. Friedman Order issued February 2, 2007 cited above is null and void because the order abridges – diminishes substantive rights secured at 1st, 4th and 5th Amendments to the Constitution for the United States. The order blatantly diminishes unrestricted full access to Due Process and Equal Protection under the law, rights secured and protected under the 5th and 14th Amendments of the Constitution for the United States of America and similar protection under the Constitutions for Delaware, New Jersey, Kansas and North Carolina.

20. Adjudicative Non-Disputable Fact: The United States Supreme Court at Title 28 United State Code Judiciary and Judicial Procedure, Part V, Procedure Chapter III, General provisions at the §-1652 the sub-title being, State Laws as Rules of Decision; the rules of decision in civil actions in the courts of the United States are regarded as decisions except where the Constitution or Treaties otherwise require or provide.

   A. As such the Paul L. Friedman order issued February 2, 2007 cited above is null and void whereas Bill of Rights at Amendments IV, V and XIV provide otherwise, secured Substantive Rights including unrestricted access to Due Process and equal protection of private property under the law, whereas this order diminishes full access to due process.

21. Adjudicative Non-Disputable Fact: Paul L. Friedman is bound to obey and comply with this courts Federal Rules of Civil Procedure Rule 61 Harmless Error – Any ruling or order or in anything done or omitted by the court or by any of the parties is ground for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order when the substantial rights of the parties are affected.

   A. As such the order issued by Paul L. Friedman cited above is null and void on its face whereas the 4th and 14th Amendments provide otherwise securing all Substantive Inalienable Rights including full access to Due Process and equal protection under the law from the Defendants enforcement of their administrative

corporate statutes on the me the Plaintiff, a private natural American Native Citizen.

22. Adjudicative Non-Disputable Fact: Paul L. Friedman is bound to obey and comply with this courts Federal Rules of Civil Procedure Rule 60(b)(1)(3)(4)(6) and this courts similar rule, Relief from Judgment or Order, The court may relieve a party from a final judgment, order for the following reason:

A. Rule 60(b) (1) mistake, inadvertence, surprise, or excusable neglect.

   1. The court made an inexcusable mistake and inadvertence careless failure and excusable neglect to regard and preserve the substantive right preserved, secured and protected by Amendments Four, Five and Fifteen to the Constitution for the United States.

   2. The plaintiffs phillip allen dye, rebecca jane dye, joseph frances peet, galen renee beach and vickie lynn beach each is denied full and equal access to the secured and protected substantive right to due process, Amendments Five United States Constitution and Equal Protection under the law during the Due Process.

   3. The Order must be vacated, set aside, declared void, See State ex rel. Regis v District Court of Second Judicial Dist., in and for Silver Bow County, 102 Mont. 74, 55 P.2d 295, 1298.

B. Rule 60(b)(3) For Fraud – Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

   1. The misconduct of the Paul L. Friedman in executing Rule 59(e) and its misrepresentation of Rule 60(b) cited below and the misrepresentation of Amendments 4-5 and 14.

   2. Paul L. Friedman provided no statements nor arguments or defenses for his order that is merit less by the authority of law in equity cited above. The Positive Laws in Force cited above, in the Title 28 United States Code §-2072(a)(b) and §-1652 affirm the order as void.

C. Rule 60(b)(4) Void Judgment – The February 2, 2007 Order issued by Paul L. Friedman cited above is Null and Void on its face having neither merit nor force in law as cited in and pursuant to the positive law in force at Title 28 United States Code §-2072(a)(b) and §-1652.

10. Adjudicative Non-Disputable Fact: This Court shall take Judicial Notice of this Adjudicative Fact.

A. Rule 60(b)(6) – Grants authority to this court to entertain an independent action to relieve me the plaintiff from the order and grant relief to effect due process secured by the 4th, 5th and 14th Amendments to the

Constitution for the United States.

11. Adjudicative Non-Disputable Fact: This Court shall take Judicial Notice of this Adjudicative Fact.

    A. The following Notice is found on Article VI to the Constitution for the United States. Notice of Acceptance of Constitutions, Oath of Office and Fiduciary Duty of Public Servant Judicial Officer Paul L. Friedman as ascribed in notice filed and part of the docket record.

        1. Paul L. Friedman is therefore bound by the oath of office to perform all Judiciary and Judicial Public Servant Fiduciary Duties by supporting the rule of the Constitution as the Supreme Law in Fact and Equity avoiding any mistake, inadvertence, surprise, or excusable neglect of such or performing any action that diminishes any substantive unalienable right.

        2. Article VI of the Constitution for the United States of America demands that Paul L. Friedman immediately recuse himself and the Chief Judge of this court correct the mistake of the court.

## Mistakes to be corrected

12. The mistakes and errors made to be corrected include the following:

    A. Declaring the order issued in this Case No: 1:06-CV-1372 PLF against Plaintiffs as null and void.

    B. Declaring all motions, briefs or any other documents of statements of all Attorneys as inadmissible in this case pursuant to the following:

        a. Rules of Evidence Rule 802 Hearsay – Is not admissible. Statements, motions, briefs are hearsay second hand un-admissible in he court proceedings.

        b. Statements-of counsel made during the court process serve as second hand un-sworn statements, which therefore could not be regarded as evidence in fact and can not be considered by the trial court. "Manifestly [such statements] cannot be properly considered by us in the disposition of [a] case," UNITED STATES v. LOVASCO (06/09/77) 431 U.S. '83,9' S. Ct. 2044, 52 L. Ed. 2d 752.

        c. GONZALES v BUIST (04/01/12) 224 U.S. 126, 56 L. Ed. 693, 32 S. Ct. 463. During the instruction to the Jury no instruction was asked but, as we said, the judge told the jury that they were to regard only the evidence admitted but not statements of counsel, HOLT v. UNITED STATES (10/31/10) 218 U.S. 245. 54 L. Ed. 1021. 31 S. Ct, 2. Care has been taken, however, in summoning witnesses to

testify. To call no man whose character or whose word could be successfully impeached by any methods known to the law. And it is remarkable, we submit, that in a case of this magnitude, with every means and resource at their command, the complainants after years of effort and search in near and in the most remote paths, and in every collateral by-way, now rest the charges of conspiracy and of gullibility against these witnesses, only upon the bare statements of counsel.

d. Statements of counsel in their briefs or arguments are not sufficient for purposes of granting a motion to dismiss or for summary judgment, *Trinsey* V. *Pagliaro*, D.C. Pa. 1964, 229 F. Supp. 647.

e. Unsupported contentions of material fact are not sufficient on motion for summary judgment, but rather, material facts must be supported by affidavits and other testimony and documents that would be admissible in evidence at trial. *Cinco Enterprises, Ins. v. Benso, Okla.*, 890 P.2d 866 (1994).

f. Where there were no depositions, admissions answers to interrogatories, or affidavits, plaintiffs' motion for summary judgment could not be considered under district court rule (O.S. title 12, Chapter 12, Rule 13) providing for judgment here facts are not controverted, inasmuch as there was a complete absence of any of requisite basis for a proper determination that no substantial controversy existed. *Oklahoma Statutes* Annotated, Supp. pg. 113.

g. Any ruling on motion for summary adjudication must be made on record parties have actually made and not upon one that is theoretically possible. State *ex rel. Macy v. Thirty Thousand Seven Hundred Eighty one Dollars & No 100*, Okla. App. Div. 1, 865 P.2d 1262 (1993).

h. Any adjudication must be made on testimony made on the record by the parties have actually made and not upon one that is theoretically possible or made by statements of counsel. State ex *rel. Macy v. Thirty Thousand Seven Hundred Eighty one Dollars & No 100*, Okla. App. Div. 1, 865 P.2d 1262 (1993).

i. Under no possible view, however, of the findings we are considering can they be held to constitute a compliance with the statute, since they merely embody conflicting statements of counsel concerning the facts as they suppose them to be and their appreciation of the law which they deem applicable, there being, therefore, no attempt whatever to state the ultimate facts by a consideration of which we would be able to conclude whether or not the judgment was warranted. GONZALES v. BUIST

(04/01/12) 224 U.S. 126, 56 L. Ed. 693, 32 S. Ct, 463.

C.  Immediately issue the default judgment against each defendant for his or her failure to answer, rebut, deny or argue against any claim declared in the civil action 06-1372 (PLF).

13. Adjudicative Non-Disputable Fact: This Court shall take Judicial Notice of this Adjudicative Fact.

A.  This Mandatory Judicial Notice is providing a preponderance of Adjudicative Facts in law and equity of the lack of legal force in law of the orders issued by Paul L. Friedman.

14. Adjudicative Non-Disputable Fact: This Court shall take Judicial Notice of this Adjudicative Facts.

A.  Such Laws protecting the secured Substantive Rights of Private Natural Citizens phillip allen dye, rebecca jane dye, phillippo ali dey, joseph frances peet, galen renee beach and vickie lynn beach thus are ensuring all Unalienable Rights including Immunities Exclusions from Rules, Orders, Decisions or other wise that diminish and abrogates said Substantive Rights.

15. Adjudicative Non-Disputable Fact: This Judicial Notice is furnishing this court, preponderances of sufficient adjudicative evidentiary facts enabling the court to comply with the demands given herein.

16. Therefore, I phillip allen dye, I rebecca jane dye, I phillippo ali dey, I joseph frances peet, I galen renee beach, I vickie lynn beach the Affiant-Plaintiff, in my private natural capacity bring this action on my own behalf and on the behalf of the Indigenous Private North American Peoples and all other members of the private citizenry of America and the Several States, reasonable, respectfully in honor demand that this Honorable Court correct the mistake of Paul L. Friedman and effect full access to the Due Process for me the plaintiff a private natural citizen secured and protected by the Bill of Rights within the United States Constitution for the American Republic and its Article III §-2 Courts in law and equity.

17. WHEREAS, Failure to correct the wrong and perform duties within the oath of office will pose liabilities resulting in breach of oath of office and breach of performance of public servant duties in honor and truth, and breach of Constitution, abandon of Court Rules and Procedures and conspiracy and deprivation of secured inalienable substantive rights secured by Constitution.

18. This is a Judicial Notice a Petition – Demand to Correct a Serious Wrong. No court judiciary official has the authority or jurisdiction to interfere with, diminish in any manner or deny any inalienable substantive right secured and protected by the Constitution and the Bill of Rights contained therein. There is nothing herein to

be construed to be anything but a Judicial Notice with a Petition –Demand to Correct a Serious Wrong.

## *Autograph Verification and Authentication of Complaint*
### *Private Notary     Sui Juris – Jura Summi Imperii*

*I phillip allen dye, I rebecca jane dye, I phillippo ali dey, I joseph frances peet, I galen renee beach, I vickie lynn beach the Affiant-Plaintiff herein attest, affirm and declare, VERIFY and AUTHENTICATE that the above statements and declarations of evidentiary facts are true and correct to best of my knowledge under penalty of perjury In My Private Capacity my Own Right In Propria Persona Sui Jura Summi Imperii I affirm and execute verify and authenticate this complaint document. I therefore place my Autograph and Seal in Witness thereof.*

Date: February 12, 2007

Autograph:  *phillip allen dye*

Autograph:  *rebecca jane dye*

Autograph:  *phillippo ali dey*

Autograph:  *joseph frances peet*

Autograph:  *galen renee beach*

Autograph:  *vickie lynn beach*

# Affidavit of Service

I, phillippo ali dey affirm that I served the above Notice of Adjudicative Facts of Void Order Ab Initio Petition-Demand To Correct The Wrong by First Class Mail with Delivery Confirmation on February 12, 2007 to the following.

Chief Judge Thomas F. Hogan
United States District Court
333 Constitution Avenue NW
Washington, DC 20001
Delivery Confirmation 0306 1070 00005 4480 8312

Judge Paul L. Friedman
United States District Court
333 Constitution Avenue NW
Washington, DC 20001
Delivery Confirmation 0306 1070 00005 4480 8312

Nancy Mayer-Whittington
United States District Court
333 Constitution Avenue NW
Washington, DC 20001
Delivery Confirmation 0306 1070 00005 4480 8312

Thomas J. Jaworski
United States Department of Justice
P. O. Box 227
Washington, DC 20044
Delivery Confirmation 0306 1070 00005 4480 8329

Joseph Biben  Attorney General
Carvel State Building
820 North King Street
Wilmington, DE 19809
Delivery Confirmation 0306 1070 00005 4480 8343

Marc P. Niedzielski Deputy Attorney General
Carvel State Building
820 North King Street
Wilmington, DE 19809
Delivery Confirmation 0306 1070 00005 4480 8343

Stuart Rabner New Jersey Attorney General
25 Market Street  P. O. Box 114
Trenton, NJ 08625-0114
Delivery Confirmation 0306 3030 0003 5194 2298

Albert B\D. Barnes
New Jersey Deputy Attorney General
25 Market Street  P. O. Box 114
Trenton, NJ 08625-0114
Delivery Confirmation 0306 3030 0003 5194 2298

Paul Kline Assistant Kansas Attorney General
120 SW 10th Avenue 2nd Floor
Topeka, Kansas 66612-1597
Delivery Confirmation 0306 3030 0003 5194 2304

Steve Phillips
Assistant Kansas Attorney General
120 SW 10th Avenue 2nd Floor
Topeka, Kansas 66612-1597
Delivery Confirmation 0306 3030 0003 5194 2304

Roy Cooper Attorney General
NC Department of Justice
9001 Mail Service Center
Raleigh, NC 27699-9001
Delivery Confirmation 0306 3030 0003 5194 2311

Grady L. Balentine, Jr.
Special Deputy Attorney General
NC Department of Justice
9001 Mail Service Center
Raleigh, NC 27699-9001
Delivery Confirmation 0306 3030 0003 5194 2311

*phillippo ali dey*

phillippo ali dey
In care of: 403 Union Church Road
Townsend, Delaware 19734-9999, Non-Domestic