UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PHILLIP ALLEN DYE, et al., ) | |
| ) | |
| v. ) | Civil Action No. 06-1372 (PLF) |
| ) | |
| UNITED STATES, et al., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

The Court has before it a filing by plaintiffs captioned "Demand for Recuse of Judicial Official and Notice of Initiation of Criminal and Civil Actions Against All Involved in Case," which requests that the undersigned recuse himself or be removed from this case. The Demand, which the Court will treat as a recusal motion, is denied.

The statute governing recusal of judges, 28 U.S.C. § 455(a), requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Canon 3(C) of the Code of Conduct for United States Judges similarly advises that federal judges should disqualify themselves where their "impartiality might reasonably be questioned." See CODE OF CONDUCT FOR UNITED STATES JUDGES, Canon 3(C)(1), *reprinted in* 2 GUIDE TO JUDICIARY POLICIES AND PROCEDURES, ch. I. Under both Section 455(a) and the Code of Conduct, the test to be applied in determining whether an appearance of impropriety exists is an objective one that should be measured from the perspective of a disinterested reasonable person with knowledge of all the relevant facts and circumstances. See In re Barry, 946 F.2d 913, 914 (D.C. Cir. 1991)

(appearance-of-partiality test is objective one, depending upon whether "an informed observer would reasonably question the judge's impartiality"); CODE OF CONDUCT FOR UNITED STATES JUDGES, Canon 2, cmt. 2A ("The test for appearance of impropriety is whether the conduct would create in reasonable minds, with knowledge of all the relevant circumstances that a reasonable inquiry would disclose, a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality, and competence is impaired.").

Furthermore, courts have held that any alleged partiality or appearance of partiality must result from knowledge or bias acquired outside judicial proceedings and not from the court's previous rulings or decisions in the case. See Liteky v. United States, 510 U.S. 540, 554 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion."); United States v. Barry, 961 F.2d 260, 263 (D.C. Cir. 1992) (when seeking recusal under Section 455(a), "the appearance of bias or prejudice must stem from an extrajudicial source"); Tripp v. Executive Office of the President, 104 F. Supp. 2d 30, 34 (D.D.C. 2000) (Lamberth, J.) (quoting Liteky v. United States, 510 U.S. at 555) ("To sustain its burden and compel recusal under Section 455(a), the moving party must demonstrate the court's reliance on an 'extrajudicial source' that creates an appearance of partiality or, in rare cases, where no extrajudicial source is involved, the movant must show a 'deep-seated favoritism or antagonism that would make fair judgment impossible.'").

So far as the Court can discern, plaintiffs allege that the undersigned has breached obligations of his office as a public servant obligated to uphold the Constitution and the Bill of Rights, among numerous other obligations, by denying plaintiffs' demand for default or default judgment against all defendants in an order issued on February 2, 2007.

Plaintiffs' disagreement and disappointment with the undersigned's decision of February 2, 2007 is an insufficient basis under the recusal statute and the case law just discussed to merit recusal in this case.

      Motions to recuse are dangerous weapons, too often misused for purposes of forum shopping, delay and seeking to cause disruption to the judicial process.  That is why the courts have looked with disfavor on such motions, why Congress has provided for recusal in very limited circumstances, and why the Supreme Court and our own court of appeals have said that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." Tynan v. United States, 376 F.2d 761, 765 (D.C. Cir. 1967); see Laird v. Tatum, 409 U.S. 824, 837 (1972) (Rehnquist, J.). See also Macdraw, Inc. v. CIT Group Equipment Financing, Inc., 138 F.3d 33, 38 (2d Cir.), *cert. denied*, 525 U.S. 874 (1998); In re Executive Office of the President, 215 F.3d 25, 25 (D.C. Cir. 2000) (Tatel, J.).  For these reasons, the Court will deny defendant's request that the undersigned recuse himself.  Upon consideration of the foregoing, it is hereby

      ORDERED that plaintiffs' Demand for Recuse of Judicial Official and Notice of Initiation of Criminal and Civil Actions Against All Involved in Case (Docket No. 19) is DENIED.

      SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: September 27, 2007