UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                    )
PHILLIP ALLEN DYE, et al.,          )
                                    )
                Plaintiffs,         )
                                    )
        v.                          )          Civil Action No.  06-1372 (PLF)
                                    )
UNITED STATES, et al.,              )
                                    )
                Defendants.         )
_____)
```

OPINION

I. BACKGROUND

        This matter is before the Court on the motions to dismiss of defendants the United

States, Kansas, Delaware, New Jersey and North Carolina.  On August 1, 2006, several *pro se*

plaintiffs filed suit against defendants seeking a wide range of relief from a litany of legal

proceedings, including a federal tax lien, a state property foreclosure, a traffic ticket, an arrest

warrant for contempt of court, a jailing for contempt of court, a sale of a house at a sheriff's sale,

a fraud conviction and a tax warrant.  See Complaint for Ex Parte Declaratory Injunctive Relief

And Compensation and Damages To Enjoin Enforcement of Administrative Codes ("Compl.")

Exs. B-L.  Plaintiffs alleged, in essence, that these governments' enforcement of various laws

violated their rights under the Constitution, civil rights statutes and statutes providing causes of

action for aggrieved taxpayers.  See id. ¶¶ 53, 57, 59, 62, 66, 71, 74, 77, 80, 83, 86, 88.

Defendants moved to dismiss on a panoply of grounds, including lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient service of process and failure to state a claim upon which relief may be granted.[1]  On November 1, 2006, plaintiffs filed a document entitled "Counsel's Responses Are Inadmissible and Defendants Are In Default Plaintiffs Direct The Court To Docket A Default Judgment Against Each Defendant For the Relief Demanded in the Complaint."  Although the meaning and purposes of this document are not entirely clear, the Court treats it as an opposition to the defendants' motions to dismiss, and henceforth refers to it as Plaintiffs' Opposition to Motions to Dismiss ("Pls.' Opp.").[2]

---

[1]    Defendants have filed the following motions to dismiss: United States' Motion to Dismiss ("U.S. Mot.") (seeking dismissal under Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure); State of Delaware's Motion to Dismiss ("Del. Mot.") (seeking dismissal under Rules 12(b)(1) and 12(b)(2) of the Federal Rules of Civil Procedure); Defendant State of Kansas' Motion to Dismiss ("Kan. Mot.") (seeking dismissal under Rules 12(b)(1) and 12(b)(3) of the Federal Rules of Civil Procedure); Motion to Dismiss Complaint as to the State of New Jersey Pursuant to F. R. Civ. P. 12(b)(3) and 12(b)(6) ("N.J. Mot."); and Motion to Dismiss on Behalf of Defendant State of North Carolina Pursuant to F. R. Civ. P. 12(b)(1) and (3) ("N.C. Mot.").

[2]    Plaintiffs have since filed several other documents.  See Plaintiffs Demand Default Judgment Against Each Defendant And Declaratory Injunctive Relief with Compensation For Damages With Notice of Public Servant Criminal Misconduct [15], Demand for Recuse of Judicial Official and Notice of Initiation of Criminal and Civil Actions Against All Involved in Case [19]; Notice of Adjudicative Facts of Void Order Ab Initio Petition-Demand To Correct the Wrong [20]; Counsel's Motion Is Inadmissible and Constitute a Breach of Contract and An Attempt To Over Throw the United States Government and Its Constitution [21]; Counsel's Response To Plaintiff's Motion For Default Judgment Is Inadmissible and Constitute a Breach of Contract and An Attempt To Over Throw The United States Government and Its Constitution [23].

Plaintiffs' motion for default judgment was denied as to defendants the United States, Kansas, New Jersey and North Carolina on February 2, 2007.  See Dye v. United States, Civil Action No. 06-1372, Order (D.D.C. Feb. 2, 2007).  To the extent documents 20, 21 and 23 seek similar relief against those defendants, they are barred by the above order.  The Court declines to enter default judgment against defendant Delaware because it appears that its submissions would have been timely but for administrative misunderstandings.  See Def.'s Mot.

## II.  PLAINTIFFS' CLAIMS

Plaintiffs bring eleven claims altogether, referred to as either "declarations" or "allegations" in the Complaint.  While the nature and bases of these claims often are difficult to determine, they appear to be as follows:

Plaintiffs Phillip Allen Dye and Rebecca Jane Dye allege in the "First Declaration: United States Defendant Enforce Tax Code" that the United States' enforcement of the Internal Revenue Code and its "unlawful, unauthorized and unreasonable tax collection practices" have resulted in "invasion, seizure and taking of private property and substantive inalienable rights." Compl. ¶ 53.  The claim seems to center on a lien placed against their property as a result of their failure to pay federal income taxes.  See id. Ex. B.

Plaintiffs Phillip Allen Dye and Rebecca Jane Dye allege in the "Second Declaration: State of Delaware Defendants Enforce State Tax Codes" that Delaware's enforcement of the Delaware Tax Code and its "unlawful, unauthorized and unreasonable tax collection practices" have resulted in "invasion, seizure and taking of private property and substantive inalienable rights."  Compl. ¶ 56.  The claim seems to center on a lien placed against their property as a result of their failure to pay state income taxes.  See id. Ex. C.

Plaintiffs Phillip Allen Dye and Rebecca Jane Dye allege in the "Third Declaration: Defendants United States and State of Delaware Conspire In Seizure of Private

to Extend the Time to Plead at 1-2 [17].  To the extent plaintiffs seek recusal of the undersigned, the motion is denied by separate Memorandum Opinion and Order issued this same day, as plaintiffs have not alleged, and this judge is unaware of, any extrajudicial conduct on the part of the undersigned that would lead an objective, informed observer to question the Court's impartiality.  See 28 U.S.C. § 455(a); In re Barry, 946 F.2d 913, 914 (D.C. Cir. 1991).  Finally, to the extent these documents seek declaratory or other relief, they are denied for the reasons set out below.

Property" that the United States and Delaware conspired to seize their property "via fictitious

mortgage loan claims, fraudulent conveyance of private property via judicial orders prohibiting

plaintiffs from filing arguments, motions necessary of due process."  Compl. ¶ 59.  The claim

seems to center on a foreclosure of property pursuant to a federal bankruptcy court order.  See id.

Ex. D.

   Plaintiff Phillip Allen Dye alleges in the "Fourth Declaration: Corporate State of

Delaware Enforcement of Motor Vehicle Department Annotated Code and Statutes" that

Delaware's enforcement of the Motor Vehicle Code and its "unlawful, unauthorized practices"

have resulted in "invasion, seizure and taking of private property and substantive inalienable

rights."  Compl. ¶ 63.  The claim seems to center on an order to appear before a court for

violating various provisions of Delaware's motor vehicle laws.  See id. Ex. E.

   Plaintiff Phillippo Ali Dey alleges in the "Fifth Declaration: Defendant United

States Enforcement of Administrative Court Rules of Procedure" that the enforcement of the

Federal Rules of Civil Procedure by the United States District Courts for the Districts of New

Jersey and Kansas deprived him of "access to due process and equal protection under the law."

Compl. ¶ 66.  The claim seems to center on the courts' refusal to allow him to act as legal

counsel for co-plaintiffs Joseph Frances Peet, Galen Renee Beach and Vickie Lynn Beach.  See

id. Ex. F.

   Plaintiff Joseph Frances Peet alleges in the "Sixth Declaration: Corporate State of

New Jersey Enforcement of Motor Vehicle Department Annotated Code and Statutes" that New

Jersey's enforcement of the New Jersey Motor Vehicle Code and its "unlawful, unauthorized

practices" have resulted in "invasion, seizure and taking of private property and substantive

inalienable rights." Compl. ¶ 71. The claim seems to center on an arrest for contempt of court as a result of multiple unanswered traffic summons. See id. Ex. G.

Plaintiffs Galen Renee Beach and Vickie Lynn Beach allege in the "Seventh Allegation: Defendants United States and State of Kansas Conspire In Seizure of Private Land Property" that the enforcement of bankruptcy laws by the United States and Kansas resulted in "unlawful, unauthorized and unreasonable seizure of private property practices" and "invasion, seizure and taking of private property and substantive inalienable rights." Compl. ¶ 74. The claim seems to center on a foreclosure sale of their property in Kansas pursuant to a federal bankruptcy court order. See id. Ex. H.

Plaintiffs Galen Renee Beach and Vickie Lynn Beach allege in the "Eighth Declaration: Defendant United States Enforcement of Administrative Court Rules of Procedure" that the United States has enforced its bankruptcy laws through "unlawful, unauthorized [and] unreasonable court room practices" and rules of procedure, resulting in "invasion, seizure and taking of private property and substantive inalienable rights." Compl. ¶ 77. The claim seems to center on an indictment on several counts of insurance and bankruptcy fraud in the United States District Court for the District of Kansas. See id. Ex. I.

Plaintiffs Galen Renee Beach and Vickie Lynn Beach allege in the "Ninth Declaration: United States Defendant Enforce Tax Code Resulting in Injury to Plaintiff-Private Citizens" that the United States' enforcement of the Internal Revenue Code and its "unlawful, unauthorized and unreasonable tax collection practices" have resulted in "invasion, seizure and taking of private property and substantive inalienable rights." Compl. ¶ 80. The claim seems to center on a legal notice of deficiency resulting from their failure to pay federal income taxes. See

id. Ex. J.

Plaintiffs Galen Renee Beach and Vickie Lynn Beach allege in the "Tenth Declaration: Defendant State of Kansas Enforce Tax Code Resulting in Injury to Plaintiff-Private Citizens" that Kansas' enforcement of the Kansas Tax Code and its "unlawful, unauthorized and unreasonable income tax collection practices" have resulted in "invasion, seizure and taking of private property and substantive inalienable rights." Compl. ¶ 83. The claim seems to center on an income tax collection warrant issued by the State of Kansas. See id. Ex. K.

Finally, plaintiffs Phillip Allen Dye and Rebecca Jane Dye allege in the "Eleventh Allegation: The State of North Carolina Enforcement of Statutes Resulting in Injury to Private Citizens" that North Carolina's enforcement of various statutes has resulted in "invasion, seizure and taking of private property and substantive inalienable rights." Compl. ¶ 86. The claim seems to center on a brief civil contempt jailing of plaintiffs' son, Daniel Alden Dye, for failure to pay child support. See id. ¶ 87; id. ¶ 101-k; id. Ex. L.

As discussed below, plaintiffs request just compensation for the taking of property, damages for the unlawful collection of taxes, relief in the form of tax refunds, declaratory relief and injunctive relief. Although plaintiffs refer to many constitutional and statutory provisions, it is rarely clear which provisions support their claims and justify the remedies they seek. For purposes of this Opinion, and after making every effort to understand the Complaint and other filings, the Court assumes that the plaintiffs intend to assert claims against the federal government primarily under the Fifth Amendment, 42 U.S.C. § 1983, 42 U.S.C § 1985(3), 26 U.S.C. § 7422 and 26 U.S.C. § 7433, and against the defendant states primarily under the Fourteenth Amendment, 42 U.S.C. § 1983 and 42 U.S.C § 1985(3).

6

## III.  MOTIONS TO DISMISS AND STANDARDS OF REVIEW

### A.  Motions to Dismiss Under Rule 12(b)(1)

The United States and the states of Delaware, Kansas and North Carolina move to dismiss plaintiffs' claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  The gist of these motions is that state and federal sovereign immunity operate to deprive this Court of jurisdiction over plaintiffs' claims.  See, e.g., Mem. of Points and Authorities in Supp. of United States' Mot. to Dismiss at 1-5; Mem. of Points and Authorities in Supp. of Def. State of Kansas' Mot. to Dismiss at 2-4.

Federal courts are courts of limited jurisdiction.  They may hear only those cases entrusted to them by a grant of power contained in either the Constitution or in an act of Congress.  See, e.g., Loughlin v. United States, 393 F.3d 155, 170 (D.C. Cir. 2004); Hunter v. District of Columbia, 384 F. Supp. 2d 257, 259 (D.D.C. 2005); Srour v. Barnes, 670 F. Supp. 18, 20 (D.D.C. 1987) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511 (1973)).  Plaintiffs bear the burden of establishing subject matter jurisdiction, see Brady Campaign to Prevent Gun Violence v. Ashcroft, 339 F. Supp. 2d 68, 72 (D.D.C. 2004), although pro se complaints are held to a less stringent pleading standard than complaints drafted by attorneys.  See Wright v. Foreign Svc. Grievance Bd., Civil Action No. 06-0526, 2007 WL 2219317, at *4 (D.D.C. 2007).  A court must accept all the factual allegations in the complaint as true when evaluating a motion to dismiss for lack of subject matter jurisdiction, see United States v. Gaubert, 499 U.S. 315, 327 (1991), but it may also consider certain materials beyond the pleadings in considering a motion to dismiss under Rule 12(b)(1).  See Jerome Stevens Pharms., Inc. v. Food & Drug Admin., 402

F.3d 1249, 1253-54 (D.C. Cir. 2005). For example, "the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Herbert v. Nat'l Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

### B. Motions to Dismiss Under Rule 12(b)(6)

The United States and the state of New Jersey also move to dismiss plaintiffs' claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which allows dismissal of a complaint if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).

In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Id. at 1965 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Although "detailed factual allegations" are not necessary to survive a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1964-65; see also Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court stated that while there was no "probability requirement at the pleading stage," Bell Atlantic Corp. v.

8

<u>Twombly</u>, 127 S. Ct. at 1965, "something beyond . . . mere possibility . . . must be alleged[.]" <u>Id</u>. at 1966. The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level," <u>id</u>. at 1965, or must be sufficient "to state a claim for relief that is plausible on its face." <u>Id</u>. at 1974. The Court referred to this newly clarified standard as "the plausibility standard." <u>Id</u>. at 1968 (abandoning the "no set of facts" language from <u>Conley v. Gibson</u>).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." <u>Erickson v. Pardus</u>, 127 S. Ct. at 2200; <u>see also</u> <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. at 1965; <u>Summit Health, Ltd. v. Pinhas</u>, 500 U.S. 322, 325 (1991). The complaint "is construed liberally in the plaintiffs' favor, and [the Court should] grant plaintiffs the benefit of all inferences that can be derived from the facts alleged." <u>Kowal v. MCI Communications Corp.</u>, 16 F.3d 1271, 1276 (D.C. Cir. 1994); <u>see also</u> <u>Browning v. Clinton</u>, 292 F.3d 235, 242 (D.C. Cir. 2002); <u>Sparrow v. United Air Lines, Inc.</u>, 216 F.3d 1111, 1113 (D.C. Cir. 2000). While the complaint is to be construed liberally in plaintiffs' favor, the Court need not accept inferences drawn by plaintiffs if those inferences are unsupported by facts alleged in the complaint; nor must the Court accept plaintiffs' legal conclusions. See <u>Kowal v. MCI Communications Corp.</u>, 16 F.3d at 1276; <u>Browning v. Clinton</u>, 292 F.3d at 242.

*Pro se* complaints are held to a less stringent standard than complaints drafted by attorneys, <u>see</u> <u>Erickson v. Pardus</u>, 127 S.Ct. at 2200; <u>Gray v. Poole</u>, 275 F.3d 1113, 1116 (D.C. Cir. 2002), but a *pro se* plaintiff's inferences "need not be accepted 'if such inferences are unsupported by the facts set out in the complaint.'" <u>Caldwell v. District of Columbia</u>, 901 F. Supp. 7, 10 (D.D.C. 1995) (quoting <u>Henthorn v. Dept. of Navy</u>, 29 F.3d 682, 684 (D.C. Cir.

9

1994)).  "A *pro se* complaint, like any other, must state a claim upon which relief can be granted

by the court."  Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

### C.  Motions to Dismiss Under Rules 12(b)(2) and 12(b)(3)

Defendants also move to dismiss plaintiffs' claims under Rule 12(b)(2) of the

Federal Rules of Civil Procedure, for lack of personal jurisdiction, see U.S. Mot. at 1; Del. Mot.

at 1, and under Rule 12(b)(3) of the Federal Rules of Civil Procedure, for improper venue.  See

Kan. Mot. at 1; N.J. Mot. at 2; N.C. Mot. at 1.  Because the Court dismisses all claims under

Rules 12(b)(1) or 12(b)(6), there is no need to address these alternative grounds for dismissal.

### IV.  DISCUSSION

### A.  Non-Tax Claims Against the United States

Throughout the Complaint, various plaintiffs assert various non-tax claims against

the United States.  As noted above, it is often difficult to tell which provisions of law underlie

these claims, but the language of plaintiffs' Complaint often evokes the Fifth Amendment, 42

U.S.C. § 1983 and, perhaps, 42 U.S.C. § 1985(3).  See, e.g., Compl. ¶ 13 (listing these and other

provisions without reference to how they relate to the allegations); id. ¶ 53 (alleging that the

United States' enforcement of the federal tax code resulted in compensable "seizure and taking

of private property"); id. ¶ 66 (alleging that the United States' enforcement of the Federal Rules

of Civil Procedure deprived plaintiff Phillippo Ali Dey of his due process and equal protection

rights); id. ¶ 74 (accusing the United States of conspiring with Kansas to seize the property of

plaintiffs Galen Renee Beach and Vickie Lynn Beach).  Plaintiffs seek damages and/or "just

compensation" under these provisions.  Arguing that it is immune from suit, the United States

has moved to dismiss all non-tax claims for want of subject matter jurisdiction. See U.S. Mot. at 1 (arguing that "this Court lacks subject matter jurisdiction over plaintiff's . . . constitutional claims, civil rights claims, and other statutory [i.e., non-tax] claims"). This Court concludes that plaintiffs' claims against the United States must fail, although not necessarily for the reasons cited by the government.

### 1. Claims for Just Compensation

Several plaintiffs seek "Just Compensation," Compl. ¶ 100, apparently on the theory that they have suffered prohibited "takings" under the Fifth Amendment by virtue of the United States' enforcement of its tax laws.[3] In essence, plaintiffs contend that they are entitled to relief as a result of the United States' allegedly "unlawful, unauthorized and unreasonable" tax collection and enforcement practices. See, e.g., Compl. ¶ 53; id. ¶ 80. The problem with these claims is that they allege no more than that; there is no further indication of why plaintiffs think the United States' behavior was unlawful. As discussed above, a plaintiff must furnish "more than labels and conclusions" to survive a motion to dismiss, Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1964-65, and the facts alleged in the complaint must be sufficient "to state a claim for relief that is plausible on its face." Id. at 1974. Plaintiffs' naked assertions are far too conclusory and formulaic to support any inference of illegality. See Kowal v. MCI Communications Corp.,

---

[3]     To the extent that this claim suggests that a generally applicable Internal Revenue Code is per se unconstitutional, see, e.g., Compl. ¶¶ 18, 22, 23, 29, 36, 37, 40, 45, 46 and 48, the claim must be rejected. "[T]he authority conferred upon Congress by § 8 of article 1 'to lay and collect taxes, duties, imposts and excises' is exhaustive and embraces every conceivable power of taxation," Brushaber v. Union Pac. R.R. Co., 240 U.S. 1, 12 (1916), and the Sixteenth Amendment removed any doubts as to whether a uniform income tax violated other provisions of the Constitution. Id. at 18.

16 F.3d at 1276; <u>Browning v. Clinton</u>, 292 F.3d at 242. In the absence of any allegations suggesting that the United States truly did engage in unlawful behavior, plaintiffs' assertions are simply not plausible.

It is beyond dispute that the mere enforcement of a generally applicable tax code, without more, rarely constitutes a "taking" in violation of the Fifth Amendment. <u>See</u> <u>Brushaber v. Union Pac. R.R. Co.</u>, 240 U.S. at 12; <u>Coleman v. C.I.R.</u>, 791 F.2d 68, 70 (7th Cir. 1986); <u>see also</u> <u>Van Sant v. United States</u>, Civil Action No. 97-363, 2001 WL 1729633, at *6 (D.D.C. Dec. 28, 2001); <u>Skillo v. United States</u>, 68 Fed. Cl. 734, 743 (2005). And plaintiffs have failed to state their just compensation claims in a way that would support an inference that the United States has gone beyond such routine enforcement of its tax laws, thereby effecting a taking. Indeed, plaintiffs seem to be arguing that such routine government activity *always* amounts to a taking. <u>See</u>, <u>e.g.</u>, Compl. ¶ 49 (suggesting that merely attaching exhibits documenting government activity, without explaining what makes that activity unlawful, suffices to establish that a violation has occurred); <u>id</u>. Ex. B (exhibit supposedly illustrating *unlawful* tax collection practices titled "Documentation of *Enforcement* of United States of America Internal Revenue Code Title 26 USC") (emphasis added). Plaintiffs' claims for just compensation are dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

## 2. Claims for Damages

Several plaintiffs also seek damages against the United States for its enforcement of certain laws and, perhaps, rules of civil procedure. <u>See</u>, <u>e.g.</u>, Compl. ¶ 77. They appear to base their claims on the Fifth Amendment, 42 U.S.C. § 1983, and 42 U.S.C. § 1985(3). In

addition, as mentioned above, plaintiff Phillippo Ali Dey seeks damages directly under the Fifth Amendment on the theory that the United States' enforcement of the Federal Rules of Civil Procedure deprived him of his due process and equal protection rights.

These damages claims must fail for a simple reason: Congress has never waived the United States' sovereign immunity for such claims.  See, e.g., Hurt v. U.S. Marshals Svc., 210 Fed. Appx. 13, 13 (D.C. Cir. 2006); Clark v. Library of Congress, 750 F.2d 89, 103-04 n.31 (D.C. Cir. 1984); Falck v. I.R.S., Civil Action No. 06-2269, 2007 WL 1723675, at *2 (D.D.C. June 14, 2007).  "Our Circuit has found that Congress has not waived immunity for suits seeking monetary damages that arise under the Constitution."  Jackson v. Bush, 448 F. Supp. 2d 198, 201 (D.D.C. 2006).  Since "[s]overeign immunity bars all suits against the United States . . . except when there has been a statutory waiver of such immunity," these claims cannot survive a motion to dismiss.  Rodriguez ex rel. Rodriguez-Hazbun v. Nat'l Ctr. for Missing & Exploited Children, Civil Action No. 03-120, 2005 WL 736526, at *8 (D.D.C. Mar. 31, 2005) (citing United States v. Mitchell, 445 U.S. 535, 538 (1980)).[4]  Plaintiffs' constitutional damages claims against the United States are dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

---

[4]     Nor may plaintiffs rely on the doctrine of Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1999).  While that doctrine allows plaintiffs to bring damages suits against federal officials directly under the Constitution for certain types of constitutional violations, see Davis v. Passman, 442 U.S. 228, 248-49 (1979) (implying Fifth Amendment cause of action against government officials), it does not permit damages suits against the United States government itself.  See F.D.I.C. v. Meyer, 510 U.S. 471, 484-86 (1994).

Plaintiffs' reliance on 42 U.S.C. §§ 1983 and 1985(3) also is misplaced.[5]  These provisions neither authorize suits challenging actions taken under color of *federal* law, see, e.g., Meyer v. Reno, 911 F. Supp. 11, 14 n.1 (D.D.C. 1996), nor waive the United States' sovereign immunity.  See Mousseaux v. United States, 28 F.3d 786, 787 (8th Cir. 1994); Morpurgo v. Bd. of Higher Ed. in City of New York, 423 F. Supp. 704, 714 (S.D.N.Y. 1976) (observing that the federal government may not be sued under Sections 1983 and 1985(3) "both because it is not a 'person' and because these provisions do not waive sovereign immunity").  Both statutes are addressed to state action, not federal action, and to persons, not governments.  Thus, plaintiffs' statutory damages claims against the United States are dismissed for lack of subject matter

---

[5]    42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

42 U.S.C. § 1985(3) provides, in relevant part:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### B. Tax Claims Against the United States

#### 1. Claims for Damages

Plaintiffs Phillip Allen Dye, Rebecca Jane Dye, Galen Renee Beach and Vickie

Lynn Beach appear to seek damages against the United States pursuant to 26 U.S.C. § 7433.  See

Compl. ¶ 13 (listing that statute as grounds for relief); id. ¶¶ 53, 80 (alleging unlawful "tax

collection practices"); id. ¶ 100 (requesting damages).  That statute is a limited waiver of the

United States' sovereign immunity and allows aggrieved taxpayers to sue for certain unlawful

collection practices.[6]  The United States argues that plaintiffs' claims should be dismissed

---

[6]     The statute provides, in relevant part:

> (a)  If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.  Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

> (b) In any action brought under subsection (a) or petition filed under subsection (e), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the lesser of $1,000,000 ($100,000, in the case of negligence) or the sum of --

> (1) actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee, and

> (2) the costs of the action.

> . . .

because plaintiffs failed to meet one of the statute's procedural prerequisites: filing an

administrative claim pursuant to 26 U.S.C. § 7433(d)(1).  <u>See</u> Mem. of Points and Authorities in

Supp. of United States' Mot. to Dismiss at 1-4.  Plaintiffs do not deny that they failed to file an

administrative claim for damages as required by statute.  <u>See</u> Pls.' Opp.

        The United States maintains that such a failure "deprives a court of jurisdiction,"

Mem. of Points and Authorities in Supp. of United States' Mot. to Dismiss at 3, and therefore

requires this Court to dismiss for lack of subject matter jurisdiction.  For reasons more

thoroughly explained by Judge Walton in <u>Lindsey v. United States</u>, 448 F. Supp. 2d 37, 52-55

(D.D.C. 2006), however, the Court concludes that in an action for *damages* under 26 U.S.C.

§ 7433, a plaintiff's failure to seek or exhaust administrative remedies is properly raised through

a motion to dismiss for failure to state a claim under Rule 12(b)(6), not for lack of subject matter

jurisdiction under Rule 12(b)(1).  <u>See</u> <u>also</u> <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 515-16

(2006) (explaining difference between jurisdictional and non-jurisdictional limitations on a

statute's coverage, and admonishing lower courts to "treat [a] restriction as nonjurisdictional in

character" absent clear textual evidence to the contrary); <u>Avocados Plus, Inc. v. Veneman</u>, 370

F.3d 1243, 1248 (D.C. Cir. 2004) (arguing that federal courts should "presume exhaustion is

non-jurisdictional unless 'Congress states in clear, unequivocal terms that the judiciary is barred

---

(d) Limitations. --

(1) Requirement that administrative remedies be exhausted. -- A judgment
for damages shall not be awarded under subsection (b) unless the court
determines that the plaintiff has exhausted the administrative remedies
available to such plaintiff within the Internal Revenue Service.

26 U.S.C. § 7433.

from hearing an action until the administrative agency has come to a decision'" (quoting I.A.M.

Nat'l Pension Fund Benefit Plan C v. Stockton Tri Indus., 727 F.2d 1204, 1208 (D.C. Cir.

1984))); Turner v. United States, 429 F. Supp. 2d 149, 154-55 (D.D.C. 2006) (concluding that 26

U.S.C. § 7433(d)(1)'s exhaustion requirement is non-jurisdictional).  Accordingly, the Court

construes defendant's motion to dismiss plaintiffs' damages claims under the Tax Code as a

motion to dismiss under Rule 12(b)(6).

     The Court concludes that plaintiffs have failed to state a claim upon which this

Court may grant relief because they have failed to seek or exhaust their administrative remedies

as required by 26 U.S.C. § 7433(d)(1).  See, e.g., Speelman v. United States, 461 F. Supp. 2d 71,

74 (D.D.C. 2006); Masterson v. United States, Civil Action No. 05-1807, 2006 WL 1102802, at

*2-3 (D.D.C. April 26, 2006).  Accordingly, this Court will dismiss plaintiffs' damages claims

under Rule 12(b)(6).

## 2.  Claims for Refunds

     Plaintiffs Phillip Allen Dye, Rebecca Jane Dye, Galen Renee Beach and Vickie

Lynn Beach also appear to seek refunds of taxes collected by the United States.  See Compl.

¶ 98-3.  That relief is clearly barred by 26 U.S.C. § 7422, which provides in pertinent part:

> No suit or proceeding shall be maintained in any court for the
> recovery of any internal revenue tax alleged to have been
> erroneously or illegally assessed or collected . . . until a claim for
> refund or credit has been duly filed with the Secretary [of the
> Treasury], according to the provisions of law in that regard, and the
> regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).  As noted above, it does not appear that plaintiffs have pursued any

administrative remedies.  Plaintiffs' failure to file an administrative claim for a *refund* deprives

the Court of subject matter jurisdiction.  See Comm'r of Internal Revenue Serv. v. Lundy, 516

U.S. 235, 240 (1996) (noting that "timely filing of a refund claim is a jurisdictional prerequisite

to bringing [a refund] suit"); Mason v. United States, Civil Action No. 00-272, 2001 WL

241799, at *1 (D.C. Cir. Feb. 2, 2001); Lindsey v. United States, 448 F. Supp. 2d at 51-52.

Accordingly, the Court dismisses plaintiffs' claims for a refund under Rule 12(b)(1) of the

Federal Rules of Civil Procedure.  See Speelman v. United States, 461 F. Supp. 2d at 74-75;

Lindsey v. United States, 448 F. Supp. 2d at 60-61.

### 3.  Claims for Declaratory and Injunctive Relief

Plaintiffs Phillip Allen Dye, Rebecca Jane Dye, Galen Renee Beach and Vickie

Lynn Beach also request declaratory and injunctive relief against the assessment and collection of

taxes by the United States.  See, e.g., Compl. ¶ 98-1 (requesting declaratory relief); id. ¶ 98-2

(requesting injunctive relief).  The Court concludes that it is without subject matter jurisdiction to

grant either type of relief.

The power to grant declaratory relief in the federal courts is governed by the

Declaratory Judgment Act, 28 U.S.C. § 2201.  That statute provides, in relevant part:

> In a case of actual controversy within its jurisdiction, *except with*
> *respect to Federal taxes other than actions brought under section*
> *7428 of the Internal Revenue Code of 1986* . . . any court of the
> United States, upon the filing of an appropriate pleading, may
> declare the rights and other legal relations of any interested party
> seeking such declaration, whether or not further relief is or could
> be sought.

28 U.S.C. § 2201(a) (emphasis added).  In view of this express statutory language, this Court has

no jurisdiction to grant the declaratory relief plaintiffs seek.  Those claims are dismissed under

Rule 12(b)(1) of the Federal Rules of Civil Procedure.  See Speelman v. United States, 461 F.

Supp. 2d at 75; Lindsey v. United States, 448 F. Supp. 2d at 58.

> Plaintiffs' requests for injunctive relief are no more availing.  Suits for injunctive

relief against tax assessment or collection run afoul of the Tax Code's Anti-Injunction Act, 26

U.S.C. § 7421, which provides in relevant part:

> > Except as provided in sections 6015(e), 6212(a) and (c), 6213(a),
> > 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a)
> > and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining
> > the assessment or collection of any tax shall be maintained in any
> > court by any person, whether or not such person is the person
> > against whom such tax was assessed.

26 U.S.C. § 7421(a).  In essence, the Act bars claims seeking to enjoin the government from

assessing or collecting federal taxes, see Enochs v. Williams Packing & Navigation Co., 370

U.S. 1, 5 (1962) (stating that "[t]he object of § 7421(a) is to withdraw jurisdiction from the state

and federal courts to entertain suits seeking injunctions prohibiting the collection of federal

taxes"), unless those claims arise under one of the provisions enumerated in Section 7421.[7]

Thus, the Court has no jurisdiction to grant the injunctive relief plaintiffs seek.  Those claims are

dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  See Speelman v. United

States, 461 F. Supp. 2d at 75; Lindsey v. United States, 448 F. Supp. 2d at 59-60.

---

[7]    Courts have recognized two exceptions to this otherwise categorical rule:
injunctive relief may be available if "the plaintiff has no alternative legal avenue for challenging
a tax," South Carolina v. Regan, 465 U.S. 367, 373 (1984), or if the plaintiff "(1) [is] certain to
succeed on the merits, and (2) [can] demonstrate that collection [of the tax] would cause him
irreparable harm." Id. at 374.  Plaintiffs rely on neither exception, and the pleadings suggest that
neither applies.  For example, it is by no means clear that plaintiffs will suffer irreparable
injuries, and they certainly have alternative remedies: they may seek administrative review.

19

## C. Claims Against the States

Several plaintiffs seek to sue individual states directly, alleging that those states harmed them by enforcing certain state laws.  See, e.g., Compl. ¶¶ 56, 59, 63, 71, 74, 83, 86. These plaintiffs appear to rely on the Fourteenth Amendment, 42 U.S.C. § 1983 and, perhaps, 42 U.S.C. § 1985(3).  See, e.g., Compl. ¶ 13 (listing these provisions without reference to how they relate to the allegations); id. ¶ 56 (alleging that Delaware's enforcement of its tax code resulted in "taking of private property and substantive inalienable rights"); id. ¶ 71 (alleging that New Jersey's enforcement of its motor vehicle laws resulted in similar injuries); id. ¶ 74 (accusing the state of Kansas of conspiring to seize private property); id. ¶ 88 (apparently seeking damages for a brief civil contempt jailing of son).  Plaintiffs seek just compensation, damages, declaratory relief, and injunctive relief.  See id. ¶ 100 (just compensation and damages); id. ¶ 98-1 (declaratory relief); id. ¶ 98-2 (injunctive relief).

### 1. Claims for Just Compensation

Plaintiffs' Fourteenth Amendment just compensation claims against the states must be dismissed for the same reason that plaintiffs' Fifth Amendment just compensation claims against the United States were dismissed.  Plaintiffs' rote accusations of "unlawful" and "unauthorized" behavior, without more, are simply too conclusory to support the inference that the states' collection and enforcement actions rose to the level of actionable "takings."  Standing alone, these mere "labels and conclusions" do not meet Twombly's plausibility standard.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1964-65.  Accordingly, plaintiffs' just

compensation claims against the defendant states are dismissed for failure to state a claim under

Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### 2.  Claims for Damages

Plaintiffs also apparently seek damages against the state defendants directly under

the Fourteenth Amendment, 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3).  All plaintiffs but the

State of New Jersey move to dismiss these claims for lack of subject matter jurisdiction.  Because

subject matter jurisdiction "goes to the foundation of the court's power to resolve a case, and the

court is obliged to address it *sua sponte*," Doe by Fein v. District of Columbia, 93 F.3d 861, 871

(D.C. Cir. 1996), the Court considers the argument with respect to all defendants, including the

State of New Jersey.

The Eleventh Amendment has been interpreted as granting to states a broad

immunity against suit in federal court.  See, e.g., Bd. of Trustees of the Univ. of Ala. v. Garrett,

531 U.S. 356, 363-65 (2001); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); see

generally Hans v. Louisiana, 134 U.S. 1 (1890).  Generally, a court has no jurisdiction to hear a

plaintiff's claims against a state unless the state has waived its immunity or Congress has

abrogated its immunity.  See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89,

99-100 (1984).  A state's waiver of sovereign immunity must be voluntary, explicit and

unambiguous.  See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S.

666, 683 (1999); Edelman v. Jordan, 415 U.S. 651, 673 (1974).  A congressional abrogation of

state sovereign immunity is effective only if it is clear and unequivocal, see Quern v. Jordan, 440

U.S. 332, 343-44 (1999), and constitutes a valid exercise of congressional power.  See Kimel v.

Fla. Bd. of Regents, 528 U.S. 62, 80 (2000) (reaffirming that Congress has power to abrogate

state sovereign immunity pursuant to a valid exercise of its enforcement power under Section 5

of the Fourteenth Amendment); Alden v. Maine, 527 U.S. 706, 712 (1999) (holding that

Congress has no power to abrogate state sovereign immunity under Article I).  Plaintiffs have

made no attempt to show that the states of Delaware, Kansas, New Jersey and North Carolina

have waived their sovereign immunity with respect to damages claims brought directly under the

Fourteenth Amendment.  Nor have they shown that Congress has abrogated that immunity.

       In addition, Sections 1983 and 1985(3) do not abrogate state sovereign immunity

and permit damages actions directly against states.  See, e.g., Will v. Mich. Dep't of State Police,

491 U.S. 58, 71 (1989) (noting that a Section 1983 action may not be maintained against a state

because "neither a State nor its officials acting in their official capacities are 'persons' under

§ 1983"); Robus v. Pa. Dep't of Corr., Civil Action No. 04-2175, 2006 WL 2060615, at *4 (E.D.

Pa. July 20, 2006) (holding that "the Eleventh Amendment shields state officials acting in their

official capacity from suits for damages" under Sections 1983 and 1985(3)).  Thus, plaintiffs may

not rely on the Fourteenth Amendment, 42 U.S.C. § 1983, or 42 U.S.C. § 1985(3) to establish

federal court jurisdiction over their damages claims against the defendant states.  Accordingly,

those claims are dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### 3.  Claims for Declaratory and Injunctive Relief

       Plaintiffs also seek declaratory and injunctive relief against the defendant states'

tax collection and enforcement actions.  See Compl. ¶ 98-2.  Such relief is barred by the Tax

Injunction Act.  See 28 U.S.C. § 1341 ("The district courts shall not enjoin, suspend or restrain

the assessment, levy or collection of any tax under State law where a plain, speedy and efficient

remedy may be had in the courts of such State."). Accordingly, those claims are dismissed for

lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## V. CONCLUSION

Plaintiffs have set forth three categories of claims in their Complaint: (1) non-tax

claims against the United States, (2) tax claims against the United States, and (3) constitutional

and statutory claims against the state defendants. Plaintiffs' just compensation claims against the

United States must be dismissed for failure to state a claim, while plaintiffs' constitutional and

statutory damages claims against the United States are barred by the federal government's

sovereign immunity. With regard to plaintiffs' tax claims against the United States, plaintiffs'

failure to seek administrative remedies requires the Court to dismiss their claims for failure to

state a claim (in the case of plaintiffs' damages claims) and for lack of subject matter jurisdiction

(in the case of plaintiffs' claims for refunds, declaratory relief, and injunctive relief). Plaintiffs'

just compensation claims against the defendant states also fail to state a claim upon which relief

can be granted. Plaintiffs' remaining claims against the defendant states are barred by the states'

sovereign immunity and the Tax Injunction Act. Accordingly, the Court dismisses all of

plaintiffs' claims. An Order consistent with this Opinion will issue this same day.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: September 27, 2007

23