
National Flag Dye Family


Great Seal Dye Family


De-jure New Castle County Great Seal


De-jure Delaware Great State

## United States District Court de-jure
## For The District of Columbia

# RECEIVED

OCT 1 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| Phillip-Allen: Dye, Rebecca-Jane: Dye, Phillippo-Ali: Dey, Joseph-Frances: Peet, Galen-Renee: Beach and Vickie- Lynn: Beach Private Natural men and woman, Pembina Nation Little Shell Band of North America Lineal Descendant Members and Members of Moorish American Nation | ) ) ) ) ) ) ) ) |

Case No: 1:06-CV-1372

Paul L. Friedman de-jure judge

Suite in Equity Article III §-2 United States Constitution

Declaratory Injunctive Relief

V.

UNITED STATES, STATE OF DELAWARE, STATE OF NEW JERSEY, STATE OF KANSAS AND STATE OF NORTH CAROLINA

Defendants

Declaratory Compensation and Damages

Delivery Confirmation: 0306 0320 0002 1475 7525

## Mandatory Judicial-Notice of Adjudicative Facts:
### Abatement in Action with common-law rules and operation of Law:
#### Command to Cease and Desist De-facto Treasonous Operations Against Sovereigns:
#### Declaration of Non-Consent and Refusal For Fraud.

### Declaration: one

I the man called Phillip-Allen: Dye, I the woman called Rebecca-Jane: Dye, I the man called Phillippo-Ali: Dye, I the man called Joseph-Frances: Peet, I the man called Galen-Renee: Beach, I the woman called Vickie Lynn: Beach a sovereign without subjects holding the de-jure office of and for the de-jure sovereign people for and by my Great Seal, Family National Flag under the security and protection of the Great Seal, Flag and Organic Constitution for the de-jure United States of America Republic: Hereby declare, *"I do not consent to nor accept neither do I intend to consent or accept* the de-facto "MEMORANDUM OPINION AND ORDER" , the de-facto "OPINION" and the de-facto "ORDER AND JUDGMENT" issued by the defendant the "UNITED STATES OF AMERICA GOVERNMENT" via its de-facto official "UNITED STATES *JUDGE*" PAUL L. FRIEDMAN dated September 27, 2007. *Your de-facto documents are returned to you for Fraud in the inception and Fraud in the Factum and Felony Conversion.* See annexed documents.

### Declaration: two

For the de-facto offices of the private corporate business, HEAD QUARTERS "UNITED STATES OF AMERICA GOVERNMENT"; a de-facto Corporation privately trading as "UNITED STATES OF AMERICA", "UNITED STATES CHIEF EXECUTIVE", "UNITED STATES CONGRESS", "UNITED STATES DISTRICT COURTS", "UNITED STATES JUDGE and MAGISTRATE", "UNITED STATES CLERK OF COURT"; "UNITED STATES FEDERAL MARSHALS", "UNITED STATES APPEALS COURT", and "MANY OTHER CORPORATE COMMERCIAL ENTERPRISES as POLITICAL SUB-DIVISIONS, INSTRUMENTALITIES, AGENCIES AND AGENTS OF AND FOR THE UNITED STATES OF AMERICA" and d/b/a "United States of America" "United States Chief Executive" ("United States Cabinet Secretaries"), "United States Congress", "United States District Courts", "United States Judge and Magistrate", "United States Clerk of Court", "United States Federal Marshals", "United States

Appeals Courts" and "Many Other de-facto United States Corporate Commercial Enterprises as Political Sub-Divisions, Instrumentalities, Agencies and Agents of and for the United States of America."

## Declaration: three

HEAD QUARTERS "UNITED STATES OF AMERICA GOVERNMENT"; a de-facto Corporation is privately trading as "UNITED STATES OF AMERICA GOVERNMENT operating in COUNTERFEIT SECURITIES AND COUNTERFEIT SECURITIES OBLIGATIONS EXCHANGE" and "BLACK MARKET SECURITIES AND BLACK MARKET COUNTERFEIT SECURITIES OBLIGATIONS EXCHANGE" whereas the de-facto Corporation and all if its Political Sub-divisions, Instrumentalities, Agencies and Agents do not have any de-jure affiliation or association with the sovereign de-jure North America Republic confederation-government also known as the de-jure United States of America Nation/Country and are entirely illegal from its inception and hiding within the de-jure North America Republic confederation-government that is lawfully chartered with the de-jure Articles of Confederation and the de-jure Organic Constitution for the de-jure United States of American and Bill of Rights in and for the confederation-government.

## Declaration: four

For the de-facto "UNITED STATES OF AMERICA", a private corporation is not lawfully registered with the office of the de-jure Secretary of State for the de-jure North America Republic confederation-government also known as the de-jure United States of America, and therefore does not have a Lawful Charter while in operation at law.

## Declaration: five

For the men and women in the de-facto "UNITED STATES OF AMERICA GOVERNMENT" including the de-facto "UNITED STATES *DISTRICT COURT*", the de-facto "UNITED STATES *JUDGE*" PAUL L. FRIEDMAN, and the de-facto "UNITED STATES *CLERK* OF COURT" NANCY MAYER-WHITTINGTON; are usurping the authority of the de-jure officials of the district court and the de-jure authority of the men and women called the people in and for de-jure North America Republic confederation-government, also known as the United States of America confederation-government and the power of posse comitatus by operation of law.

## Declaration: six

For without the authority of the sovereign men and women holding the de-jure office of the sovereign people, there can be no official or officer, neither de-jure nor de-facto. For if the de-facto sovereign men and women in and for de-jure municipal, de-jure local, de-jure state and de-jure national confederation-government holding the office of the people have not authorized for such an office, then there can be no office to fill.

---

### Communication supporting this notice:

*The opinion of Justice Field delivered to the court in the United States Supreme Court Decision on the: NORTON v. SHELBY COUNTY, 118 U.S. 425 (1886) 118 U.S. 425: NORTON v. SHELBY CO., STATE OF TENNESSEE. Filed May 10, 1886"* provides substantial lawful support for the claims declared in this *Judicial-Notice* of Adjudicative Facts: *Abatement in Action with common-law rules and operation of Law.*

---

## Declaration: seven

For any debts or bonds, orders, opinions, or memorandums supporting counterfeit securities and counterfeit security obligations received, issued or created by any de-facto officers of "UNITED STATES OF AMERICA GOVERNMENT" a de-facto corporation completely foreign and privately-owned d/b/a for the de-facto "UNITED STATES *DISTRICT COURT*" as the de-facto "UNITED STATES *JUDGE*" PAUL L. FRIEDMAN, and as the de-facto "UNITED STATES *CLERK* OF COURT" NANCY MAYER-WHITTINGTON" are illegally doing business on land and hiding behind the de-jure lawful chartered United States of America and are without lawful standing and therefore their actions and decisions are null and void on its face for counterfeit-fraud-black marketing in the inception.

## Declaration: eight

For if the men and women holding the de-jure office of the sovereign people have never authorized any act attempting to create the de-facto offices of the de-facto "UNITED STATES OF AMERICA GOVERNMENT" or any other de-

facto government entity to govern the sovereign men and women in and for de-jure confederation-government, then no such law or office or official ever came into lawful de-jure existence. For the de-facto officers and officials of the de-facto Government Corporations called "UNITED STATES OF AMERICA GOVERNMENT" including the de-facto "UNITED STATES *DISTRICT COURT*", the de-facto "UNITED STATES *JUDGE*" PAUL L. FRIEDMAN, and the de-facto "UNITED STATES *CLERK* OF COURT" NANCY MAYER-WHITTINGTON are pretending that they hold de-jure offices and are de-jure officials, but the de-jure law has never recognized their pretensions to serve the sovereign people in and for de-jure confederation-government, and their de-facto pretensions do not possess any de-jure lawful standing or de-jure enforcement authority to render any action, to issue an order or memorandum against the de-jure sovereign men and women making their claim for retribution, permanent injunctive relief and compensation for private property taken without just compensation in this case; nor do their de-facto pretensions authorize the de-facto judge PAUL L. FRIEDMAN to enforce corporate administrative commercial court rules, procedures, opinions, decisions, orders, or any obligation repugnant to de-jure law contained in the de-jure Articles of Confederation, the de-jure Bill of Rights and the de-jure Organic State Constitutions and the de-jure Organic Constitution for the North America Republic confederation-government also known as the   de-jure United States of America Republic confederation-government.

### Declaration: nine

By the will of a man called Phillip-Allen: Dye, the woman called Rebecca-Jane: Dye, the man called Phillippo-Ali: Dey, the man called Joseph-Frances: Peet, the man called Galen-Renee: Beach and the woman called Vickie Lynn: Beach each, sovereigns without subjects holding the office in and for the sovereign people secured by their "Great Seal", "Country Flag" in and for their respective de-jure judicial-districts: within the North America Republic confederation-government, hereby *accept the oath of office of Paul L. Friedman*; to up-hold the office of United States judge; de-jure for the de-jure United States of America Republic  confederation-government to up hold and honor his oath of office by complying with his obligation and *sworn by oath fiduciary duty to protect the sovereign men and women and their claims* for redress, compensation, and permanent injunctive relief from the invasion, harm, danger and intrusions of any manner both foreign and domestic from all de-facto corporate entities: including the defendants and legal representatives as prescribed at the "Bill of Rights of the de-jure Organic United States of America Constitution and the de-jure Organic Constitutions for Delaware, New Jersey, Kansas and North Carolina throughout the entire de-jure North America Republic confederation-government that is also known as the United States of America confederation-government.

### Declaration: ten

The "Bill of Rights" for Delaware, New Jersey, Kansas and North Carolina de-jure and the de-jure United States of America each stand as "permanent injunctions" prohibiting the government de-jure or de-facto at any level from interfering with, invading, encroaching, making demands or enforcement of de-facto corporate administrative laws or the denying, taking or seizure of any unalienable substantive private property rights secured and protected thereby. Whereas the man called Paul L. Friedman; up-holding the de-jure office of federal district judge de-jure has sworn by oath to protect the sovereign claimants and their families as declared herein above from all de-facto actions foreign and or domestic, repugnant to the Bill of Rights and all actions repugnant to Constitutions throughout the de-jure North America Republic confederation-governments also known as the United States of America confederation-government including all its political subdivisions and instrumentalities there of and therein.

### Declaration: eleven

For all de-facto papers issued from the de-facto "UNITED STATES GOVERNMENT" "*a defendant in this matter* " via the "UNITED STATES *DISTRICT COURT*" de-facto *JUDGE*" PAUL L. FRIEDMAN, and the de-facto "UNITED STATES *CLERK* OF COURT" NANCY MAYER-WHITTINGTON" do not have a de-jure jurisdiction, nor a de-jure government seal; but do have language that reflects military style writing, and military style operation of law and are foreign, oppressive, coercive, demanding, forceful, invasive, regulative-controlling de-facto power denying the man called Phillip-Allen: Dye, the woman called Rebecca-Jane: Dye, the man called Joseph-Frances: Peet, the man called Phillippo-Ali: Dey, the man called Galen-Renee: Beach and the woman called Vickie Lynn: Beach the protection and security under de-jure law in force by way of the 4th and 5th Constitutional Amendments. Whereas this secured protection prohibits UNITED STATES *DISTRICT COURT*" de-facto *JUDGE*" PAUL L. FRIEDMAN from issuing memorandums, orders and opinions to influence and manipulate behavior forcing the de-jure sovereign men and women in this case from consenting, adhering to and conforming to military style corporate regulations totalitarian in nature, seizing and diminishing substantive private property rights: actions separate and alien from the de-jure Delaware, New Jersey, Kansas, North Carolina de-jure confederation-governments; their Great Seals and Flags and all de-jure North America confederation-governments throughout the North America Republic by their Great Seals, Flags and Organic Constitutions containing their Bill if Rights.

## Declaration: twelve

THEREFORE: The man called Paul L. Friedman; up-holding the office of federal district court judge de-jure is hereby commanded in and for a Permanent Declaratory Injunctive Relief Order from the de-jure United States Columbia District court declaring the "Immediate Permanent Cease and Desist" of the de-facto "UNITED STATES GOVERNMENT" and its political subdivisions the de-facto "STATE OF DELAWARE GOVERNMENT", the de-facto "STATE OF NEW JERSEY GOVERNMENT", the de-facto "STATE OF KANSAS GOVERNMENT" and the de-facto "STATE OF NORTH CAROLINA GOVERNMENT" including "UNITED STATES *DISTRICT COURT*" de-facto *JUDGE*" PAUL L. FRIEDMAN, and the de-facto "UNITED STATES *CLERK* OF COURT" NANCY MAYER-WHITTINGTON" de-facto corporate officials and officers and employees and all third party persons from approaching in any manner the sovereign a man called Phillip-Allen: Dye, the woman called Rebecca-Jane: Dye, the man called Phillippo-Ali: Dey, the man called Joseph-Frances: Peet, the man called Galen-Renee: Beach and the woman called Vickie Lynn: Beach or any member of their Family, each secured and protected via their Family "Great Seal", their Family Flag; who are also secured and protected through their de-jure county and de-jure state Great Seals and Flags including the de-jure United States of America Republic Great Seal and Flag from all operations of law in de-facto, corporate fiction. And to permanently cease and desist with any de-facto offer of protection, mental abuse, arrest or detainment, claims of oppression, claims of compliance to any de-facto corporate regulation, code, rule, policy, statute, or any other mental delusion, coming from the de-facto men and women in and for national and or international trade cartels, counterfeit securities exchanges, counterfeit securities obligations and or black market counterfeit securities and obligations starting with de-facto Head Quarters of the "UNITED STATES GOVERNMENT" and each of its political subdivisions hiding behind the lawfully chartered de-jure United States of America Republic confederation-government-constitution and the lawfully chartered de-jure states throughout the North America Republic: the United States of America Republic confederation-government.

## Declaration: thirteen

THEREFORE: The man called Paul L. Friedman; up-holding the office of federal district court judge de-jure is hereby commanded to issue the lawful directive-order to "do not extradite", "do not arrest", " do not use enforcement authority" for the N.C.I.C. system for no driver license, no registration, no proof of insurance and no traffic violations, and to communicate this down to your front line staff of the "SHERIFF" and "POLICE" departments and all law enforcement officers. For the names: Phillip-Allen: Dye, Rebecca-Jane: Phillippo-Ali: Dey, Dye, Joseph-Frances: Peet, Galen-Renee: Beach and Vickie Lynn: Beach by way of using 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 for communicating their non-corporate non-commercial non-resident identification number in de-facto and their private non-domestic mail locations on the land in the de-jure states on the land and their non-citizens, non-resident aliens dwelling on the land within the North America Republic de-jure confederation-government without the de-facto United States of America, private de-facto corporations. For this should clear up all and any confusion for your de-facto officers, officials and other agents "of who we the sovereign people are, and where their de-facto jurisdiction boundary restriction is limited".

## Declaration: fourteen

THEREFORE: The man called Paul L. Friedman; up-holding the office of federal district court judge de-jure is hereby commanded to immediately order de-facto State Motor Vehicle Department of Transportation Delaware, New Jersey, Kansas and North Carolina respectively, officials to post in the NCIC data system the proper lawful sovereign status of Phillip-Allen: Dye, Rebecca-Jane: Dye, Phillippo-Ali: Dey, Joseph-Frances: Peet, Galen-Renee: Beach and Vickie Lynn: Beach and all members of their sovereign Family declaring their sovereign immunity from the Corporate Motor Vehicle Statutes relating to driver license, registration, insurance or for any traffic violations including all other de-facto corporate administrative statutory regulations for easy recognition by all Dispatched Personnel: law enforcement officers. By posting in the NCIC database as "Do not approach, do not detain, do not arrest or do not extradite, do not interfere with their private travel or movement on the common ways, based on the declaration of facts contained herein this notice and the judicial-notice displayed on the private traveling equipment. "For translation purposes, do not detain, arrest or extradite for no driver license, registration, insurance or any traffic violation": WHEREAS, this posting in the NCIC secures and protects the claimant sovereign men and women and their de-jure sovereign Family from all de-facto corporate personnel from invading or encroachment actions.

## Declaration: fifteen

THEREFORE: The man called Paul L. Friedman; up-holding the office of federal district court judge de-jure is hereby commanded to immediately issue a permanent injunctive relief order declaring that the sovereign Phillip-Allen: Dye, Rebecca-Jane: Dye, Phillippo-Ali: Dey, Joseph-Frances: Peet, Galen-Renee: Beach and Vickie Lynn: Beach and their sovereign Family at large secured via the Family Great Seal and Flag are excluded from all "UNITED STATES

GOVERNMENT" including political subdivision state de-facto corporate administrative commercial codes, regulations, rules, policies, statutes or other wise repugnant to the "Bill of Rights" and the "Substantive Rights of all de-jure private sovereign Family members: claimants.

## Declaration: sixteen

WHEREAS: The actions of officials, regulation enforcement officers and all third party persons conducting business for the de-facto UNITED STATES GOVERNMENT enforcing de-facto regulations statutory codes upon sovereign men and women and their Family without the lawful jurisdiction of the STATES OF DELAWARE, NEW JERSEY, KANSAS AND NORTH CAROLINA each, de-facto corporations by lawful definition constitutes acts of treason. The crime of invading one's private person, private land, and other private property attempting to injure, kill and or overthrow the sovereign's de-jure government by forcing the sovereign to conform to the de-facto corporate internal regulations, statutory codes, rules policies or any other enforcement from the invading persons government.

## Declaration: seventeen

WHEREAS: The actions of officials, regulation enforcement officers and all third party persons conducting business for the "UNITED STATES GOVERNMENT" trading as de-facto political corporate subdivision, STATES OF DELAWARE, NEW JERSEY, KANSAS AND NORTH CAROLINA enforcing de-facto regulations statutory codes resulted in an attempt to overthrow the Phillip-Allen: Dye, Rebecca-Jane: Dye, Phillippo-Ali: Dey, Joseph-Frances: Peet, Galen-Renee: Beach and Vickie Lynn: Beach and their sovereign Family at large, their "de-jure Great Seal", and Family "de-jure Flag", and their de-jure Family at large and their "de-jure judicial-district seal", in and for their respective "de-jure sovereign confederation-government": Such actions by de-jure law constitute Treason.

## Declaration: eighteen

WHEREAS: the Public Servant Paul L. Friedman by his de-facto order, memorandum and opinion by operation of de-jure law has acquiesced to *"Aiding and Abetting Treason."* conduct of the defendants and their agents. The de-facto OPINION, MEMORANDUM OPINION AND ORDER, AND THE ORDER AND JUDGMENT in its entirety, issued by Paul L. Friedman clearly testify that he has abandoned his oath of office to regard the Constitution as the Supreme law of the land. His de-facto decisions violates the Bill of Rights Amendments one, four, five, fourteen to name a few. His actions by de-jure law constitutes treason against the Constitution and treason in aid and abetting the defendants in their attempt to overthrow the de-jure sovereignty of the claimants, their substantives right to due process and protection under the de-jure law. Each de-facto court rule cited, each de-facto administrative court decision referenced and each de-facto argument made by Paul L. Friedman is repugnant to the Constitution and Bill if Rights and therefore affirm that Paul L. Friedman acted without de-jure jurisdiction in aiding the treasonous claims of the defendants instead of protecting the sovereign claimants from the government defendants invading, seizing and overthrowing the sovereign men and women by de-facto treasonous acts.

WHEREAS: should my de-jure public servant the man called Paul L. Friedman choose to disobey the commanded directives declared by the sovereign men and women as published herein shall clearly demonstrate his knowingly refusing to perform his de-jure oath of office and de-jure fiduciary duty to perform said oath in a unlawful de-facto manner *"Aiding and Abetting Treason"* actions of the defendants and their de-facto agents and legal attorneys,

## Declaration: nineteen

WHEREAS: The actions of officials, regulation enforcement officers and all third party persons conducting business for the de-facto corporate Defendants enforcing de-facto regulations statutory codes upon sovereign men and women without the lawful jurisdiction of the "UNITED STATES GOVERNMENT" trading as de-facto political corporate subdivision, STATES OF DELAWARE, NEW JERSEY, KANSAS AND NORTH CAROLINA a de-facto corporation violate the permanent injunction of the de-jure Delaware Constitution and Bill of Rights and the de-jure Constitution and Bill of Rights for the de-jure North America United States, constitutes treason.

## Declaration: twenty

WHEREAS: The United States Supreme Court has clearly, and repeatedly, held that any judge who acts without jurisdiction is engaged in an act of treason.
- U.S. v. Will, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L.Ed.2d 392, 406 (1980);
- Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257 (1821).

WHEREAS: Engaging in an act of treason against the United States Constitution by any citizen of the United States is an act of war against the United States.
- Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401 (1958).

## Declaration: twenty-one

Therefore: I the man called Phillip-Allen: Dye, I the woman called Rebecca-Jane: Dye, I the man called Phillippo-Ali: Dye, I the man called Joseph-Frances: Peet, I the man called Galen-Renee: Beach, I the woman called Vickie Lynn: Beach a sovereign without subjects holding the de-jure office of and for the de-jure sovereign people for and by my Great Seal, Family National Flag under the security and protection of the Great Seal, Flag and Organic Constitution for the de-jure United States of America Republic: Hereby declare, *"I do not consent to nor accept neither do I intend to consent or accept* the de-facto "MEMORANDUM OPINION AND ORDER" , the de-facto "OPINION" and the de-facto "ORDER AND JUDGMENT" issued by the defendant the "UNITED STATES OF AMERICA GOVERNMENT" via its de-facto official "UNITED STATES *JUDGE*" PAUL L. FRIEDMAN dated September 27, 2007. *Your de-facto documents are returned to you for Fraud in the inception and Fraud in the Factum and Felony Conversion.* See annexed documents

Therefore: The man called Paul L. Friedman; up holding the office of the district court judge de-jure; *Take Notice:* any delay beyond 72 hours – three days or refusal in your performance of the mandatory commands declared herein will result in your actions of *"Aiding and Abetting"* treasonable actions of all parties declared herein above: will result in affirming our intent to submit to the de-jure Congress to investigate and try for treason.

Therefore: *A Notice of "Aiding and Abetting" and "Treason"* shall be submitted to the de-jure United States Congress for a full investigation and prosecution of treason of all officials involved in de-facto activity against the sovereign man and women the complainants in this matter and their de-jure Family at large.

## Declaration: twenty-two

By the will of a Phillip-Allen: Dye, Rebecca-Jane: Dye, Phillippo-Ali: Dey, Joseph-Frances: Peet, Galen-Renee: Beach and Vickie Lynn: Beach a sovereign without subjects holding the office of and for the sovereign people in and for their de-jure judicial-district in and for the de-jure confederation-government adheres in and for just weights and measures and de-jure county government offices. For the intent of this abatement is to simply exercise the right to travel freely from place to place on the common-ways, on the land, without any harassment of arrest, threat of kidnap, duress of forced contract or coercion into a foreign law by trained de-facto officers. For this is the main problem that men and women with the status of sovereign without subjects are faced with daily while traveling through other venues and jurisdictions. For I the sovereign choose not to live in fantasyland or an altered state of mind called confusion, deceived and corrupted.

## Declaration: twenty-three

By the will of Phillip-Allen: Dye, Rebecca-Jane: Dye, Phillippo-Ali: Dey, Joseph-Frances: Peet, Galen-Renee: Beach and Vickie Lynn: Beach here and now declare as sovereigns who chose to remain as such and accept no forcible and undesired and unwanted corporate de-facto regulation of any kind.

So done in and for my Great Seal in and for the perpetual confederation-government without pagan intent on this day with the authority of the one living Sovereign Deity: Elohiym: the Creator: High Priest-King, King of Kings: Ishi.

## Declaration: twenty-four

Signed, sealed and delivered by Phillip-Allen: Dye with the *"Full Consent"* of Phillip-Allen: Dye, Rebecca-Jane: Dye, Phillippo-Ali: Dey, Joseph-Frances: Peet, Galen-Renee: Beach and Vickie Lynn: Beach on the seventh day of the tenth month, of the year of two: thousand-seven [10/07/2007] at the day and year of the resurrected living Sovereign Deity: Elohiym: the Creator: High Priest-King, King of Kings: Ishi.

Send reply to: Phillip-Allen: Dye
403 Union Church Road
Townsend 19734-9999
Delaware: the country

For the Great Seal of Phillip-Allen: Dye Family a sovereign holding the office of and for the sovereign people in and for the de-jure seventh judicial-district fin and or New Castle: the county Delaware: the country in and for the North America Republic de-jure confederation-government.





Phillip-allen: Dye    Phillip-Allen: Dye

# Declaration of Service

I Phillip-Allen: Dye declare that I served the "Mandatory Judicial-Notice of Adjudicative Facts: Abatement in Action with common-law rules and operation of Law: Command to Cease and Desist De-facto Treasonous Operations Against Sovereigns: Declaration of Non-Consent and Refusal For Fraud" to the following electronic mail on October 9, 2007.

1. Stephen O. Phillips phillips@ksag.org, ALEXANDS@ksag.org
2. Albert D. Barnes albert.barnes@dol.lps.state.nj.us
3. Thomas J. Jaworski thomas.j.jaworski2@usdoj.gov eastern.taxcivil@usdoj.gov
4. Grady L. Balentine, Jr gbalentine@ncdoj.gov
5. Marc P. Niedzielski marc.niedzielski@state.de.us



Send reply to: Phillip-Allen: Dye
403 Union Church Road
Townsend 19734-9999
Delaware: the country

For the Great Seal of Phillip-Allen: Dye Family a sovereign holding the office of and for the sovereign people in and for the de-jure seventh judicial-district fin and or New Castle: the county Delaware: the country in and for the North America Republic de-jure confederation-government.

*Phillip-Allen: Dye*    *Phillip-Allen: Dye*





|  | DCD_ECFNotice@dcd.uscou | To | DCD_ECFNotice@dcd.uscourts.gov |
|---|---|---|---|
|  | rts.gov | cc |  |
|  | 09/27/2007 05:03 PM | bcc |  |
|  |  | Subject | Activity in Case 1:06-cv-01372-PLF DYE et al v. UNITED STATES et al Memorandum & Opinion |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* There is no charge for viewing opinions.**

### U.S. District Court

### District of Columbia

## Notice of Electronic Filing

The following transaction was entered on 9/27/2007 at 5:03 PM and filed on 9/27/2007

| **Case Name:** | DYE et al v. UNITED STATES et al |
|---|---|
| **Case Number:** | 1:06-cv-1372 |
| **Filer:** |  |
| **Document Number:** | 26 |

**Docket Text:**
OPINION granting defendants' motion to dismiss. Signed by Judge Paul L. Friedman on September 27, 2007. An order consistent with this opinion will issue this same day. (MA)


**1:06-cv-1372 Notice has been electronically mailed to:**
Stephen O. Phillips phillips@ksag.org, ALEXANDS@ksag.org
Albert D. Barnes albert.barnes@dol.lps.state.nj.us
Thomas J. Jaworski thomas.j.jaworski2@usdoj.gov, eastern.taxcivil@usdoj.gov
Grady L. Balentine, Jr gbalentine@ncdoj.gov
Marc P. Niedzielski marc.niedzielski@state.de.us

**1:06-cv-1372 Notice will be delivered by other means to::**

GALEN RENEE BEACH


VICKIE LYNN BEACH


PHILLIPPO ALI DEY

PHILLIP ALLEN DYE
403 Union Church Road
Townsend, DE 19734

REBECCA JANE DYE

MEMBERS OF MOORISH AMERICAN NATION

JOSEPH FRANCES PEET

PEMBINA NATION LITTLE SHELL BAND OF NORTH AMERICA LINEAL
DESCENDANT MEMBERS

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**O:\ECF\06-1372.Dye.Revised.Opinion.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=9/27/2007] [FileNumber=1565609-0]
[3b605b452e55f368d67809774d45e68e33a060bafd0ad142cfdd5bda1105f919500c
bced9767ba1070a28c5ba1e6fbc8f1fbef37d169109940ce7eaf869ff906]]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHILLIP ALLEN DYE, et al.,

v.

UNITED STATES, et al.,

Defendant.

I do not Consent to the offer of the
MEMORANDUM OPINION AND ORDER
and have no intention to consent.

)
)
)                    Civil Action No. 06-1372 (PLF)
)
)
)

Refuse for fraud in the inception and fraud in

the factum and felony conversion.

*Phillip-Allen:Dye   Phillippo-ali Dey*
*Rebecca-Jane: Dye   Galen-Rena-Beach*
*Joseph-Francis: Raf  vicki-Dyy Beach*

## MEMORANDUM OPINION AND ORDER

The Court has before it a filing by plaintiffs captioned "Demand for Recuse of

Judicial Official and Notice of Initiation of Criminal and Civil Actions Against All Involved in

Case," which requests that the undersigned recuse himself or be removed from this case. The

Demand, which the Court will treat as a recusal motion, is denied.

The statute governing recusal of judges, 28 U.S.C. § 455(a), requires a federal

judge to "disqualify himself in any proceeding in which his impartiality might reasonably be

questioned." 28 U.S.C. § 455(a). Canon 3(C) of the Code of Conduct for United States

Judges similarly advises that federal judges should disqualify themselves where their

"impartiality might reasonably be questioned." See CODE OF CONDUCT FOR UNITED STATES

JUDGES, Canon 3(C)(1), *reprinted in* 2 GUIDE TO JUDICIARY POLICIES AND PROCEDURES,

ch. I. Under both Section 455(a) and the Code of Conduct, the test to be applied in

determining whether an appearance of impropriety exists is an objective one that should be

measured from the perspective of a disinterested reasonable person with knowledge of all the

relevant facts and circumstances. See In re Barry, 946 F.2d 913, 914 (D.C. Cir. 1991)

(appearance-of-partiality test is objective one, depending upon whether "an informed observer would reasonably question the judge's impartiality"); CODE OF CONDUCT FOR UNITED STATES JUDGES, Canon 2, cmt. 2A ("The test for appearance of impropriety is whether the conduct would create in reasonable minds, with knowledge of all the relevant circumstances that a reasonable inquiry would disclose, a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality, and competence is impaired.").

Furthermore, courts have held that any alleged partiality or appearance of partiality must result from knowledge or bias acquired outside judicial proceedings and not from the court's previous rulings or decisions in the case. See Liteky v. United States, 510 U.S. 540, 554 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion."); United States v. Barry, 961 F.2d 260, 263 (D.C. Cir. 1992) (when seeking recusal under Section 455(a), "the appearance of bias or prejudice must stem from an extrajudicial source"); Tripp v. Executive Office of the President, 104 F. Supp. 2d 30, 34 (D.D.C. 2000) (Lamberth, J.) (quoting Liteky v. United States, 510 U.S. at 555) ("To sustain its burden and compel recusal under Section 455(a), the moving party must demonstrate the court's reliance on an 'extrajudicial source' that creates an appearance of partiality or, in rare cases, where no extrajudicial source is involved, the movant must show a 'deep-seated favoritism or antagonism that would make fair judgment impossible.'").

So far as the Court can discern, plaintiffs allege that the undersigned has breached obligations of his office as a public servant obligated to uphold the Constitution and the Bill of Rights, among numerous other obligations, by denying plaintiffs' demand for default or default judgment against all defendants in an order issued on February 2, 2007.

2

Plaintiffs' disagreement and disappointment with the undersigned's decision of February 2, 2007 is an insufficient basis under the recusal statute and the case law just discussed to merit recusal in this case.

Motions to recuse are dangerous weapons, too often misused for purposes of forum shopping, delay and seeking to cause disruption to the judicial process. That is why the courts have looked with disfavor on such motions, why Congress has provided for recusal in very limited circumstances, and why the Supreme Court and our own court of appeals have said that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." Tynan v. United States, 376 F.2d 761, 765 (D.C. Cir. 1967); see Laird v. Tatum, 409 U.S. 824, 837 (1972) (Rehnquist, J.). See also Macdraw, Inc. v. CIT Group Equipment Financing, Inc., 138 F.3d 33, 38 (2d Cir.), *cert. denied*, 525 U.S. 874 (1998); In re Executive Office of the President, 215 F.3d 25, 25 (D.C. Cir. 2000) (Tatel, J.). For these reasons, the Court will deny defendant's request that the undersigned recuse himself. Upon consideration of the foregoing, it is hereby

ORDERED that plaintiffs' Demand for Recuse of Judicial Official and Notice of Initiation of Criminal and Civil Actions Against All Involved in Case (Docket No. 19) is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: September 27, 2007

3



| | | |
|---|---|---|
| DCD_ECFNotice@dcd.uscourts.gov<br>09/27/2007 12:10 PM | To | DCD_ECFNotice@dcd.uscourts.gov |
| | cc | |
| | bcc | |
| | Subject | Activity in Case 1:06-cv-01372-PLF DYE et al v. UNITED STATES et al Order |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

## U.S. District Court

## District of Columbia

### Notice of Electronic Filing

The following transaction was entered on 9/27/2007 at 12:10 PM and filed on 9/27/2007

**Case Name:**            DYE et al v. UNITED STATES et al
**Case Number:**          1:06-cv-1372
**Filer:**
**Document Number:**      24

**Docket Text:**
MEMORANDUM OPINION AND ORDER denying [19] plaintiffs' demand for recuse of judicial official and notice of initiation of criminal and civil actions against all involved in case. Signed by Judge Paul L. Friedman on September 27, 2007. (MA)


**1:06-cv-1372 Notice has been electronically mailed to:**
Stephen O. Phillips phillips@ksag.org, ALEXANDS@ksag.org
Albert D. Barnes albert.barnes@dol.lps.state.nj.us
Thomas J. Jaworski thomas.j.jaworski2@usdoj.gov, eastern.taxcivil@usdoj.gov
Grady L. Balentine, Jr gbalentine@ncdoj.gov
Marc P. Niedzielski marc.niedzielski@state.de.us

**1:06-cv-1372 Notice will be delivered by other means to::**

GALEN RENEE BEACH


VICKIE LYNN BEACH

PHILLIPPO ALI DEY

PHILLIP ALLEN DYE
403 Union Church Road
Townsend, DE 19734

REBECCA JANE DYE


MEMBERS OF MOORISH AMERICAN NATION


JOSEPH FRANCES PEET


PEMBINA NATION LITTLE SHELL BAND OF NORTH AMERICA LINEAL
DESCENDANT MEMBERS


The following document(s) are associated with this transaction:


**Document description:**Main Document
**Original filename:**O:\ECF\06-1372.recuse.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=9/27/2007] [FileNumber=1564872-0]
[5aa641aec90a61ac734137d4bbabac95040b51975347d722b17312d00aa18cdb889d
1814f9f5ed5c7a65cca5797f783c36f88ef3e7e1b2dd4eb1a16e2f73caba]]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

I Donot Consent the offer of **ORDER AND JUDGMENT** and have no intention to consent.

Refuse for fraud in the inception and fraud in the factum and felony conversion.

PHILLIP ALLEN DYE, et al.,                    )

               Plaintiffs,          )

               v.                    )    Civil Action No. 06-1372 (PLF)

UNITED STATES, et al.,                         )

               Defendants.          )

*Philip - allen: Dye    Phillippo - ali: Dey*
*Rebecca - Jane: Pye    Julia - Roma: Beach*
*Joseph - fiances: Past    Vicki: Lynn: Beach*

ORDER AND JUDGMENT

For the reasons stated in the Opinion issued this same day, it is hereby

ORDERED that defendant United States' Motion to Dismiss [11] is GRANTED; it is

FURTHER ORDERED that defendant State of Delaware's Motion to Dismiss [18] is GRANTED; it is

FURTHER ORDERED that defendant State of Kansas' Motion to Dismiss [9] is GRANTED; it is

FURTHER ORDERED that defendant State of New Jersey's Motion to Dismiss Complaint as to the State of New Jersey Pursuant to F. R. Civ. P. 12(b)(3) and 12(b)(6) [7] is GRANTED; it is

FURTHER ORDERED that defendant State of North Carolina's Motion to Dismiss on Behalf of Defendant State of North Carolina Pursuant to F. R. Civ. P. 12(b)(1) and (3) [10] is GRANTED; it is

FURTHER ORDERED that plaintiffs' motions entitled "Plaintiffs Demand

Default Judgment Against Each Defendant And Declaratory Injunctive Relief with

Compensation For Damages With Notice of Public Servant Criminal Misconduct" [15]; "Notice

of Adjudicative Facts of Void Order Ab Initio Petition-Demand To Correct the Wrong" [20];

"Counsel's Motion Is Inadmissible and Constitute a Breach of Contract and An Attempt To Over

Throw the United States Government and Its Constitution" [21]; and "Counsel's Response To

Plaintiff's Motion For Default Judgment Is Inadmissible and Constitute a Breach of Contract and

An Attempt To Over Throw The United States Government and Its Constitution" [23] are

DENIED; it is

FURTHER ORDERED that this case is dismissed from the docket of this Court.

This is a final appealable order. See FED. R. APP. P. 4(a).

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: September 27, 2007



DCD_ECFNotice@dcd.uscou
rts.gov
09/27/2007 05:00 PM

To  DCD_ECFNotice@dcd.uscourts.gov
cc
bcc
Subject  Activity in Case 1:06-cv-01372-PLF DYE et al v. UNITED
STATES et al Order on Motion to Dismiss

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once
without charge. To avoid later charges, download a copy of each document during this first
viewing.**

### U.S. District Court

### District of Columbia

## Notice of Electronic Filing

The following transaction was entered on 9/27/2007 at 5:00 PM and filed on 9/27/2007

| | |
|---|---|
| **Case Name:** | DYE et al v. UNITED STATES et al |
| **Case Number:** | 1:06-cv-1372 |
| **Filer:** | |
| **Document Number:** | 25 |

**Docket Text:**
ORDER AND JUDGMENT granting [7] Motion to Dismiss; granting [9] Motion to Dismiss for
Lack of Jurisdiction; granting [10] Motion to Dismiss for Lack of Jurisdiction; granting [11]
Motion to Dismiss; granting [18] Motion to Dismiss for Lack of Jurisdiction. Signed by Judge
Paul L. Friedman on September 27, 2007. (MA)

**1:06-cv-1372 Notice has been electronically mailed to:**
Stephen O. Phillips phillips@ksag.org, ALEXANDS@ksag.org
Albert D. Barnes albert.barnes@dol.lps.state.nj.us
Thomas J. Jaworski thomas.j.jaworski2@usdoj.gov, eastern.taxcivil@usdoj.gov
Grady L. Balentine, Jr gbalentine@ncdoj.gov
Marc P. Niedzielski marc.niedzielski@state.de.us

**1:06-cv-1372 Notice will be delivered by other means to::**

GALEN RENEE BEACH


VICKIE LYNN BEACH

PHILLIPPO ALI DEY

PHILLIP ALLEN DYE
403 Union Church Road
Townsend, DE 19734

REBECCA JANE DYE

MEMBERS OF MOORISH AMERICAN NATION

JOSEPH FRANCES PEET

PEMBINA NATION LITTLE SHELL BAND OF NORTH AMERICA LINEAL
DESCENDANT MEMBERS

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**O:\ECF\06-1372.dye.final.order.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=9/27/2007] [FileNumber=1565599-0]
[aa372e4f70de3a7b1c3a1a8357ba55ead53ebf4a08495d341d3a069db657b8f18d4c
7208f5e623e871456fbd27298a5233134a56ecd2bf46eec5078ddefbe8d6]]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**I Do not Consent to the offer of <u>ORDER</u>**

**<u>AND JUDGMENT</u> and have no intention**

|  |  |
|---|---|
| PHILLIP ALLEN DYE, et al., | ) |
| Plaintiffs, | ) |
| v. | ) |
| UNITED STATES, et al., | ) |
| Defendants. | ) |

**to consent.**

**Refuse for fraud in the inception and fraud**

**in the <u>factum</u> and <u>felony conversion</u>.**

Civil Action No. 06-1372 (PLF)

*Phillip - allen : Dye   Phillipp - alli : Dey*
*Rebecca Jane : Dye   Solei ; Renee Beach*
*Joseph - frevess : Peat   Vicki - Lynn Beach*

OPINION

I. BACKGROUND

        This matter is before the Court on the motions to dismiss of defendants the United

States, Kansas, Delaware, New Jersey and North Carolina. On August 1, 2006, several *pro se*

plaintiffs filed suit against defendants seeking a wide range of relief from a litany of legal

proceedings, including a federal tax lien, a state property foreclosure, a traffic ticket, an arrest

warrant for contempt of court, a jailing for contempt of court, a sale of a house at a sheriff's sale,

a fraud conviction and a tax warrant. See Complaint for Ex Parte Declaratory Injunctive Relief

And Compensation and Damages To Enjoin Enforcement of Administrative Codes ("Compl.")

Exs. B-L. Plaintiffs alleged, in essence, that these governments' enforcement of various laws

violated their rights under the Constitution, civil rights statutes and statutes providing causes of

action for aggrieved taxpayers. See id. ¶¶ 53, 57, 59, 62, 66, 71, 74, 77, 80, 83, 86, 88.

1

Defendants moved to dismiss on a panoply of grounds, including lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient service of process and failure to state a claim upon which relief may be granted.[1]  On November 1, 2006, plaintiffs filed a document entitled "Counsel's Responses Are Inadmissible and Defendants Are In Default Plaintiffs Direct The Court To Docket A Default Judgment Against Each Defendant For the Relief Demanded in the Complaint."  Although the meaning and purposes of this document are not entirely clear, the Court treats it as an opposition to the defendants' motions to dismiss, and henceforth refers to it as Plaintiffs' Opposition to Motions to Dismiss ("Pls.' Opp.").[2]

---

[1]    Defendants have filed the following motions to dismiss: United States' Motion to Dismiss ("U.S. Mot.") (seeking dismissal under Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure); State of Delaware's Motion to Dismiss ("Del. Mot.") (seeking dismissal under Rules 12(b)(1) and 12(b)(2) of the Federal Rules of Civil Procedure); Defendant State of Kansas' Motion to Dismiss ("Kan. Mot.") (seeking dismissal under Rules 12(b)(1) and 12(b)(3) of the Federal Rules of Civil Procedure); Motion to Dismiss Complaint as to the State of New Jersey Pursuant to F. R. Civ. P. 12(b)(3) and 12(b)(6) ("N.J. Mot."); and Motion to Dismiss on Behalf of Defendant State of North Carolina Pursuant to F. R. Civ. P. 12(b)(1) and (3) ("N.C. Mot.").

[2]    Plaintiffs have since filed several other documents.  See Plaintiffs Demand Default Judgment Against Each Defendant And Declaratory Injunctive Relief with Compensation For Damages With Notice of Public Servant Criminal Misconduct [15], Demand for Recuse of Judicial Official and Notice of Initiation of Criminal and Civil Actions Against All Involved in Case [19]; Notice of Adjudicative Facts of Void Order Ab Initio Petition-Demand To Correct the Wrong [20]; Counsel's Motion Is Inadmissible and Constitute a Breach of Contract and An Attempt To Over Throw the United States Government and Its Constitution [21]; Counsel's Response To Plaintiff's Motion For Default Judgment Is Inadmissible and Constitute a Breach of Contract and An Attempt To Over Throw The United States Government and Its Constitution [23].

Plaintiffs' motion for default judgment was denied as to defendants the United States, Kansas, New Jersey and North Carolina on February 2, 2007.  See Dye v. United States, Civil Action No. 06-1372, Order (D.D.C. Feb. 2, 2007).  To the extent documents 20, 21 and 23 seek similar relief against those defendants, they are barred by the above order.  The Court declines to enter default judgment against defendant Delaware because it appears that its submissions would have been timely but for administrative misunderstandings.  See Def.'s Mot.

## II. PLAINTIFFS' CLAIMS

Plaintiffs bring eleven claims altogether, referred to as either "declarations" or "allegations" in the Complaint. While the nature and bases of these claims often are difficult to determine, they appear to be as follows:

Plaintiffs Phillip Allen Dye and Rebecca Jane Dye allege in the "First Declaration: United States Defendant Enforce Tax Code" that the United States' enforcement of the Internal Revenue Code and its "unlawful, unauthorized and unreasonable tax collection practices" have resulted in "invasion, seizure and taking of private property and substantive inalienable rights." Compl. ¶ 53. The claim seems to center on a lien placed against their property as a result of their failure to pay federal income taxes. See id. Ex. B.

Plaintiffs Phillip Allen Dye and Rebecca Jane Dye allege in the "Second Declaration: State of Delaware Defendants Enforce State Tax Codes" that Delaware's enforcement of the Delaware Tax Code and its "unlawful, unauthorized and unreasonable tax collection practices" have resulted in "invasion, seizure and taking of private property and substantive inalienable rights." Compl. ¶ 56. The claim seems to center on a lien placed against their property as a result of their failure to pay state income taxes. See id. Ex. C.

Plaintiffs Phillip Allen Dye and Rebecca Jane Dye allege in the "Third Declaration: Defendants United States and State of Delaware Conspire In Seizure of Private

---

to Extend the Time to Plead at 1-2 [17]. To the extent plaintiffs seek recusal of the undersigned, the motion is denied by separate Memorandum Opinion and Order issued this same day, as plaintiffs have not alleged, and this judge is unaware of, any extrajudicial conduct on the part of the undersigned that would lead an objective, informed observer to question the Court's impartiality. See 28 U.S.C. § 455(a); In re Barry, 946 F.2d 913, 914 (D.C. Cir. 1991). Finally, to the extent these documents seek declaratory or other relief, they are denied for the reasons set out below.

3

Property" that the United States and Delaware conspired to seize their property "via fictitious

mortgage loan claims, fraudulent conveyance of private property via judicial orders prohibiting

plaintiffs from filing arguments, motions necessary of due process." Compl. ¶ 59. The claim

seems to center on a foreclosure of property pursuant to a federal bankruptcy court order. See id.

Ex. D.

        Plaintiff Phillip Allen Dye alleges in the "Fourth Declaration: Corporate State of

Delaware Enforcement of Motor Vehicle Department Annotated Code and Statutes" that

Delaware's enforcement of the Motor Vehicle Code and its "unlawful, unauthorized practices"

have resulted in "invasion, seizure and taking of private property and substantive inalienable

rights." Compl. ¶ 63. The claim seems to center on an order to appear before a court for

violating various provisions of Delaware's motor vehicle laws. See id. Ex. E.

        Plaintiff Phillippo Ali Dey alleges in the "Fifth Declaration: Defendant United

States Enforcement of Administrative Court Rules of Procedure" that the enforcement of the

Federal Rules of Civil Procedure by the United States District Courts for the Districts of New

Jersey and Kansas deprived him of "access to due process and equal protection under the law."

Compl. ¶ 66. The claim seems to center on the courts' refusal to allow him to act as legal

counsel for co-plaintiffs Joseph Frances Peet, Galen Renee Beach and Vickie Lynn Beach. See

id. Ex. F.

        Plaintiff Joseph Frances Peet alleges in the "Sixth Declaration: Corporate State of

New Jersey Enforcement of Motor Vehicle Department Annotated Code and Statutes" that New

Jersey's enforcement of the New Jersey Motor Vehicle Code and its "unlawful, unauthorized

practices" have resulted in "invasion, seizure and taking of private property and substantive

4

inalienable rights." Compl. ¶ 71.  The claim seems to center on an arrest for contempt of court as a result of multiple unanswered traffic summons.  See id. Ex. G.

Plaintiffs Galen Renee Beach and Vickie Lynn Beach allege in the "Seventh Allegation: Defendants United States and State of Kansas Conspire In Seizure of Private Land Property" that the enforcement of bankruptcy laws by the United States and Kansas resulted in "unlawful, unauthorized and unreasonable seizure of private property practices" and "invasion, seizure and taking of private property and substantive inalienable rights." Compl. ¶ 74.  The claim seems to center on a foreclosure sale of their property in Kansas pursuant to a federal bankruptcy court order.  See id. Ex. H.

Plaintiffs Galen Renee Beach and Vickie Lynn Beach allege in the "Eighth Declaration: Defendant United States Enforcement of Administrative Court Rules of Procedure" that the United States has enforced its bankruptcy laws through "unlawful, unauthorized [and] unreasonable court room practices" and rules of procedure, resulting in "invasion, seizure and taking of private property and substantive inalienable rights." Compl. ¶ 77.  The claim seems to center on an indictment on several counts of insurance and bankruptcy fraud in the United States District Court for the District of Kansas.  See id. Ex. I.

Plaintiffs Galen Renee Beach and Vickie Lynn Beach allege in the "Ninth Declaration: United States Defendant Enforce Tax Code Resulting in Injury to Plaintiff-Private Citizens" that the United States' enforcement of the Internal Revenue Code and its "unlawful, unauthorized and unreasonable tax collection practices" have resulted in "invasion, seizure and taking of private property and substantive inalienable rights." Compl. ¶ 80.  The claim seems to center on a legal notice of deficiency resulting from their failure to pay federal income taxes.  See

5

id. Ex. J.

Plaintiffs Galen Renee Beach and Vickie Lynn Beach allege in the "Tenth

Declaration: Defendant State of Kansas Enforce Tax Code Resulting in Injury to Plaintiff-Private

Citizens" that Kansas' enforcement of the Kansas Tax Code and its "unlawful, unauthorized and

unreasonable income tax collection practices" have resulted in "invasion, seizure and taking of

private property and substantive inalienable rights." Compl. ¶ 83. The claim seems to center on

an income tax collection warrant issued by the State of Kansas. See id. Ex. K.

Finally, plaintiffs Phillip Allen Dye and Rebecca Jane Dye allege in the "Eleventh

Allegation: The State of North Carolina Enforcement of Statutes Resulting in Injury to Private

Citizens" that North Carolina's enforcement of various statutes has resulted in "invasion, seizure

and taking of private property and substantive inalienable rights." Compl. ¶ 86. The claim

seems to center on a brief civil contempt jailing of plaintiffs' son, Daniel Alden Dye, for failure

to pay child support. See id. ¶ 87; id. ¶ 101-k; id. Ex. L.

As discussed below, plaintiffs request just compensation for the taking of

property, damages for the unlawful collection of taxes, relief in the form of tax refunds,

declaratory relief and injunctive relief. Although plaintiffs refer to many constitutional and

statutory provisions, it is rarely clear which provisions support their claims and justify the

remedies they seek. For purposes of this Opinion, and after making every effort to understand

the Complaint and other filings, the Court assumes that the plaintiffs intend to assert claims

against the federal government primarily under the Fifth Amendment, 42 U.S.C. § 1983, 42

U.S.C § 1985(3), 26 U.S.C. § 7422 and 26 U.S.C. § 7433, and against the defendant states

primarily under the Fourteenth Amendment, 42 U.S.C. § 1983 and 42 U.S.C § 1985(3).

6

### III. MOTIONS TO DISMISS AND STANDARDS OF REVIEW

*A. Motions to Dismiss Under Rule 12(b)(1)*

The United States and the states of Delaware, Kansas and North Carolina move to dismiss plaintiffs' claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The gist of these motions is that state and federal sovereign immunity operate to deprive this Court of jurisdiction over plaintiffs' claims. See, e.g., Mem. of Points and Authorities in Supp. of United States' Mot. to Dismiss at 1-5; Mem. of Points and Authorities in Supp. of Def. State of Kansas' Mot. to Dismiss at 2-4.

Federal courts are courts of limited jurisdiction. They may hear only those cases entrusted to them by a grant of power contained in either the Constitution or in an act of Congress. See, e.g., Loughlin v. United States, 393 F.3d 155, 170 (D.C. Cir. 2004); Hunter v. District of Columbia, 384 F. Supp. 2d 257, 259 (D.D.C. 2005); Srour v. Barnes, 670 F. Supp. 18, 20 (D.D.C. 1987) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511 (1973)). Plaintiffs bear the burden of establishing subject matter jurisdiction, see Brady Campaign to Prevent Gun Violence v. Ashcroft, 339 F. Supp. 2d 68, 72 (D.D.C. 2004), although *pro se* complaints are held to a less stringent pleading standard than complaints drafted by attorneys. See Wright v. Foreign Svc. Grievance Bd., Civil Action No. 06-0526, 2007 WL 2219317, at *4 (D.D.C. 2007). A court must accept all the factual allegations in the complaint as true when evaluating a motion to dismiss for lack of subject matter jurisdiction, see United States v. Gaubert, 499 U.S. 315, 327 (1991), but it may also consider certain materials beyond the pleadings in considering a motion to dismiss under Rule 12(b)(1). See Jerome Stevens Pharms., Inc. v. Food & Drug Admin., 402

7

F.3d 1249, 1253-54 (D.C. Cir. 2005). For example, "the court may consider the complaint

supplemented by undisputed facts evidenced in the record, or the complaint supplemented by

undisputed facts plus the court's resolution of disputed facts." Herbert v. Nat'l Acad. of

Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

### B. Motions to Dismiss Under Rule 12(b)(6)

The United States and the state of New Jersey also move to dismiss plaintiffs'

claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which allows dismissal of a

complaint if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P.

12(b)(6).

In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court

clarified the standard of pleading that a plaintiff must meet in order to survive a motion to

dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2)

requires only 'a short and plain statement of the claim showing that the pleader is entitled to

relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests[.]'" Id. at 1965 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also

Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Although "detailed factual allegations" are

not necessary to survive a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of

"entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a

formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 127

S. Ct. at 1964-65; see also Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court stated that

while there was no "probability requirement at the pleading stage," Bell Atlantic Corp. v.

8

Twombly, 127 S. Ct. at 1965, "something beyond . . . mere possibility . . . must be alleged[.]" Id.
at 1966. The facts alleged in the complaint "must be enough to raise a right to relief above the
speculative level," id. at 1965, or must be sufficient "to state a claim for relief that is plausible on
its face." Id. at 1974. The Court referred to this newly clarified standard as "the plausibility
standard." Id. at 1968 (abandoning the "no set of facts" language from Conley v. Gibson).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court
"must accept as true all of the factual allegations contained in the complaint." Erickson v.
Pardus, 127 S. Ct. at 2200; see also Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1965; Summit
Health, Ltd. v. Pinhas, 500 U.S. 322, 325 (1991). The complaint "is construed liberally in the
plaintiffs' favor, and [the Court should] grant plaintiffs the benefit of all inferences that can be
derived from the facts alleged." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276
(D.C. Cir. 1994); see also Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002); Sparrow v.
United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). While the complaint is to be
construed liberally in plaintiffs' favor, the Court need not accept inferences drawn by plaintiffs if
those inferences are unsupported by facts alleged in the complaint; nor must the Court accept
plaintiffs' legal conclusions. See Kowal v. MCI Communications Corp., 16 F.3d at 1276;
Browning v. Clinton, 292 F.3d at 242.

*Pro se* complaints are held to a less stringent standard than complaints drafted by
attorneys, see Erickson v. Pardus, 127 S.Ct. at 2200; Gray v. Poole, 275 F.3d 1113, 1116 (D.C.
Cir. 2002), but a *pro se* plaintiff's inferences "need not be accepted 'if such inferences are
unsupported by the facts set out in the complaint.'" Caldwell v. District of Columbia, 901 F.
Supp. 7, 10 (D.D.C. 1995) (quoting Henthorn v. Dept. of Navy, 29 F.3d 682, 684 (D.C. Cir.

9

1994)). "A *pro se* complaint, like any other, must state a claim upon which relief can be granted by the court." Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

### C. Motions to Dismiss Under Rules 12(b)(2) and 12(b)(3)

Defendants also move to dismiss plaintiffs' claims under Rule 12(b)(2) of the Federal Rules of Civil Procedure, for lack of personal jurisdiction, see U.S. Mot. at 1; Del. Mot. at 1, and under Rule 12(b)(3) of the Federal Rules of Civil Procedure, for improper venue. See Kan. Mot. at 1; N.J. Mot. at 2; N.C. Mot. at 1. Because the Court dismisses all claims under Rules 12(b)(1) or 12(b)(6), there is no need to address these alternative grounds for dismissal.

### IV. DISCUSSION

### A. Non-Tax Claims Against the United States

Throughout the Complaint, various plaintiffs assert various non-tax claims against the United States. As noted above, it is often difficult to tell which provisions of law underlie these claims, but the language of plaintiffs' Complaint often evokes the Fifth Amendment, 42 U.S.C. § 1983 and, perhaps, 42 U.S.C. § 1985(3). See, e.g., Compl. ¶ 13 (listing these and other provisions without reference to how they relate to the allegations); id. ¶ 53 (alleging that the United States' enforcement of the federal tax code resulted in compensable "seizure and taking of private property"); id. ¶ 66 (alleging that the United States' enforcement of the Federal Rules of Civil Procedure deprived plaintiff Phillippo Ali Dey of his due process and equal protection rights); id. ¶ 74 (accusing the United States of conspiring with Kansas to seize the property of plaintiffs Galen Renee Beach and Vickie Lynn Beach). Plaintiffs seek damages and/or "just compensation" under these provisions. Arguing that it is immune from suit, the United States

10

has moved to dismiss all non-tax claims for want of subject matter jurisdiction. See U.S. Mot. at

1 (arguing that "this Court lacks subject matter jurisdiction over plaintiff's . . . constitutional

claims, civil rights claims, and other statutory [i.e., non-tax] claims"). This Court concludes that

plaintiffs' claims against the United States must fail, although not necessarily for the reasons

cited by the government.

### 1.  Claims for Just Compensation

Several plaintiffs seek "Just Compensation," Compl. ¶ 100, apparently on the

theory that they have suffered prohibited "takings" under the Fifth Amendment by virtue of the

United States' enforcement of its tax laws.[3]  In essence, plaintiffs contend that they are entitled to

relief as a result of the United States' allegedly "unlawful, unauthorized and unreasonable" tax

collection and enforcement practices. See, e.g., Compl. ¶ 53; id. ¶ 80. The problem with these

claims is that they allege no more than that; there is no further indication of why plaintiffs think

the United States' behavior was unlawful. As discussed above, a plaintiff must furnish "more

than labels and conclusions" to survive a motion to dismiss, Bell Atlantic Corp. v. Twombly, 127

S. Ct. at 1964-65, and the facts alleged in the complaint must be sufficient "to state a claim for

relief that is plausible on its face." Id. at 1974.  Plaintiffs' naked assertions are far too conclusory

and formulaic to support any inference of illegality. See Kowal v. MCI Communications Corp.,

---

[3]      To the extent that this claim suggests that a generally applicable Internal Revenue
Code is per se unconstitutional, see, e.g., Compl. ¶¶ 18, 22, 23, 29, 36, 37, 40, 45, 46 and 48, the
claim must be rejected. "[T]he authority conferred upon Congress by § 8 of article 1 'to lay and
collect taxes, duties, imposts and excises' is exhaustive and embraces every conceivable power
of taxation," Brushaber v. Union Pac. R.R. Co., 240 U.S. 1, 12 (1916), and the Sixteenth
Amendment removed any doubts as to whether a uniform income tax violated other provisions of
the Constitution. Id. at 18.

16 F.3d at 1276; Browning v. Clinton, 292 F.3d at 242.  In the absence of any allegations

suggesting that the United States truly did engage in unlawful behavior, plaintiffs' assertions are

simply not plausible.

It is beyond dispute that the mere enforcement of a generally applicable tax code,

without more, rarely constitutes a "taking" in violation of the Fifth Amendment.  See Brushaber

v. Union Pac. R.R. Co., 240 U.S. at 12; Coleman v. C.I.R., 791 F.2d 68, 70 (7th Cir. 1986); see

also Van Sant v. United States, Civil Action No. 97-363, 2001 WL 1729633, at *6 (D.D.C. Dec.

28, 2001); Skillo v. United States, 68 Fed. Cl. 734, 743 (2005).  And plaintiffs have failed to

state their just compensation claims in a way that would support an inference that the United

States has gone beyond such routine enforcement of its tax laws, thereby effecting a taking.

Indeed, plaintiffs seem to be arguing that such routine government activity *always* amounts to a

taking.  See, e.g., Compl. ¶ 49 (suggesting that merely attaching exhibits documenting

government activity, without explaining what makes that activity unlawful, suffices to establish

that a violation has occurred); id. Ex. B (exhibit supposedly illustrating *unlawful* tax collection

practices titled "Documentation of *Enforcement* of United States of America Internal Revenue

Code Title 26 USC") (emphasis added).  Plaintiffs' claims for just compensation are dismissed

under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

2.  Claims for Damages

Several plaintiffs also seek damages against the United States for its enforcement

of certain laws and, perhaps, rules of civil procedure.  See, e.g., Compl. ¶ 77.  They appear to

base their claims on the Fifth Amendment, 42 U.S.C. § 1983, and 42 U.S.C. § 1985(3).  In

addition, as mentioned above, plaintiff Phillippo Ali Dey seeks damages directly under the Fifth

Amendment on the theory that the United States' enforcement of the Federal Rules of Civil

Procedure deprived him of his due process and equal protection rights.

These damages claims must fail for a simple reason: Congress has never waived

the United States' sovereign immunity for such claims. See, e.g., Hurt v. U.S. Marshals Svc.,

210 Fed. Appx. 13, 13 (D.C. Cir. 2006); Clark v. Library of Congress, 750 F.2d 89, 103-04 n.31

(D.C. Cir. 1984); Falck v. I.R.S., Civil Action No. 06-2269, 2007 WL 1723675, at *2 (D.D.C.

June 14, 2007). "Our Circuit has found that Congress has not waived immunity for suits seeking

monetary damages that arise under the Constitution." Jackson v. Bush, 448 F. Supp. 2d 198,

201 (D.D.C. 2006). Since "[s]overeign immunity bars all suits against the United States . . .

except when there has been a statutory waiver of such immunity," these claims cannot survive a

motion to dismiss. Rodriguez ex rel. Rodriguez-Hazbun v. Nat'l Ctr. for Missing & Exploited

Children, Civil Action No. 03-120, 2005 WL 736526, at *8 (D.D.C. Mar. 31, 2005) (citing

United States v. Mitchell, 445 U.S. 535, 538 (1980)).[4] Plaintiffs' constitutional damages claims

against the United States are dismissed for lack of subject matter jurisdiction pursuant to Rule

12(b)(1) of the Federal Rules of Civil Procedure.

---

[4]     Nor may plaintiffs rely on the doctrine of Bivens v. Six Unknown Named Agents
of Federal Bureau of Narcotics, 403 U.S. 388 (1999). While that doctrine allows plaintiffs to
bring damages suits against federal officials directly under the Constitution for certain types of
constitutional violations, see Davis v. Passman, 442 U.S. 228, 248-49 (1979) (implying Fifth
Amendment cause of action against government officials), it does not permit damages suits
against the United States government itself. See F.D.I.C. v. Meyer, 510 U.S. 471, 484-86 (1994).

13

Plaintiffs' reliance on 42 U.S.C. §§ 1983 and 1985(3) also is misplaced.[5] These

provisions neither authorize suits challenging actions taken under color of *federal* law, see, e.g.,

Meyer v. Reno, 911 F. Supp. 11, 14 n.1 (D.D.C. 1996), nor waive the United States' sovereign

immunity. See Mousseaux v. United States, 28 F.3d 786, 787 (8th Cir. 1994); Morpurgo v. Bd.

of Higher Ed. in City of New York, 423 F. Supp. 704, 714 (S.D.N.Y. 1976) (observing that the

federal government may not be sued under Sections 1983 and 1985(3) "both because it is not a

'person' and because these provisions do not waive sovereign immunity"). Both statutes are

addressed to state action, not federal action, and to persons, not governments. Thus, plaintiffs'

statutory damages claims against the United States are dismissed for lack of subject matter

---

[5]       42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or
> other person within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress . . . .

42 U.S.C. § 1983.

       42 U.S.C. § 1985(3) provides, in relevant part:

> If two or more persons in any State or Territory conspire or go in disguise
> on the highway or on the premises of another, for the purpose of depriving,
> either directly or indirectly, any person or class of persons of the equal
> protection of the laws, or of equal privileges and immunities under the
> laws . . . the party so injured or deprived may have an action for the
> recovery of damages occasioned by such injury or deprivation, against any
> one or more of the conspirators.

42 U.S.C. § 1985(3).

jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### B. Tax Claims Against the United States

### 1. Claims for Damages

Plaintiffs Phillip Allen Dye, Rebecca Jane Dye, Galen Renee Beach and Vickie

Lynn Beach appear to seek damages against the United States pursuant to 26 U.S.C. § 7433. See

Compl. ¶ 13 (listing that statute as grounds for relief); id. ¶¶ 53, 80 (alleging unlawful "tax

collection practices"); id. ¶ 100 (requesting damages). That statute is a limited waiver of the

United States' sovereign immunity and allows aggrieved taxpayers to sue for certain unlawful

collection practices.[6] The United States argues that plaintiffs' claims should be dismissed

---

[6]     The statute provides, in relevant part:

> (a) If, in connection with any collection of Federal tax with respect to a
> taxpayer, any officer or employee of the Internal Revenue Service
> recklessly or intentionally, or by reason of negligence disregards any
> provision of this title, or any regulation promulgated under this title, such
> taxpayer may bring a civil action for damages against the United States in
> a district court of the United States. Except as provided in section 7432,
> such civil action shall be the exclusive remedy for recovering damages
> resulting from such actions.
>
> (b) In any action brought under subsection (a) or petition filed under
> subsection (e), upon a finding of liability on the part of the defendant, the
> defendant shall be liable to the plaintiff in an amount equal to the lesser of
> $1,000,000 ($100,000, in the case of negligence) or the sum of --
>
> (1) actual, direct economic damages sustained by the plaintiff as a
> proximate result of the reckless or intentional or negligent actions of the
> officer or employee, and
>
> (2) the costs of the action.
>
> . . .

15

because plaintiffs failed to meet one of the statute's procedural prerequisites: filing an

administrative claim pursuant to 26 U.S.C. § 7433(d)(1). See Mem. of Points and Authorities in

Supp. of United States' Mot. to Dismiss at 1-4. Plaintiffs do not deny that they failed to file an

administrative claim for damages as required by statute. See Pls.' Opp.

      The United States maintains that such a failure "deprives a court of jurisdiction,"

Mem. of Points and Authorities in Supp. of United States' Mot. to Dismiss at 3, and therefore

requires this Court to dismiss for lack of subject matter jurisdiction. For reasons more

thoroughly explained by Judge Walton in Lindsey v. United States, 448 F. Supp. 2d 37, 52-55

(D.D.C. 2006), however, the Court concludes that in an action for *damages* under 26 U.S.C.

§ 7433, a plaintiff's failure to seek or exhaust administrative remedies is properly raised through

a motion to dismiss for failure to state a claim under Rule 12(b)(6), not for lack of subject matter

jurisdiction under Rule 12(b)(1). See also Arbaugh v. Y & H Corp., 546 U.S. 500, 515-16

(2006) (explaining difference between jurisdictional and non-jurisdictional limitations on a

statute's coverage, and admonishing lower courts to "treat [a] restriction as nonjurisdictional in

character" absent clear textual evidence to the contrary); Avocados Plus, Inc. v. Veneman, 370

F.3d 1243, 1248 (D.C. Cir. 2004) (arguing that federal courts should "presume exhaustion is

non-jurisdictional unless 'Congress states in clear, unequivocal terms that the judiciary is barred

---

(d) Limitations. --

(1) Requirement that administrative remedies be exhausted. -- A judgment
for damages shall not be awarded under subsection (b) unless the court
determines that the plaintiff has exhausted the administrative remedies
available to such plaintiff within the Internal Revenue Service.

26 U.S.C. § 7433.

from hearing an action until the administrative agency has come to a decision'" (quoting I.A.M.

Nat'l Pension Fund Benefit Plan C v. Stockton Tri Indus., 727 F.2d 1204, 1208 (D.C. Cir.

1984))); Turner v. United States, 429 F. Supp. 2d 149, 154-55 (D.D.C. 2006) (concluding that 26

U.S.C. § 7433(d)(1)'s exhaustion requirement is non-jurisdictional). Accordingly, the Court

construes defendant's motion to dismiss plaintiffs' damages claims under the Tax Code as a

motion to dismiss under Rule 12(b)(6).

   The Court concludes that plaintiffs have failed to state a claim upon which this

Court may grant relief because they have failed to seek or exhaust their administrative remedies

as required by 26 U.S.C. § 7433(d)(1). See, e.g., Speelman v. United States, 461 F. Supp. 2d 71,

74 (D.D.C. 2006); Masterson v. United States, Civil Action No. 05-1807, 2006 WL 1102802, at

*2-3 (D.D.C. April 26, 2006). Accordingly, this Court will dismiss plaintiffs' damages claims

under Rule 12(b)(6).

2. Claims for Refunds

   Plaintiffs Phillip Allen Dye, Rebecca Jane Dye, Galen Renee Beach and Vickie

Lynn Beach also appear to seek refunds of taxes collected by the United States. See Compl.

¶ 98-3. That relief is clearly barred by 26 U.S.C. § 7422, which provides in pertinent part:

> No suit or proceeding shall be maintained in any court for the
> recovery of any internal revenue tax alleged to have been
> erroneously or illegally assessed or collected . . . until a claim for
> refund or credit has been duly filed with the Secretary [of the
> Treasury], according to the provisions of law in that regard, and the
> regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). As noted above, it does not appear that plaintiffs have pursued any

administrative remedies. Plaintiffs' failure to file an administrative claim for a *refund* deprives

17

the Court of subject matter jurisdiction. See Comm'r of Internal Revenue Serv. v. Lundy, 516

U.S. 235, 240 (1996) (noting that "timely filing of a refund claim is a jurisdictional prerequisite

to bringing [a refund] suit"); Mason v. United States, Civil Action No. 00-272, 2001 WL

241799, at *1 (D.C. Cir. Feb. 2, 2001); Lindsey v. United States, 448 F. Supp. 2d at 51-52.

Accordingly, the Court dismisses plaintiffs' claims for a refund under Rule 12(b)(1) of the

Federal Rules of Civil Procedure. See Speelman v. United States, 461 F. Supp. 2d at 74-75;

Lindsey v. United States, 448 F. Supp. 2d at 60-61.

### 3. Claims for Declaratory and Injunctive Relief

Plaintiffs Phillip Allen Dye, Rebecca Jane Dye, Galen Renee Beach and Vickie

Lynn Beach also request declaratory and injunctive relief against the assessment and collection of

taxes by the United States. See, e.g., Compl. ¶ 98-1 (requesting declaratory relief); id. ¶ 98-2

(requesting injunctive relief). The Court concludes that it is without subject matter jurisdiction to

grant either type of relief.

The power to grant declaratory relief in the federal courts is governed by the

Declaratory Judgment Act, 28 U.S.C. § 2201. That statute provides, in relevant part:

> In a case of actual controversy within its jurisdiction, *except with
> respect to Federal taxes other than actions brought under section
> 7428 of the Internal Revenue Code of 1986* . . . any court of the
> United States, upon the filing of an appropriate pleading, may
> declare the rights and other legal relations of any interested party
> seeking such declaration, whether or not further relief is or could
> be sought.

28 U.S.C. § 2201(a) (emphasis added). In view of this express statutory language, this Court has

no jurisdiction to grant the declaratory relief plaintiffs seek. Those claims are dismissed under

18

Rule 12(b)(1) of the Federal Rules of Civil Procedure.  See Speelman v. United States, 461 F.

Supp. 2d at 75; Lindsey v. United States, 448 F. Supp. 2d at 58.

Plaintiffs' requests for injunctive relief are no more availing.  Suits for injunctive

relief against tax assessment or collection run afoul of the Tax Code's Anti-Injunction Act, 26

U.S.C. § 7421, which provides in relevant part:

> Except as provided in sections 6015(e), 6212(a) and (c), 6213(a),
> 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a)
> and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining
> the assessment or collection of any tax shall be maintained in any
> court by any person, whether or not such person is the person
> against whom such tax was assessed.

26 U.S.C. § 7421(a).  In essence, the Act bars claims seeking to enjoin the government from

assessing or collecting federal taxes, see Enochs v. Williams Packing & Navigation Co., 370

U.S. 1, 5 (1962) (stating that "[t]he object of § 7421(a) is to withdraw jurisdiction from the state

and federal courts to entertain suits seeking injunctions prohibiting the collection of federal

taxes"), unless those claims arise under one of the provisions enumerated in Section 7421.[7]

Thus, the Court has no jurisdiction to grant the injunctive relief plaintiffs seek.  Those claims are

dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  See Speelman v. United

States, 461 F. Supp. 2d at 75; Lindsey v. United States, 448 F. Supp. 2d at 59-60.

---

[7]    Courts have recognized two exceptions to this otherwise categorical rule:
injunctive relief may be available if "the plaintiff has no alternative legal avenue for challenging
a tax," South Carolina v. Regan, 465 U.S. 367, 373 (1984), or if the plaintiff "(1) [is] certain to
succeed on the merits, and (2) [can] demonstrate that collection [of the tax] would cause him
irreparable harm." Id. at 374.  Plaintiffs rely on neither exception, and the pleadings suggest that
neither applies.  For example, it is by no means clear that plaintiffs will suffer irreparable
injuries, and they certainly have alternative remedies: they may seek administrative review.

19